## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JAMES RANDALL, Individually and on
behalf of persons similarly situated          §
                                              §
Plaintiff,                                    §
                                              §
v.                                            §
                                              §   CIVIL ACTION NO._____
ALLY FINANCIAL INC.,                          §
                                              §
Defendant.                                    §
                                              §
                                              §

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1453, and 1711-1715,

Defendant Ally Financial Inc. ("Ally") hereby removes this case from the Suffolk County Superior

Court, Massachusetts, to this Court. Jurisdiction is proper in this Court on the basis of the Class

Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453 and 1711-1715 ("CAFA"). In support of this

Notice of Removal, Ally states as follows:

### I.      FACTUAL AND PROCEDURAL BACKGROUND

1.      On or about July 16, 2018, Plaintiff commenced Case No. 1884CV02201, *James

Randall v. Ally Financial Inc.,* in the Suffolk County Superior Court, Massachusetts (the "State

Court Action"). A copy of the Complaint ("Complaint") is attached as **Exhibit 1.**

2.      On July 30, 2018, Ally was served with summons and a copy of the Complaint in

the State Court Action.

3.      Plaintiff is a resident of North Adams, Berkshire County, Massachusetts. Compl.

¶ 1.

4.      Ally is a Delaware corporation headquartered in Detroit, Michigan.   Compl. ¶ 2.

5.      Plaintiff asserts a claim for a violation of the Massachusetts Commercial Code, Compl. ¶¶ 23-29, and plans to amend his Complaint to add a violation of the Massachusetts Consumer Protection Act, *id.* ¶ 30.

6.      Plaintiff seeks monetary relief for "minimum and statutory damages" as permitted under Massachusetts law."  Compl. Prayer for Relief.   Plaintiff alleges that a violation of the Massachusetts Commercial Code "gives rise to a claim for damages in a minimum amount of the credit service charge plus 10 percent of the principal amount of the obligation."  Compl. ¶ 29.  The finance charge on Plaintiff's loan is $3,444.14,  and the principal obligation is $10,937.50.  *See* **Exhibit 2** (Plaintiff's Retail Installment Sale Contract).  Accordingly, Plaintiff seeks minimum individual damages of $4,537.89.

7.      Plaintiff also seeks declaratory relief that declares his deficiency loan balance unenforceable, and "such other relief as the Court deems just."  Compl. Prayer for Relief.

8.      Plaintiff seeks to represent a putative class of similarly-situated Massachusetts residents to whom Ally sent a "notice identical and/or substantially similar to the Repossession Notice" Plaintiff received.  Compl. ¶ 14.  Randall alleges that the class encompasses at least 40 customers.  *Id.* ¶ 16.

## II.     BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

9.      A class action may be removed under the Class Action Fairness Act "(CAFA")  when: (1) there is minimal diversity *(i.e.,* the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class members' aggregated claims exceeds $5 million exclusive of interest and costs, 28 U.S.C.

§ 1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A); and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b).

10.     "Minimal Diversity" Exists. "Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Ally is a Delaware corporation with its principal place of business in Michigan. The named Plaintiff is a resident of Massachusetts. Thus, minimal diversity exists between the parties.

11.     The Putative Class Consists of More Than 100 Members. Plaintiff asserts that there are at least 40 members of the putative class. Compl. ¶ 16. Based on Ally's preliminary investigation of the putative class, the class as alleged includes in excess of at least 1,500 customers. *See* **Exhibit 3**, Declaration of Robert Preston, ¶ 4.

12.     As Alleged, the Aggregate Amount In Controversy Exceeds $5,000,000. Based on Ally's preliminary investigation of the putative class, the class as alleged includes in excess of at least 1,500 customers. *See* **Exhibit 3**, Declaration of Robert Preston, ¶ 4. If Plaintiff's claim is at all typical of the claims of absent class members, as Plaintiff alleges, Compl. ¶ 18, then the amount in controversy is clearly met. Plaintiff claims entitlement to at least $4,537.89 in damages. Compl. ¶ 29. If the class consists of at least 1500 members, and Plaintiff prevails on his theory of damages, then the amount in controversy would easily exceed $5 million.[1]

13.     The Defendant Is Not a State or State Official. Ally, the only defendant named in this action, is not a state or state official.

---

[1] Ally does not concede and reserves the right to challenge Plaintiff's theory of liability and damages. *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

14.     Removal Is Timely.  Ally removed this action within 30 days of being served with the summons and Complaint.

## III.   PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

15.     This action has not previously  been removed to federal court.

16.     As noted, this Notice of Removal is timely  pursuant to 28 U.S.C. § 1446(b), which provides that such Notices "shall be filed within  thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial  pleading setting forth the claim upon which such action or proceeding is based." Ally filed this Notice of Removal within 30 days of July 30, 2018, the date on which Ally was served with the Complaint.  Accordingly, this action is being removed within 30 days of the first date after the receipt by Ally of service of any paper giving  it notice that the action was removable.

17.     Notice has been sent to the state court regarding the removal of this action.

18.     Pursuant to 28 U.S.C. § 1446(a),  a true and correct copy of all of the process, pleadings,  and orders served upon Ally in the State Court Action are attached hereto as **Exhibit 4.**

19.     Venue is proper in this Court.  Pursuant to 28 U.S.C. § 1441(a),  removal to this Court is appropriate because it is the "district court of the United States for the district and division embracing the place where [this] action is pending."

20.     Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Ally of any fact, of any validity  or merits of any of Plaintiff's claims, causes of action, theory of damages, and allegations,  or of any liability  for the same, all of which are hereby expressly denied, or as any type of express or implied  waiver or limitation  of any of Ally's rights, claims, remedies, and defenses in connection with this action, all of which are

4

hereby fully and expressly reserved. Ally expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

WHEREFORE, Ally respectfully requests that the above-captioned action now pending in State Court be removed to this United States District Court.

Dated: August 29, 2018                              Respectfully submitted,

/s/ Nellie E. Hestin

Nellie E. Hestin (BBO #676886)
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222-3142
(412) 667-6000
(412) 667-6050 (Fax)
nhestin@mcguirewoods.com

Counsel for Defendant
Ally Financial Inc.

## <u>CERTIFICATE OF SERVICE</u>

I, Nellie E. Hestin, counsel for Defendant Ally Financial Inc. hereby certify that on August

29, 2018, I caused a true and correct copy of the foregoing Notice of Filing of Removal to be

served via U.S. Mail upon:


Raven Moeslinger
Attorney & Counselor At Law
Law Office of Nicholas F. Ortiz, P.C.
99 High Street, Suite 304
Boston, MA 02110
Email: rm@mass-legal.com


*/s/ Nellie E. Hestin*
Nellie E. Hestin
