# **Exhibit 1**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT
DEPARTMENT OF
THE TRIAL COURT

JAMES RANDALL,
Individually and on behalf of a class
of persons similarly situated,

Plaintiff,

v.

ALLY FINANCIAL INC.,

Defendant.

C.A. No.

# CLASS ACTION COMPLAINT

## I. INTRODUCTION

This is an action brought on behalf of James Randall and a putative class of Massachusetts consumers similarly injured by the unlawful debt collection and car repossession practices of the defendant, Ally Financial Inc. ("Ally"). After repossessing the plaintiff's and other class members' vehicles, Ally sent them form post-repossession notices that failed to include key provisions required by law. The failure to provide a consumer with all appropriate repossession notices and information required by Massachusetts law gives rise to statutory and other damages.

## II. PARTIES

1. The Plaintiff, James Randall, resides in North Adams, Massachusetts.

2. The Defendant, Ally Financial Inc., is a credit lender with a principal office located at 500 Woodward Ave Detroit, MI 48226 and registered agent, CT Corporation System, located at 155 Federal St., Suite 700, Boston, Massachusetts 02110.

## III. JURISDICTION AND VENUE

3. Jurisdiction and venue is proper in this Court as the Defendant is a corporation subject to suit under M.G.L. c. 223 §§ 1, 8 and has a registered agency in Suffolk County.

## IV. STATEMENT OF FACTS

4. Ally is a credit lender that enters into many types of consumer loans, including auto loans in Massachusetts.

5. On or around March 16, 2017, Mr. Randall entered into a loan agreement with Ally for the purchase of a Jeep Grand Cherokee (the "vehicle" or "automobile").

6. The loan agreement included an amount financed of $10,937.50.

7. The debt was incurred by Mr. Randall for primarily personal, family, or household purposes.

8. The purchase of the vehicle was a consumer-goods transaction, as defined in M.G.L. c. 106, § 9-102(24).

9. On or about October 26, 2017, Ally repossessed the automobile.

10. On or around April 19, 2018, Ally sent Mr. Randall a notice (the "Repossession Notice") advising him of the repossession and of its intent to sell the vehicle. *See* Exhibit A, Repossession Notice.

11. The Repossession Notice erroneously states that "[t]he money that [Ally] get[s] from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you may still owe us the difference." Massachusetts law, however, requires that consumers be given explicit notice that the fair market value of the vehicle, not the sale price, will be deducted from the amount they would owe on their loans after the sale of their vehicle.

12. On information and belief, Ally sent form notices to at least 40 other

Massachusetts consumers that were identical and/or substantially similar to the Repossession Notice attached as Exhibit A, and which also failed to comply with Massachusetts law, in the four years preceding the date of the filing of this Complaint.

## V. CLASS ALLEGATIONS

13. Mr. Randall brings this action on behalf of a class of all other Ally customers so similarly situated.

14. The class consists of all persons to whom Ally sent a notice identical and/or substantially similar to the Repossession Notice attached as Exhibit A at any time during the four-year period prior to the commencement of this action.

15. The class is sufficiently numerous that joinder of all members is impracticable.

16. On information and belief, the class encompasses at least 40 customers.

17. There are questions of law and fact which are common to all members of the classes. These questions predominate over any question affecting only individual class members. The gravamen of this complaint is based on the form post-repossession notices and which were sent to all potential class members and loan interest rates that affected them in a similar manner.

18. Mr. Randall's claims are typical of the claims of members of the class as all claims are based on the same factual and legal theories.

19. Mr. Randall will fairly and adequately represent the interests of class members. Mr. Randall has no conflict with any members of the class and is capable and willing to serve as a class representative. He has retained counsel competent and experienced in class action litigation.

20. Certification of this class pursuant to Mass. R. Civ. P. 23 is appropriate. Common questions of law and fact predominate over individual questions. Among the questions of law and fact common to Mr. Randall and the class are:

a. Whether Ally failed to provide consumers with the rights and disclosures mandated by the Massachusetts Uniform Commercial Code;

b. Whether Ally failed to provide the description of the borrower's liability for a deficiency, violating UCC § 9-614(1)(B); and

c. Whether Ally breached its duty of good faith in violation of M.G.L. c. 106 § 1-304.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

a. The individual class members are not aware that they have been wronged and are thus unable to prosecute individual actions;

b. A failure of justice will result from the absence of a class action;

c. Concentration of the litigation concerning this matter in this Court is desirable;

d. Class treatment is highly efficient given the use of common forms and procedures;

e. The amounts at issue for individual class members are not substantial enough to make individual actions economic; and

f. The class is of moderate size and no difficulties are likely to be encountered in the management of a class action.

## VI. CAUSES OF ACTION

## CLASS ACTION CAUSES OF ACTION

22. For all counts that follow, the Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

**COUNT I**
**Violation of the Massachusetts Commercial Code**
**(Against Ally)**

23. Article 9 of the Massachusetts Commercial Code, M.G.L. c. 106 § 9-101 *et seq.*, imposes duties on lenders who receive or retain security interests in personal property and conduct private repossessions of that property without first obtaining writ of replevin or other appropriate court order.

24. By entering into a loan agreement, Ally engaged in a "consumer-goods transaction" for purposes of M.G.L. c. 106 § 9-102(24).

25. After repossessing Mr. Randall's car and before selling it, Ally had the duty to comply with the notice provisions of M.G.L. c. 106 § 9-614.

26. Pursuant to M.G.L. c. 106 § 9-614(1), in a consumers-goods transaction, a post-repossession, pre-sale notification must provide the following information:

a. The information specified in Section 9-613(1);

b. A description of any liability for a deficiency of the person to which the notification is sent;

c. A telephone number from which the amount that must be paid the secured party to redeem the collateral under Section 9-623 is available;

d. A telephone number or mailing address from which additional information concerning the disposition and the obligation secured is available.

