UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| JAMES RANDALL,<br>  Individually and on behalf of a class<br>  of persons similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC.,<br><br>      Defendant. | C.A. No. 3:18-CV-30143-MGM |

_____

**FIRST AMENDED CLASS ACTION COMPLAINT**

## I.     INTRODUCTION

This is an action brought on behalf of James Randall and a putative class of Massachusetts consumers similarly injured by the unlawful debt collection and car repossession practices of the defendant, Ally Financial Inc. ("Ally").  After repossessing the plaintiff's and other class members' vehicles, Ally sent them form post-repossession notices that failed to include key provisions required by law.  The failure to provide a consumer with all appropriate repossession notices and information required by Massachusetts law gives rise to statutory and other damages.

## II.     PARTIES

1.     The Plaintiff, James Randall, resides in North Adams, Massachusetts.

2.     The Defendant, Ally Financial Inc., is a credit lender with a principal office located at 500 Woodward Ave Detroit, MI 48226 and registered agent, CT Corporation System, located at 155 Federal St., Suite 700, Boston, Massachusetts 02110.

## III.     JURISDICTION AND VENUE

3.      Jurisdiction and venue is proper in this Court as the Defendant is a corporation subject to suit under M.G.L. c. 223 §§ 1, 8 and has a registered agency in Suffolk County.

## IV.    STATEMENT OF FACTS

4.      Ally is a credit lender that enters into many types of consumer loans, including auto loans in Massachusetts.

5.      On or around March 16, 2017, Mr. Randall entered into a loan agreement with Ally for the purchase of a Jeep Grand Cherokee (the "vehicle" or "automobile").

6.      The loan agreement included an amount financed of $10,937.50.

7.      The debt was incurred by Mr. Randall for primarily personal, family, or household purposes.

8.      The purchase of the vehicle was a consumer-goods transaction, as defined in M.G.L. c. 106, § 9-102(24).

9.      On or about October 26, 2017, Ally repossessed the automobile.

10.     On or around April 19, 2018, Ally sent Mr. Randall a notice (the "Repossession Notice") advising him of the repossession and of its intent to sell the vehicle. *See* Exhibit A, Repossession Notice.

11.     The Repossession Notice erroneously states that "[t]he money that [Ally] get[s] from the sale (after paying our costs) will reduce the amount you owe.  If we get less money than you owe, you may still owe us the difference."   Massachusetts law, however, requires that consumers be given explicit notice that the fair market value of the vehicle, not the sale price, will be deducted from the amount they would owe on their loans after the sale of their vehicle.

12.     On information and belief, Ally sent form notices to at least 40 other Massachusetts consumers that were identical and/or substantially similar to the Repossession

Notice attached as <u>Exhibit A</u>, and which also failed to comply with Massachusetts law, in the four years preceding the date of the filing of this Complaint.

## V.     CLASS ALLEGATIONS

13.     Mr. Randall brings this action on behalf of a class of all other Ally customers so similarly situated.

14.     The class consists of all persons to whom Ally sent a notice identical and/or substantially similar to the Repossession Notice attached as <u>Exhibit A</u> at any time during the four-year period prior to the commencement of this action.

15.     The named plaintiff meets the requirements of M.G.L. c. 93A, § 9 to pursue this case on behalf of himself and others similarly situated.  The classes he seeks to represent are similarly situated because they were subjected to the same post-repossession practices.

16.     The plaintiff and class also meet the requirements of Mass. R. Civ. P. 23 to pursue this action as a class action.

17.     The class is sufficiently numerous that joinder of all members is impracticable.

18.     On information and belief, the class encompasses at least 40 customers.

19.     There are questions of law and fact which are common to all members of the classes.   These questions predominate over any question affecting only individual class members. The gravamen of this complaint is based on the form post-repossession notices and which were sent to all potential class members and loan interest rates that affected them in a similar manner.

20.     Mr. Randall's claims are typical of the claims of members of the class as all claims are based on the same factual and legal theories.

