UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES RANDALL and<br>GRACIE WHITE f/k/a<br>GRACIE DORNEUS,<br>  Individually and on behalf of a class<br>  of persons similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC.,<br><br>      Defendant. | C.A. No. 3:18-CV-30143-MGM<br><br>LEAVE TO FILE GRANTED ON<br>MAY 22, 2019 |

**SECOND AMENDED CLASS ACTION COMPLAINT**

## I.   INTRODUCTION

This is an action brought on behalf of James Randall, Gracie White, and a putative class of Massachusetts consumers similarly injured by the unlawful debt collection and car repossession practices of the defendant, Ally Financial Inc. ("Ally"). After repossessing the Plaintiffs' and other class members' vehicles, Ally sent them form post-repossession notices that failed to include key provisions required by law. The failure to provide a consumer with all appropriate repossession notices and information required by Massachusetts law gives rise to statutory and other damages.

## II.   PARTIES

1. Plaintiff James Randall resides in North Adams, Massachusetts.

2. Plaintiff Gracie White (formerly known as Gracie Dorneus) resides in Medford, Massachusetts.

1

3.     The Defendant, Ally Financial Inc., is a credit lender with a principal office located at 500 Woodward Ave Detroit, MI 48226 and registered agent, CT Corporation System, located at 155 Federal St., Suite 700, Boston, Massachusetts 02110.

### III.     JURISDICTION AND VENUE

4.     Jurisdiction and venue is proper in this Court as the Defendant is a corporation subject to suit under M.G.L. c. 223 §§ 1, 8 and has a registered agency in Suffolk County.

### IV.     STATEMENT OF FACTS

5.     Ally is a credit lender that enters into many types of consumer loans, including auto loans in Massachusetts.

*Facts Related to James Randall*

6.     On or around March 16, 2017, Mr. Randall entered into a loan agreement with Ally for the purchase of a Jeep Grand Cherokee (the "vehicle" or "automobile").

7.     The loan agreement included an amount financed of $10,937.50.

8.     The debt was incurred by Mr. Randall for primarily personal, family, or household purposes.

9.     The purchase of the vehicle was a consumer-goods transaction, as defined in M.G.L. c. 106, § 9-102(24).

10.    On or about October 26, 2017, Ally repossessed the automobile.

11.    On or around April 19, 2018, Ally sent Mr. Randall a notice (the "Repossession Notice") advising him of the repossession and of its intent to sell the vehicle. *See* Exhibit A, Repossession Notice.

12.    The Repossession Notice erroneously states that "[t]he money that [Ally] get[s] from the sale (after paying our costs) will reduce the amount you owe. If we get less money than

you owe, you may still owe us the difference." Massachusetts law, however, requires that consumers be given explicit notice that the fair market value of the vehicle, not the sale price, will be deducted from the amount they would owe on their loans after the sale of their vehicle.

*Facts Related to Gracie White*

13. On or around May 13, 2016, Ms. White entered into a loan agreement with Ally for the purchase of a Mercedes Benz C-Class (the "vehicle" or "automobile").

14. The loan agreement included an amount financed of $17,109.

15. The debt was incurred by Ms. White for primarily personal, family, or household purposes.

16. The purchase of the vehicle was a consumer-goods transaction, as defined in M.G.L. c. 106, § 9-102(24).

17. On or about October 31, 2018, Ally repossessed the automobile.

18. In November 2018, Ally sent Ms. White a notice (the "Repossession Notice") advising her of the repossession and of its intent to sell the vehicle. *See* Exhibit B, Repossession Notice.

19. The Repossession Notice erroneously states that "[t]he money that [Ally] get[s] from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you may still owe us the difference." Massachusetts law, however, requires that consumers be given explicit notice that the fair market value of the vehicle, not the sale price, will be deducted from the amount they would owe on their loans after the sale of their vehicle.

20. On information and belief, Ally sent form notices to at least 40 other Massachusetts consumers that were identical and/or substantially similar to the Repossession Notices attached as Exhibit A and Exhibit B, and which also failed to comply with

Massachusetts law, in the four years preceding the date of the filing of this action.

