## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GRACIE WHITE f/k/a GRACIE DORNEUS**, individually and on behalf of a class of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ALLY FINANCIAL INC.**<br><br>Defendant. | Civil Action No. 3:18-CV-30143-MGM |

### DECLARATION OF ELIZABETH RYAN IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

I, Elizabeth Ryan, affirm as follows:

1. I am one of the counsel for the Plaintiff in this case. I submit this declaration in support of Plaintiff's Motion for Class Certification.

2. The facts contained in this Declaration are within my personal knowledge, and I could testify to those facts if called to do so under oath.

3. I have been admitted to practice before the Massachusetts Supreme Judicial Court since 1987, the District Court for the District of Massachusetts since 1996, and the First Circuit Court of Appeals since 1997.

4. I am a graduate of Catholic University Law School (J.D., 1985) and the College of the Holy Cross (B.A., 1981).

5. I have been in private practice since 1995, and the majority of my practice has involved litigation on behalf of consumers, representing individuals and classes injured by predatory lending, abusive debt collection and other unfair and deceptive business practices.

6. I am a member of the National Association of Consumer Advocates and a former

Consumer Law Fellow, National Consumer Law Center (1993). I am a contributing author of Repossession & Foreclosures (National Consumer Law Center, 4th ed.), and of Consumer Credit Law Manual (National Consumer Law Center and Matthew Bender).

7. I have been a panelist on consumer law trainings conducted by the National Consumer Law Center, Massachusetts Continuing Legal Education, the Boston Bar Association, and the Florida State Bar. I co-wrote several amicus curiae briefs submitted by the National Association of Consumer Advocates ("NACA"), in cases including *Botelho v. Citicorp*, CA No. 96-12279-EFH, *Beach v. Great Western Bank*, United States Supreme Court, No. 97-5310.

8. Until December 2011, I was a partner in the firm Roddy Klein & Ryan, which primarily represented consumers in class actions. I am currently a partner in the firm Bailey & Glasser LLP and have continued to practice in the area of consumer class actions.

9. My partner John Roddy, who is also working on this case, has been admitted to practice before the Massachusetts Supreme Judicial Court since 1980 and the District Court for the District of Massachusetts and the First Circuit Court of Appeals since 1981.

10. Mr. Roddy is also partner at Bailey & Glasser LLP. He has been in private practice since 1988, and virtually all of his practice has involved litigation on behalf of consumers, representing individuals and classes injured by predatory lending, abusive debt collection and other unfair and deceptive business practices.

11. Mr. Roddy is a graduate of Boston College Law School (J.D., cum laude, 1980) and the University of Massachusetts at Amherst (B.A., magna cum laude, 1976).

12. From 1980-1987 Mr. Roddy served as an Assistant Attorney General in the Massachusetts Attorney General's Office.  From 1980-1985, as an attorney in the Consumer Protection Division, he enforced state and federal consumer protection laws on behalf of

Massachusetts consumers. During his tenure he litigated approximately thirty class action type lawsuits to successful conclusion. These lawsuits challenged unfair and deceptive business practices which harmed hundreds and sometimes thousands of consumers. From 1986-1987 he was Legislative Counsel to the Attorney General, in the office's Executive Bureau. Mr. Roddy has written and spoken extensively on consumer law and specifically on consumer class action litigation.

13. Mr. Roddy has written and spoken extensively on consumer law and specifically on consumer class action litigation, including the following:

"HomeCorps ~ Federal Court Practice: Representing Homeowners in Economic Distress" (National Consumer Law Center, Jan. 2016);

"Food Labeling Litigation" (MBA Consumer Advocacy Symposium, Nov. 2015);

"Class Action Settlements: Innovative Approaches to Class Notice, Objector Litigation, and Mediation" (Boston Bar Association, May 2014);

"The Evolution of Arbitration" in *Consumer Financial Services Institute* (Practising Law Institute, Feb. 2010);

"Fallout From The Subprime Mortgage Crisis" U.S. Bankruptcy Court Foreclosure Mediation Symposium, June 2009);

"Foreclosure Avoidance Strategies" Suffolk University Law School, Center for Advanced Legal Studies, May 2008);

"A Brief History of Refund Anticipation Loan Litigation" in *Consumer Financial Services Litigation Institute* (Practising Law Institute, Mar. 2006);

"Class Actions In Bankruptcy Court: Jurisdiction and Remedial Issues" in *Consumer Financial Services Litigation* (Practising Law Institute, Apr. 2002);

"The Crossroads of Privacy and Credit: Class Liability Under the Fair Credit Reporting Act" in *Consumer Financial Services Litigation* (Practising Law Institute, Apr. 2001).