27. Section 9-614 incorporates a list of information in Section 9-613(1), which states that a notice must:

a. Describe the debtor and the secured party;

b. Describe the collateral that is the subject of the intended disposition;

c. State the method of intended disposition;

d. State that the debtor is entitled to an accounting of the unpaid indebtedness and states the charge, if any, for an accounting; and

e. State the time and place of a public disposition or the time after which any other disposition is to be made.

28. Ally failed to comply with Article 9 by incorrectly describing class members' potential liability for a deficiency, giving rise to a claim for minimum and statutory damages as provided by the statute.

29. M.G.L. c. 106 § 9-625(c)(2) states that any violation of Article 9 gives rise to a claim for damages in a minimum amount of the credit service charge plus 10 per cent of the principal amount of the obligation.

**COUNT II**
**Violation of the Massachusetts Consumer Protection Act**

30. The plaintiff, on his behalf and on behalf of class members, intends to assert a claim under M.G.L. c. 93A, the Massachusetts Consumer Protection Act, which makes it unlawful to engage in any "[u]nfair methods of competition or deceptive acts or practices in the conduct of any trade or commerce." M.G.L. c. 93A, § 2(1); *see also* M.G.L. c. 176D, §§ 2–3. The plaintiff has made a demand on Defendant in satisfaction of M.G.L. c. 93A, § 9(3), and will amend this Complaint to assert claims under Chapter 93A once the required 30 days have elapsed. This paragraph is included for purposes of notice only and is not intended to assert a claim under Chapter 93A.

WHEREFORE, the Plaintiff, Mr. Randall, prays that the Court:

1. Certify this case as a class action pursuant to Mass. R. Civ. P. 23;

2. Appoint Mr. Randall as class representative and the undersigned as class counsel;
3. Enter judgment against Ally for minimum and statutory damages pursuant to Article 9 of the Massachusetts Commercial Code on behalf of the plaintiff and class members;
4. Bar and declare unenforceable any deficiency loan balances owed by class members to Ally for its violations of Article 9 of the Massachusetts Commercial Code; and
5. Grant such other relief as the Court deems just.

Respectfully submitted,

JAMES RANDALL,
By his attorneys,

Raven Moeslinger (BBO# 687956)
Nicholas F. Ortiz (BBO# 655135)
Law Office of Nicholas F. Ortiz, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617) 338-9400
rm@mass-legal.com

Dated: July 14, 2018

# EXHIBIT A



P.O. Box 380903
Bloomington, MN 55438-0903
(877) 845-8882

October 30, 2017



JAMES A RANDALL JR.
960 RESERVOIR RD
NORTH ADAMS, MA 012473754

## NOTICE OF OUR PLAN TO SELL PROPERTY

Subject: Account Number 628926143201

We have your vehicle (a 2009 JEEP GRAND CHEROK with VIN 1J8GR48K69C524372), because you broke promises in our agreement.

We will sell your vehicle at private sale sometime after November 14, 2017. A sale could include a lease.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. You can also get it back for less (see below). To learn the exact amount you must pay, call us at the telephone number at the top of this letter.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at the telephone number at the top of this letter or write us at the address at the top of this letter and request a written explanation.

If you need more information about the sale, call us at the telephone number at the top of this letter, or write us at the address at the top of this letter.

We are sending this notice to the following other people who have an interest in your vehicle or who owe money under your agreement:

None

#E-943952-00127

**Additional Information:**

In addition to being able to get your vehicle back by paying the full amount you owe, you can also get it back any time before we sell it by paying all past due payments, late charges, and expenses. You must also provide proof of the physical damage insurance your contract requires. Then you must start making your payments again. As of the date of this letter, you must pay:

| | | |
|---|---|---|
| Past due payments (1 of $216.56 and 2 of $228.28) | $ | 673.12 |
| Late charges | + | 45.05 |
| Expenses (Retaking and holding the vehicle $632.00) | + | 632.00 |
| TOTAL | $ | 1,350.17 |

The longer you wait, the more you may have to pay to get your vehicle back. Only reasonable expenses may be charged. They must be the direct result of taking, storing, and selling the vehicle. We may also charge you the costs of getting it ready for sale and reasonable attorney fees, as the law permits.

You must pay the amount required by cashier's check sent to Ally Financial at the address at the top of this letter by mail or use the services of Western Union or MoneyGram.

Your vehicle and personal property, if any will be at Mastria Towing and Recovery, 1255 New State Hwy Rt 44, Raynham, MA, 02767. They will retain the personal property for at least 60 days after the date the vehicle was repossessed and may then discard it. Please be advised that the company holding your personal property may impose a charge on you, as may be permitted by law, to release the personal property to you. This is not a charge imposed by us and you should contact them for more information. We may move the vehicle, however, to an alternate location of Adesa - Boston, 63 Western Ave., Framingham, MA, 01702 for storage and/or in preparation for sale. You must call us to confirm the vehicle location and to obtain authorization for admittance to either of these locations if you want to see the vehicle or to retrieve it if you do what is required to get it back.

We must send you any extra money owed to you from the sale of your vehicle within a reasonable time. If you do not get the money, you may have the right to sue for it plus any penalties fixed by law.

If you do not do what is required to get your vehicle back, by November 14, 2017, we will cancel any optional insurance, maintenance, service or other contract/policy that is part of your contract. Make sure any other coverage you no longer want is canceled, by calling the insurance company or the dealer to do this. You have a right to credit for any refunds.





Contact us at the telephone number at the top of this letter for more information about getting back the vehicle or for more information about any personal property that you think might have been in the vehicle, if any.

Sincerely,
Ally Financial