21.     Mr. Randall will fairly and adequately represent the interests of class members. Mr. Randall has no conflict with any members of the class and is capable and willing to serve as a class representative.  He has retained counsel competent and experienced in class action litigation.

22.     Certification of this class pursuant to Mass. R. Civ. P. 23 is appropriate. Common questions of law and fact predominate over individual questions. Among the questions of law and fact common to Mr. Randall and the class are:

    a.  Whether Ally failed to provide consumers with the rights and disclosures mandated by the Massachusetts Uniform Commercial Code;

    b.  Whether Ally failed to provide the description of the borrower's liability for a deficiency, violating UCC § 9-614(1)(B); and

    c.  Whether Ally breached its duty of good faith in violation of M.G.L. c. 106 § 1-304.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

    a.  The individual class members are not aware that they have been wronged and are thus unable to prosecute individual actions;

    b.  A failure of justice will result from the absence of a class action;

    c.  Concentration of the litigation concerning this matter in this Court is desirable;

    d.  Class treatment is highly efficient given the use of common forms and procedures;

    e.  The amounts at issue for individual class members are not substantial enough to make individual actions economic; and

    f.  The class is of moderate size and no difficulties are likely to be encountered in the management of a class action.

## VI. <u>CAUSES OF ACTION</u>

### CLASS ACTION CAUSES OF ACTION

24.     For all counts that follow, the Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

### COUNT I
### Violation of the Massachusetts Commercial Code
### (Against Ally)

25.     Article 9 of the Massachusetts Commercial Code, M.G.L. c. 106 § 9-101 *et seq.*, imposes duties on lenders who receive or retain security interests in personal property and conduct private repossessions of that property without first obtaining writ of replevin or other appropriate court order.

26.     By entering into a loan agreement, Ally engaged in a "consumer-goods transaction" for purposes of M.G.L. c. 106 § 9-102(24).

27.     After repossessing Mr. Randall's car and before selling it, Ally had the duty to comply with the notice provisions of M.G.L. c. 106 § 9-614.

28.     Pursuant to M.G.L. c. 106 § 9-614(1), in a consumers-goods transaction, a post-repossession, pre-sale notification must provide the following information:

      a.     The information specified in Section 9-613(1);

      b.     A description of any liability for a deficiency of the person to which the notification is sent;

      c.     A telephone number from which the amount that must be paid the secured party to redeem the collateral under Section 9-623 is available;

      d.     A telephone number or mailing address from which additional

information concerning the disposition and the obligation secured is available.

29.     Section 9-614 incorporates a list of information in Section 9-613(1), which states that a notice must:

    a.  Describe the debtor and the secured party;

    b.  Describe the collateral that is the subject of the intended disposition;

    c.  State the method of intended disposition;

    d.  State that the debtor is entitled to an accounting of the unpaid indebtedness and states the charge, if any, for an accounting; and

    e.  State the time and place of a public disposition or the time after which any other disposition is to be made.

30.     Ally failed to comply with Article 9 by incorrectly describing class members' potential liability for a deficiency, giving rise to a claim for minimum and statutory damages as provided by the statute.

31.     M.G.L. c. 106 § 9-625(c)(2) states that any violation of Article 9 gives rise to a claim for damages in a minimum amount of the credit service charge plus 10 per cent of the principal amount of the obligation.

## COUNT II
### Violation of the Massachusetts Consumer Protection Act

32.     At all relevant times Ally was engaged in trade or commerce for purposes of M.G.L. c. 93A.

33.     M.G.L. c. 93A, §2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." M.G.L. c. 93A

§9 permits any consumer injured by a violation of c. 93A, §2 to bring a civil action, including class action, for damages and injunctive relief.

34.     Ally violated G.L. c 93A, §2 with respect to Mr. Randall and each class member by engaging in collection practices that were unfair, deceptive, and/or unconscionable. Ally's unfair and deceptive trade practices include:

   a.   Collecting debt in an unfair or unreasonable manner in violation of M.G.L. c. 93A, §49;

   b.   Breaching its duty of good faith in violation of M.G.L. c. 106, § 1-202(c)(3); and

   c.   Failing to provide Mr. Randall and class members with the rights and disclosures mandated by the Massachusetts Commercial Code.