## V.     CLASS ALLEGATIONS

21.     Plaintiffs bring this action on behalf of a class of all other Ally customers so similarly situated.

22.     The class consists of all persons to whom Ally sent a notice identical and/or substantially similar to the Repossession Notices attached as <u>Exhibit A</u> and <u>Exhibit B</u> at any time during the four-year period prior to the commencement of this action.

23.     The class is sufficiently numerous that joinder of all members is impracticable.

24.     On information and belief, the class encompasses at least 40 customers.

25.     There are questions of law and fact which are common to all members of the classes. These questions predominate over any question affecting only individual class members. The gravamen of this complaint is based on the form post-repossession notices and which were sent to all potential class members and loan interest rates that affected them in a similar manner.

26.     Plaintiffs' claims are typical of the claims of members of the class as all claims are based on the same factual and legal theories.

27.     Plaintiffs will fairly and adequately represent the interests of class members. Plaintiffs have no conflict with any members of the class and are capable and willing to serve as class representatives. They have retained counsel competent and experienced in class action litigation.

28.     Certification of this class pursuant to Mass. R. Civ. P. 23 is appropriate. Common questions of law and fact predominate over individual questions. Among the questions of law and fact common to Plaintiffs and the class are:

> a. Whether Ally failed to provide consumers with the rights and disclosures mandated by the Massachusetts Uniform Commercial Code;

    b. Whether Ally failed to provide the description of the borrower's liability for a deficiency, violating UCC § 9-614(1)(B); and

    c. Whether Ally breached its duty of good faith in violation of M.G.L. c. 106 § 1-304.

29. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

    a. The individual class members are not aware that they have been wronged and are thus unable to prosecute individual actions;

    b. A failure of justice will result from the absence of a class action;

    c. Concentration of the litigation concerning this matter in this Court is desirable;

    d. Class treatment is highly efficient given the use of common forms and procedures;

    e. The amounts at issue for individual class members are not substantial enough to make individual actions economic; and

    f. The class is of moderate size and no difficulties are likely to be encountered in the management of a class action.

## VI. CAUSES OF ACTION

### CLASS ACTION CAUSES OF ACTION

30. For all counts that follow, the Plaintiffs hereby reallege and incorporate by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

### COUNT I
### Violation of the Massachusetts Commercial Code
### (Against Ally)

31. Article 9 of the Massachusetts Commercial Code, M.G.L. c. 106 § 9-101 *et seq.*, imposes duties on lenders who receive or retain security interests in personal property and conduct private

repossessions of that property without first obtaining writ of replevin or other appropriate court order.

32. By entering into loan agreements, Ally engaged in "consumer-goods transactions" for purposes of M.G.L. c. 106 § 9-102(24).

33. After repossessing Plaintiffs' vehicles and before selling it, Ally had a duty to comply with the notice provisions of M.G.L. c. 106 § 9-614.

34. Pursuant to M.G.L. c. 106 § 9-614(1), in a consumers-goods transaction, a post-repossession, pre-sale notification must provide the following information:

    d. The information specified in Section 9-613(1);

    e. A description of any liability for a deficiency of the person to which the notification is sent;

    f. A telephone number from which the amount that must be paid the secured party to redeem the collateral under Section 9-623 is available;

    g. A telephone number or mailing address from which additional information concerning the disposition and the obligation secured is available.

35. Section 9-614 incorporates a list of information in Section 9-613(1), which states that a notice must:

    h. Describe the debtor and the secured party;

    i. Describe the collateral that is the subject of the intended disposition;

    j. State the method of intended disposition;

    k. State that the debtor is entitled to an accounting of the unpaid indebtedness and states the charge, if any, for an accounting; and

   l. State the time and place of a public disposition or the time after which any other disposition is to be made.

36. Ally failed to comply with Article 9 by incorrectly describing class members' potential liability for a deficiency, giving rise to a claim for minimum and statutory damages as provided by the statute.

37. M.G.L. c. 106 § 9-625(c)(2) states that any violation of Article 9 gives rise to a claim for damages in a minimum amount of the credit service charge plus 10 per cent of the principal amount of the obligation.