14. In conjunction with our law partners, Mr. Roddy and I have obtained more than eight hundred million dollars in restitution and debt forgiveness for consumers by successfully asserting state and federal consumer credit law claims on their behalf. A partial listing of cases in which I and my firm (including my former firm, RKR) have been appointed class counsel includes the following:

*Cullinane v. Uber Technologies, Inc.,* Case No. 1:14-cv-14750-DPW (D. Mass.) (refunds made in class action settlement for Massachusetts Uber riders charged surcharges and tolls which Uber did not pay to Massport);

*Henderson v. BNY Mellon*, Case No. 1:15-cv-10599-PBS (D. Mass.) (a case challenging fees charged by a corporate trustee which was ultimately settled for $10,000,000);

*Williams v. American Honda Finance Corp.*, Case No. 1:14-CV-12859-LTS (D. Mass.) (certified class of consumers deprived of post-default rights, settlement for state-wide class);

*Tadepalli v. Uber Technologies, Inc.*, Case 3:15-cv-04348 (N.D. Cal.) (100% refunds made in class action settlement for California Uber riders charged approximately $2.2 million in "airport fee tolls" which Uber did not pay to California airports);

*Curry v. Fairbanks Capital Corp.*, 03-10875-DPW (D. Mass.) ($55 million settlement of nationwide class action based on predatory loan servicing practices);

*In re Household Lending Litig.,* Case No. C 02-1240 CW (N.D. Cal.) ($122 million settlement of nationwide class action based on predatory mortgage lending practices);

*North Shore Auto Financing, Inc., DBA CNAC v. Block,* Case No. CV-01-42793 (Cuyahoga County, Ohio) (summary judgment obtained on behalf of two certified classes of consumer car loan borrowers: for 100% refunds of usurious amounts charged by auto lender and voiding of entire amount owed by consumers for lender's violation of retail installment sales act, approximate value of $5.5 million);

*In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig.*, CA No. 05-07097, MDL 1715 (N.D. Ill.) ($22 million class action settlement in favor of nationwide class of Ameriquest mortgage borrowers alleging predatory lending practices);

*Griffin v. American Gen. Fin.*, Case CV 09 685562 (Cuyahoga County, Ohio) (class action settlement for Ohio borrowers regarding refunds of unearned credit insurance premiums);

*Conley v. Sears, Roebuck & Co.*, CA No. 97-11149-PBS (D. Mass.) and *Brioso v. Sears, Roebuck & Co.*, 97-1222-CJK (Bankr. Mass.) [MDL No. 1185] (100% refunds to class members in settlement in favor of nationwide class of bankruptcy debtors, $165 million in cash provided);

*Mazola v. The May Dep't Stores Co.*, Civil No. 97-10872-NG (D. Mass.) (100% refunds to class members class action settlement in favor of nationwide class of bankruptcy debtors, $17 million in cash provided);

*Fisher v. Gen. Electric Capital Corp.*, No. 97 C 3065 (N.D. Ill.) [MDL No. 1192] (100% refunds to class members class action settlement in favor of nationwide class of bankruptcy debtors, $30 million in cash provided);

*Connolly v. Umpqua Bank*, Case No. 2:15-cv-00517-TSZ (W.D. Wash.) (class action settlement involving background and credit checks under the Fair Credit Reporting Act);

*Szafarz v. United Parcel Service, Inc.*, Case No. SUCV2016-2094-BLS2 (Mass. Super. May 8, 2018) (state-wide class action settlement for failure to pay a minimum of three hours of reporting pay);

*DeVito v. Longwood Security Services, Inc.*, Case No. 1384CV1724-BLS1 (Mass. Super. Nov. 6, 2018) (class action settlement for failure to pay all hours worked);

*Mauthe v. Versa Cardio, LLC*, Case No. 5:16-cv-00570-JLS (E.D. Pa. 2019) (class action settlement involving unsolicited fax advertisements under the Telephone Consumer Protection Act);

*Spence v. Cavalry Portfolio Services, LLC*, C.A. No. 1:14-cv-12655-PBS (D. Mass.) (class action settlement for interest charged on purchased credit card debt);

*Glover v. Bank of America, N.A.*, C.A. No. 13-40042-TSH (D. Mass.) (class action settlement for Massachusetts borrowers regarding late fees);

*Wieland v. Bring Care Home, Inc.*, C.A. No. ESCV2013-01380 (Essex County, Mass.) (class action settlement for failure to pay all hours worked);

*Powers v. Santander Consumer USA, Inc.,* Case No. 4:12-cv-11932-TSH (D. Mass.) (class action settlement on behalf of Massachusetts auto loan borrowers);