35.     The consumer protection provisions of the Massachusetts Commercial Code, which include the notice requirements violated by Ally as described herein, are existing statutes, rules, regulations or laws, meant for the protection of the public health, safety, or welfare promulgated by the Commonwealth within the meaning of 940 Code Mass. Regs. §3.16(3).

36.     Ally's unfair and deceptive practices caused the plaintiff and class members damages, including, but not limited to, depriving them of accurate information that would allow them protect their interests, understand their debts, assert their rights, and make informed financial decisions.

37.     Mr. Randall sent Ally a written demand for relief, identifying himself and describing its alleged unfair or deceptive acts or practices and the injury suffered (the "Demand Letter).

38.     The Demand Letter was received by Ally.  A true and accurate copy of the Demand Letter is attached as Exhibit B.

39.     Ally replied to the Demand Letter, but it failed to, in good faith, tender adequate relief to the plaintiff and putative class.

WHEREFORE, the Plaintiff, Mr. Randall, prays that the Court:

1. Certify this case as a class action pursuant to M.G.L. c. 93A, §9;

2. Certify this case as a class action pursuant to Mass. R. Civ. P. 23;

3. Appoint Mr. Randall as class representative and the undersigned as class counsel;

4. Enter judgment against Ally for minimum and statutory damages pursuant to Article 9 of the Massachusetts Commercial Code on behalf of the plaintiff and class members;

5. Bar and declare unenforceable any deficiency loan balances owed by class members to Ally for its violations of Article 9 of the Massachusetts Commercial Code; and

6. Enter judgment against Ally pursuant to M.G.L. c. 93A, §9 for treble damages, attorneys' fees, and costs;

7. Enjoin Ally from continuing to engage in, use, or employ any of the unfair and/or deceptive business acts or practices set forth in detail above; and

8. Grant such other relief as the Court deems just.

Respectfully submitted,

JAMES RANDALL,
By his attorneys,

*/s/ Raven Moeslinger*
Raven Moeslinger (BBO# 687956)
Nicholas F. Ortiz (BBO# 655135)
Law Office of Nicholas F. Ortiz, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617) 338-9400
rm@mass-legal.com

Dated: November 19, 2018

8

# EXHIBIT A



P.O. Box 380903
Bloomington, MN 55438-0903
(877) 845-8862

October 30, 2017

JAMES A RANDALL JR.
960 RESERVOIR RD
NORTH ADAMS, MA  012473754



ıllıllıllıllllllllllllıplıllıllıllıllıllıllıllıllıllı

## NOTICE OF OUR PLAN TO SELL PROPERTY

Subject:  Account Number 628926143201

We have your vehicle (a 2009 JEEP GRAND CHEROK  with VIN 1J8GR48K69C524372), because you broke promises in our agreement.

We will sell your vehicle at private sale sometime after November 14, 2017.  A sale could include a lease.

The money that we get from the sale (after paying our costs) will reduce the amount you owe.  If we get less money than you owe, you will still owe us the difference.  If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses.  You can also get it back for less (see below).  To learn the exact amount you must pay, call us at the telephone number at the top of this letter.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at the telephone number at the top of this letter or write us at the address at the top of this letter and request a written explanation.

If you need more information about the sale, call us at the telephone number at the top of this letter, or write us at the address at the top of this letter.

We are sending this notice to the following other people who have an interest in your vehicle or who owe money under your agreement:

None

#E-943952-00127

JAMES A RANDALL JR.
628926143201
October 30, 2017
Page 2

**Additional information:**

In addition to being able to get your vehicle back by paying the full amount you owe, you can also get it back any time before we sell it by paying all past due payments, late charges, and expenses. You must also provide proof of the physical damage insurance your contract requires. Then you must start making your payments again. As of the date of this letter, you must pay:

| | | |
|---|---|---|
| Past due payments  (1 of $216.56 and 2 of $228.28) | $ | 673.12 |
| Late charges | + | 45.05 |
| Expenses (Retaking and holding the vehicle $632.00) | + | 632.00 |
| TOTAL | $ | 1,350.17 |

The longer you wait, the more you may have to pay to get your vehicle back. Only reasonable expenses may be charged. They must be the direct result of taking, storing, and selling the vehicle. We may also charge you the costs of getting it ready for sale and reasonable attorney fees, as the law permits.