  WHEREFORE, the Plaintiffs pray that the Court:

1. Certify this case as a class action pursuant to Mass. R. Civ. P. 23;
2. Appoint Mr. Randall and Ms. White as class representatives and the undersigned as class counsel;
3. Enter judgment against Ally for minimum and statutory damages pursuant to Article 9 of the Massachusetts Commercial Code on behalf of the Plaintiffs and class members;
4. Bar and declare unenforceable any deficiency loan balances owed by class members to Ally for its violations of Article 9 of the Massachusetts Commercial Code; and
5. Grant such other relief as the Court deems just.

                          Respectfully submitted,

                          JAMES RANDALL AND
                          GRACIE WHITE,
                          By their attorneys,

                          */s/ Raven Moeslinger*

                          _____
                          Raven Moeslinger (BBO# 687956)
                          Nicholas F. Ortiz (BBO# 655135)
                          Stephanie C. Ozahowski (BBO# 699258)
                          Law Office of Nicholas F. Ortiz, P.C.
                          99 High Street, Suite 304
                          Boston, MA 02110
                          (617) 338-9400
                          rm@mass-legal.com
                          sco@mass-legal.com

Dated: May 22, 2019

## CERTIFICATE OF SERVICE

    I, Raven Moeslinger, hereby certify that today I caused to be served the within document on counsel for the defendant via ECF service.

                          */s/ Raven Moeslinger*

# EXHIBIT A



P.O. Box 380903
Bloomington, MN 55438-0903
(877) 845-8862



October 30, 2017

JAMES A RANDALL JR.
960 RESERVOIR RD
NORTH ADAMS, MA  012473754

## NOTICE OF OUR PLAN TO SELL PROPERTY

Subject: Account Number 628926143201

We have your vehicle (a 2009 JEEP GRAND CHEROK with VIN 1J8GR48K69C524372), because you broke promises in our agreement.

We will sell your vehicle at private sale sometime after November 14, 2017. A sale could include a lease.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. You can also get it back for less (see below). To learn the exact amount you must pay, call us at the telephone number at the top of this letter.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at the telephone number at the top of this letter or write us at the address at the top of this letter and request a written explanation.

If you need more information about the sale, call us at the telephone number at the top of this letter, or write us at the address at the top of this letter.

We are sending this notice to the following other people who have an interest in your vehicle or who owe money under your agreement:

None.

#E-943952-00127

JAMES A RANDALL JR.
628926143201
October 30, 2017
Page 2

**Additional information:**

In addition to being able to get your vehicle back by paying the full amount you owe, you can also get it back any time before we sell it by paying all past due payments, late charges, and expenses. You must also provide proof of the physical damage insurance your contract requires. Then you must start making your payments again. As of the date of this letter, you must pay:

| | |
|---|---|
| Past due payments (1 of $216.56 and 2 of $228.28) | $ 673.12 |
| Late charges | + 45.05 |
| Expenses (Retaking and holding the vehicle $632.00) | + 632.00 |
| TOTAL | $ 1,350.17 |

The longer you wait, the more you may have to pay to get your vehicle back. Only reasonable expenses may be charged. They must be the direct result of taking, storing, and selling the vehicle. We may also charge you the costs of getting it ready for sale and reasonable attorney fees, as the law permits.

You must pay the amount required by cashier's check sent to Ally Financial at the address at the top of this letter by mail or use the services of Western Union or MoneyGram.

Your vehicle and personal property, if any will be at Mastria Towing and Recovery, 1255 New State Hwy Rt 44, Raynham, MA, 02767. They will retain the personal property for at least 60 days after the date the vehicle was repossessed and may then discard it. Please be advised that the company holding your personal property may impose a charge on you, as may be permitted by law, to release the personal property to you. This is not a charge imposed by us and you should contact them for more information. We may move the vehicle, however, to an alternate location of Adesa - Boston, 63 Western Ave., Framingham, MA, 01702 for storage and/or in preparation for sale. You must call us to confirm the vehicle location and to obtain authorization for admittance to either of these locations if you want to see the vehicle or to retrieve it if you do what is required to get it back.