*Ross v. Citifinancial Auto Ltd.*, Case No. 12-1173-TJC (M.D. Fla.) (class action settlement in favor of state-wide class of borrowers denied consumer rights disclosures);

*Thomas v. Home Credit Corp., Inc.,* 11-CVS-1116 (Vance County, N.C.) (class action settlement in favor of state-wide class of borrowers denied consumer rights disclosures);

*Hall v. Capital One Auto Fin., Inc*., Case No. 08-1181 (N.D. Ohio) ($37 million state-wide settlement on behalf of Ohio consumers deprived of rights under retail installment sales act);

*Brailsford v. Jackson Hewitt*, Case No. C 06-00700 CW (N.D. Cal.) (state-wide class action settlement on behalf of California purchasers of tax refund anticipation loans, coordinated with a complementary settlement obtained by the California Attorney General, encompassing broader claims concerning Jackson Hewitt's business practices);

*Mitchell v. Prestige Fin. Services,* CV2010-090395 (Maricopa County, Ariz.) (class action settlement in favor of state-wide class of borrowers denied consumer rights disclosures under Arizona UCC);

*Aponte v. Empresas Berrios,* C.A. No. 06-01865-ADC (D. P.R.) (class action settlement in favor of consumers subject to debt collection tactics prohibited by federal Fair Debt Collection Practices Act);

*Sanders v. NCO,* C.A. No. 06-11059-NMG (D. Mass.) (class action settlement in favor of consumers contacted by debt collector in violation of state and federal law);

*Jackson v. SAFCo*, Case No. 06-04561 (Broward County Ct., Fla.) (class action settlement in favor of state-wide class of borrowers whose cars were illegally repossessed);

*Grace v. Affiliated Fin.*, Case No. 05-017194 (Broward County Ct., Fla.) (class action settlement in favor of state-wide class of borrowers whose cars were illegally repossessed);

*Cummins v. H & R Block, Inc.,* Case No. 03-C-134 (Kanawha County Ct., W. Va.) (nationwide class action settlement on behalf of purchasers of tax refund anticipation loans);

*Stein, Stafford v. Schering-Plough Corp.*, Case No. 01-11923-MLW (D. Mass.) ($56 million paid to settle civil portion of qui tam claims that Schering-Plough marketed drugs off-label for uses that had not been approved by the Food & Drug Administration);

*United States ex rel. Constance Conrad v. Eon Labs, Inc*., C.A. No. 02–11738–NG (D. Mass) ($3.48 million qui tam settlement resolving claims that Eon misrepresented the Medicaid eligibility of its oral nitroglycerin products);

*Clague v. FirstMerit Bank*, Case No. 03 CVF 27720 (Cuyahoga County, Ohio) ($18 million settlement on behalf of state-wide class of car owners subject to flawed repossession practices).

*Claudio v. Lance Acceptance Corp*., Case No. 04 CVF 137406 (Lorain County, Ohio) (settlement on behalf of state-wide class of car owners subject to flawed repossession practices);

*Sanborn v. Nicholas Fin., Inc*., Case No. 04 CVI 6969 (Cleveland Municipal Ct., Ohio) (settlement on behalf of state-wide class of car owners subject to flawed repossession practices);

*Lowe v. Ford Motor Credit*, Case No. 99 CVF 15806 (Cuyahoga County, Ohio) ($22 million class action settlement on behalf of state-wide class of borrowers whose cars were illegally repossessed);

*Cooley v. F.N.B. Corp.,* Case No. 10010 of 2003, C.A. (Lawrence County, Penn.) (certified class of consumers deprived of post-default rights, settlement for state-wide class);

*Malacky v. Huntington Nat'l Bank*, Case No. CV 03 491420 (Cuyahoga County Ct., Ohio) (class action settlement in favor of state-wide class of borrowers whose cars were illegally repossessed);

*United States ex rel. Constance Conrad v. Forest Pharmaceuticals, Inc*., C.A. No. 02–11738–NG (D. Mass.) ($24.5 million paid to settle civil portion of qui tam claims that Forest sold unapproved thyroid drug);

*United States ex rel. Constance Conrad v. Schwarz Pharma Inc*., C.A. No. 02–11738–NG (D. Mass.) ($22 million settlement resolving qui tam allegations that Schwarz and others submitted false quarterly reports to the government related to a pair of drugs);

*Mendez v. Island Fin. Corp.*, 03-1075-JAF (D. P.R.) (settlement of class action alleging violations of the Truth in Lending Act);