You must pay the amount required by cashier's check sent to Ally Financial at the address at the top of this letter by mail or use the services of Western Union or MoneyGram.

Your vehicle and personal property, if any will be at Mastria Towing and Recovery, 1255 New State Hwy Rt 44, Raynham, MA, 02767. They will retain the personal property for at least 60 days after the date the vehicle was repossessed and may then discard it. Please be advised that the company holding your personal property may impose a charge on you, as may be permitted by law, to release the personal property to you. This is not a charge imposed by us and you should contact them for more information. We may  move the vehicle, however, to an alternate location of Adesa - Boston, 63 Western Ave., Framingham, MA, 01702 for storage and/or in preparation for sale. You must call us to confirm the vehicle location and to obtain authorization for admittance to either of these locations if you want to see the vehicle or to retrieve it if you do what is required to get it back.

We must send you any extra money owed to you from the sale of your vehicle within a reasonable time. If you do not get the money, you may have the right to sue for it plus any penalties fixed by law.

If you do not do what is required to get your vehicle back, by November 14, 2017, we will cancel any optional insurance, maintenance, service or other contract/policy that is part of your contract. Make sure any other coverage you no longer want is canceled, by calling the insurance company or the dealer to do this. You have a right to credit for any refunds.

E-943952-00127

JAMES A RANDALL JR.
628926143201
October 30, 2017
Page 3




Contact us at the telephone number at the top of this letter for more information about getting back the vehicle or for more information about any personal property that you think might have been in the vehicle, if any.

Sincerely,
Ally Financial

# EXHIBIT B

# LAW OFFICE OF NICHOLAS F. ORTIZ, P.C.

99 HIGH STREET, SUITE 304
BOSTON, MASSACHUSETTS 02110

TEL (617) 338 - 9400
FAX (617) 507 - 3456

July 14, 2018

BY CERTIFIED MAIL RETURN RECEIPT REQUESTED

President
Ally Financial Inc.
500 Woodward Ave. 10th Flr.
Detroit, MI 48265 USA

RE: Demand Letter Pursuant to M.G.L. c. 93A, § 9

Dear Sir or Madam:

This is a demand for relief pursuant to Massachusetts General Laws, Chapter 93A, § 9,

sent to Ally Financial Inc. ("Ally") on behalf of our client, James A. Randall of North Adams,

Massachusetts. Please be advised that we represent Mr. Randall in this matter. Mr. Randall makes

this demand on behalf of himself and a class of persons similarly situated. Mr. Randall and the

class he seeks to represent have suffered damages caused by Ally's unfair and deceptive

automobile loan and repossession practices, which violate the Massachusetts Uniform Commercial

Code, M.G.L. c. 106 §§ 9-610 to 9-625 ("UCC"), the Code of Massachusetts Regulations, 904

C.M.R. § 7.00 *et seq*, M.G.L. c. 255B § 20(B) and (C), and M.G.L. c. 93A. The following

summary describes these violations of law and provides Ally with an opportunity to settle this

matter on a class-wide basis.

The Massachusetts Consumer Protection Act prohibits the use by a person or entity

engaged in a trade or business of "unfair or deceptive acts or practices" in the conduct of that

business. As defined by the Supreme Judicial Court of Massachusetts, a practice is unfair if it falls

within an established concept of unfairness, is unethical or oppressive, or causes substantial injury

1

to consumers. Certain acts or practices are defined by state as *per se* violations of M.G.L. c. 93A.

## Facts

On or around March 16, 2017, Mr. Randall entered into a loan agreement with Ally in the amount of $10,937.50 for the purchase of a Jeep Grand Cherokee (the "vehicle"). Per the terms of the loan agreement, Mr. Randall was to make monthly payments of $228.28 until his loan balance was paid off.