We must send you any extra money owed to you from the sale of your vehicle within a reasonable time. If you do not get the money, you may have the right to sue for it plus any penalties fixed by law.

If you do not do what is required to get your vehicle back, by November 14, 2017, we will cancel any optional insurance, maintenance, service or other contract/policy that is part of your contract. Make sure any other coverage you no longer want is canceled, by calling the insurance company or the dealer to do this. You have a right to credit for any refunds.

E-943952-00127

JAMES A RANDALL JR.
628926143201
October 30, 2017
Page 3





Contact us at the telephone number at the top of this letter for more information about getting back the vehicle or for more information about any personal property that you think might have been in the vehicle, if any.

Sincerely,
Ally Financial

E-943952-00127

# EXHIBIT B



P.O. Box 380901
Bloomington, MN 55438
800-675-9375

November 1, 2018

Gracie D Dorneus
121 Riverside Ave Apt 415
Medford, MA 02155-4647

## NOTICE OF OUR PLAN TO SELL PROPERTY

Subject: Account Number 103-9246-36725

We have your vehicle (a 2009 Mercedes Benz C-Class with VIN WDDGF81X79R057365), because you broke promises in our agreement.

We will sell your vehicle at private sale sometime after November 21, 2018. A sale could include a lease.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. To learn the exact amount you must pay, call us at the telephone number at the top of this letter.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at the telephone number at the top of this letter or write us at the address at the top of this letter and request a written explanation.

If you need more information about the sale, call us at the telephone number at the top of this letter, or write us at the address at the top of this letter.

We are sending this notice to the following other people who have an interest in your vehicle or who owe money under your agreement:

None

STREPO9\g594bffp(MXT )

Gracie D Dorneus  
103-9246-36725

November 1, 2018

**Additional information:**

As of the date of this letter, you can get your vehicle back by paying the total amount indicated below. The amount of finance charges you owe will increase each day you pay after the date of this letter.

| | | |
|---|---|---|
| Unpaid balance | $ | 16,148.93 |
| Earned and unpaid finance charge | + | 1,254.22 |
| Unearned insurance premium* | − | 0.00 |
| Other credits | − | 0.00 |
| Late charges | + | 15.00 |
| Expenses ( Retaking and Holding the Vehicle $400.00 ) | + | 400.00 |
| TOTAL | $ | 17,818.15 |

The longer you wait, the more you may have to pay to get your vehicle back. Only reasonable expenses may be charged. They must be the direct result of taking, storing, and selling the vehicle. We may also charge you the costs of getting it ready for sale and reasonable attorney fees, as the law permits.

You must pay the amount required by cashier's check sent to Ally Financial at the address at the top of this letter by mail or use the services of Western Union or MoneyGram.

Your vehicle and personal property, if any will be at The Ahlquist Agency Inc, 1670 Main Street S, Weymouth, MA, 02190. They will retain the personal property for at least 60 days after the date the vehicle was repossessed and may then discard it. We may however, move the vehicle to an alternate location of Adesa - Boston, 63 Western Ave., Framingham, MA, 01702 for storage and/or in preparation for sale. You must call us to confirm the vehicle location and to obtain authorization for admittance to either of these locations if you want to see the vehicle or to retrieve it if you do what is required to get it back.

We must send you any extra money owed to you from the sale of your vehicle within a reasonable time. If you do not get the money, you may have the right to sue for it plus any penalties fixed by law.

If you do not do what is required to get your vehicle back, by November 21, 2018, we will cancel any optional insurance, maintenance, service or other contract/policy that is part of your contract. Make sure any other coverage you no longer want is canceled, by calling the insurance company or the dealer to do this. You have a right to credit for any refunds.

Gracie D Dorneus
103-9246-36725

November 1, 2018

Contact us at the telephone number at the top of this letter for more information about getting back the vehicle or for more information about any personal property that you think might have been in the vehicle, if any.

Sincerely,
Ally Financial

\* The insurance premium rebate is for credit insurance if it was part of your contract. It is also for any limited physical damage insurance.

TREPO9\g594bffp(MXT )