*Kent v. Western Massachusetts Electric Co*., HAMPCV 2001-00232 (Mass. Super. Ct.) (settlement of consumer claims related to utility overcharge based on misclassification of billing rate);

*Dwyer v. NSTAR, Inc.,* No. SUCV2001-01817 (Mass. Super. Ct.) (settlement of consumer claims related to utility overcharge based on misclassification of billing rate);

*Brown v. Gibraltar Savings Bank,* No. L-710-99 (Superior Court of New Jersey, Law Division, Cumberland County) and *Carrasco v. Parkway Mortgage and Fidelity Security Life Ins. Co.*, No. No. L-00-4815-99, Superior Court of New Jersey, Law Division, Camden County (consolidated class action settlement in favor of statewide class of credit insurance purchasers refunding unearned premiums);

*Lewis v. Nat'l Grid [USA], Inc.*, Civil Action No. 01-0232 (Hampshire Super. Court, Mass.) (class action settlement in favor of regional class of utility customers);

*Torres v. Associates Fin. Services,* CN 03:2003 cv 01135 (D. P.R.) (class action settlement in favor of statewide class of Puerto Rico homeowners who received truth in lending disclosures which understated the cost of the loan);

*Heist v. Chase Manhattan Bank,* C-02-2380 (Frederick County Ct., Md.) (class action settlement in favor of statewide class of Chase borrowers assessed challenged inspection fees);

*Horowitz v. Boch Motor, Inc.,* Civ. No. 01-659 (Norfolk Super. Ct., Mass.) (settlement on behalf of statewide class of consumer car buyers for violations of law prohibiting certain practices in sale of ancillary theft deterrent products);

*Patton v. JB Robinson Jewelers, Inc.,* CA No. 97-C-4151 (N.D. Ill.) and *York v. Weisfields Jewelers, Inc.,* CA No. 98-C-5227 (N.D. Ill.) (class action settlement in favor of nationwide class of financed jewelry purchasers);

*Migut v. Tandy Corp.*, No. 97-C-4800 (N.D. Ill.)  (class action settlement in favor of nationwide class of bankruptcy debtors);

*Donlevy v. First Commercial Mortgage Co., Inc.,* CA No. No. 96-11401-GAO (D. Mass.) (class action settlement in favor of nationwide class of consumer mortgage borrowers);

*Coppola v. Wendover Funding, Inc.,* CA No. 96-11458-PBS (D. Mass.) (class action settlement in favor of nationwide class of consumer mortgage borrowers);

*McKay v. ContiMortgage Corp.*, CA No. 96-10717-EFH (D. Mass.) (class action settlement in favor of nationwide class of consumer mortgage borrowers);

*Mogavero v. Matrix Fin. Services, Corp.,* CA No. 96-11149-GAO (D. Mass.)  and [consolidated] *Limper v. Matrix Fin. Services, Corp.*, 96-CVH-022 (C.P., Ottawa County Ct., Ohio) (class action settlement in favor of national class of consumer mortgage borrowers);

*Davis v. GE Capital Mortgage Services, Inc.,* Civil No. 95-2043 (D. N.J.) (class action settlement in favor of national class of consumer mortgage borrowers);

*Dunmire v. Domestic Loan and Investment Bank, et al.,* CA No. 95-12617-JLT, (D. Mass.) (class action settlement in favor of regional class of consumer mortgage borrowers);

*Dwyer v. Barco Auto Leasing Corp., Barron Chevrolet, Inc., and Bernardi, Inc.,* CA No. 95 - 10888-WGY (D. Mass.) (class action settlement as to the defendants Barron and Bernardi in favor of statewide class of consumer lessees of motor vehicles);

*Black v. Mitsubishi Motors Credit of America, Inc.,* Civil Action No. 94C-3055, (N.D. Ill.) (class action settlement in favor of national class of consumer lessees of Mitsubishi motor vehicles);

*Roach v. Colonial Nat'l Bank and Advanta Mortgage Corp., USA*, No. 93-3542 (Suffolk Super. Ct., Mass.) (class action settlement in favor of statewide class of consumer mortgage borrowers);

*Coley v. Guarantee Trust Life Ins. Co.,* No. 99-006680 (Cir. Ct. of Cook County Ill., Chancery Div.) (class certified in favor of statewide class of credit insurance purchasers refunding unearned premiums);

*Hodo v. Fin. Enterprises Corp.*, No. 93-2861 (Suffolk Super. Ct., Mass.) (multi-plaintiff settlement in favor of elderly eastern Massachusetts consumer mortgage borrowers.

Signed under the penalties of perjury this 11th day of May 2020.

>    */s/ Elizabeth Ryan*
>    Elizabeth Ryan