On or around October 26, 2017, upon alleged default on the loan, Ally caused the vehicle to be repossessed. After repossessing Mr. Randall's vehicle, Ally sent him a notice advising him of the repossession and of its intent to sell the vehicle after a fourteen-day day redemption period. A copy of this notice is attached as Exhibit A. Your post-repossession notice failed to comply with applicable law, most notably by failing to accurately describe Mr. Randall's potential liability for a deficiency.

## Classwide Violations of Law

Ally committed multiple violations of law in repossessing Mr. Randall's automobile and the automobiles of other similarly situated Massachusetts consumers. In particular, Ally violated the Uniform Commercial Code, the Massachusetts Retail Installment Sales Act, the Massachusetts Attorney General's Regulations, and G.L. c. 93A. Ally violated the UCC with respect to Mr. Randall and each class member by using form post-repossession notices which fail to correctly disclose the description of the borrower's liability for a deficiency, violating UCC § 9-614(1)(B).

Specifically, the repossession notice provides, with respect to the sale of the collateral and the debtor's liability for a potential deficiency: "[t]he money that [Ally] get[s] from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you may still owe us the difference." *See* Exhibit A. However, under Massachusetts law, the deficiency owed by a consumer is calculated by subtracting the fair market value of the vehicle – not the sale

2

price – from the amount the consumer owes on the loan.  M.G.L. c. 255B, § 20B(e)(1).

The failure to inform a consumer, in a post-repossession notice, that the fair market value

of the vehicle will be applied to their loan balance is "never" lawful under the UCC.  *See Williams*

*v. American Honda Finance Corp.*, 479 Mass. 656, 668 (2018) ("the notice that is required by the

Uniform Commercial Code is never sufficient where the deficiency is not calculated based on the

fair market value of the collateral and the notice fails to accurately describe how the deficiency is

calculated").  Consequently, Ally violated the UCC § 9-614(1)(B) as to Mr. Randall and all class

members.

Additionally, Ally violated G.L. c. 93A § 2 with respect to Mr. Randall and each class

member by engaging in collection practices that were unfair, deceptive, and/or unconscionable.

The violations by Ally were knowing and willful and include, without limitation:

- Collecting a debt in an unfair, deceptive or unreasonable manner in violation of M.G.L. c. 93 § 49, including having a policy of calling consumers to collect a debt with unlawful frequency;

- Breaching its duty of good faith in violation of M.G.L. c. 106 § 1-304; and

- Failing to provide class members with the rights and disclosures mandated by the UCC.

### Demand for Relief

By the actions described above, Ally has violated M.G.L. c. 93A and other consumer

protection laws. As a result of Ally's actions, Mr. Randall and class members have suffered

damages, including, without limitation, financial loss. If this matter is not resolved, the class

members will be entitled to present evidence to a Court and recover for specific and general

damages.  At a minimum, the class members will be entitled to certain statutory damages for your

violations of Article 9. The statutory damages arising from your violations of Article 9 are defined

under state law as an amount *not less* than the applicable loan finance charge plus 10 percent of

3

the amount financed. *See* M.G.L., c. 106, § 9-625. Accordingly, on behalf of Mr. Randall and class members, we hereby demand that you:

    a.  Pay statutory damages to all class members pursuant to M.G.L. c. 93A, § 9 and UCC § 9-625(c)(2);

    b.  Correct your notice procedures to ensure compliance with the law; and

    c.  Waive the deficiency loan balance of any and all class members.

MGL c. 93A, §9 provides you with the opportunity to make a reasonable written settlement offer within thirty days of your receipt of this letter. Should Mr. Randall and similarly situated individuals be forced to pursue litigation in this matter, they may recover up to three times actual damages, plus attorney's fees and costs.

In this regard, I direct your attention to the Supreme Judicial Court's view of the policy behind c. 93A's settlement-encouraging directive:

> Indeed, the conduct proscribed by the Statute *is as much the failure to make a reasonable settlement offer* as it is the substantive violation of c. 93A. Multiple damages are the "appropriate punishment" for forcing Plaintiff and other similarly situated individuals to litigate clearly valid claims.
>
> *International Fid. Ins. Co. v. Wilson*, 387 Mass. 841, 857 (1983) (emphasis added) (citation omitted).

I look forward to hearing from you so that we may work toward a prompt and equitable settlement of this matter.

Best regards,

Raven Moeslinger

4

# EXHIBIT A



P.O. Box 380903
Bloomington, MN 55438-0903
(877) 845-8862

October 30, 2017

JAMES A RANDALL JR.
960 RESERVOIR RD
NORTH ADAMS, MA  012473754



## NOTICE OF OUR PLAN TO SELL PROPERTY

Subject:  Account Number 628926143201

We have your vehicle (a 2009 JEEP GRAND CHEROK  with VIN 1J8GR48K69C524372), because you broke promises in our agreement.

We will sell your vehicle at private sale sometime after November 14, 2017.  A sale could include a lease.

The money that we get from the sale (after paying our costs) will reduce the amount you owe.  If we get less money than you owe, you will still owe us the difference.  If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses.  You can also get it back for less (see below).  To learn the exact amount you must pay, call us at the telephone number at the top of this letter.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at the telephone number at the top of this letter or write us at the address at the top of this letter and request a written explanation.

If you need more information about the sale, call us at the telephone number at the top of this letter, or write us at the address at the top of this letter.

We are sending this notice to the following other people who have an interest in your vehicle or who owe money under your agreement:

None .

#E-943952-00127

JAMES A RANDALL JR.
628926143201
October 30, 2017
Page 2

**Additional information:**

In addition to being able to get your vehicle back by paying the full amount you owe, you can also get it back any time before we sell it by paying all past due payments, late charges, and expenses. You must also provide proof of the physical damage insurance your contract requires. Then you must start making your payments again. As of the date of this letter, you must pay:

| | | |
|---|---|---|
| Past due payments  (1 of $216.56 and 2 of $228.28) | $ | 673.12 |
| Late charges | + | 45.05 |
| Expenses (Retaking and holding the vehicle $632.00) | + | 632.00 |
| TOTAL | $ | 1,350.17 |

The longer you wait, the more you may have to pay to get your vehicle back. Only reasonable expenses may be charged. They must be the direct result of taking, storing, and selling the vehicle. We may also charge you the costs of getting it ready for sale and reasonable attorney fees, as the law permits.

You must pay the amount required by cashier's check sent to Ally Financial at the address at the top of this letter by mail or use the services of Western Union or MoneyGram.

Your vehicle and personal property, if any will be at Mastria Towing and Recovery, 1255 New State Hwy Rt 44, Raynham, MA, 02767. They will retain the personal property for at least 60 days after the date the vehicle was repossessed and may then discard it. Please be advised that the company holding your personal property may impose a charge on you, as may be permitted by law, to release the personal property to you. This is not a charge imposed by us and you should contact them for more information. We may move the vehicle, however, to an alternate location of Adesa - Boston, 63 Western Ave., Framingham, MA, 01702 for storage and/or in preparation for sale. You must call us to confirm the vehicle location and to obtain authorization for admittance to either of these locations if you want to see the vehicle or to retrieve it if you do what is required to get it back.

We must send you any extra money owed to you from the sale of your vehicle within a reasonable time. If you do not get the money, you may have the right to sue for it plus any penalties fixed by law.

If you do not do what is required to get your vehicle back, by November 14, 2017, we will cancel any optional insurance, maintenance, service or other contract/policy that is part of your contract. Make sure any other coverage you no longer want is canceled, by calling the insurance company or the dealer to do this. You have a right to credit for any refunds.

JAMES A RANDALL JR.
628926143201
October 30, 2017
Page 3




Contact us at the telephone number at the top of this letter for more information about getting back the vehicle or for more information about any personal property that you think might have been in the vehicle, if any.

Sincerely,
Ally Financial

E-943952-00127