## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

GRACIE WHITE                                  §
f/k/a GRACIE DORNEUS,                          §
individually and on behalf of persons          §
similarly situated,                             §
                                              §
Plaintiff,                                    §
                                              §
v.                                            §      CIVIL ACTION NO. 3:18-CV-30143-MGM
                                              §
ALLY FINANCIAL INC.,                           §
                                              §
Defendant.                                    §
                                              §
                                              §

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR LEAVE TO FILE
## AMENDED ANSWER AND COUNTERCLAIM TO THE COMPLAINT

## TABLE OF CONTENTS

**Page**

I.      Factual and Procedural Background ........................................................................1

II.     Legal Standard ......................................................................................................1

III.    Argument ..............................................................................................................2

    a.      Ally Has Not Unduly Delayed Asserting the Counterclaim ................................... 2

    b.      The Amended Answer Is Not Sought In Bad Faith Nor Will it Unduly Prejudice Plaintiff ...................................................................................................... 3

    c.      The Counterclaim Asserts a Valid Breach of Contract Claim ........................................ 4

IV.     Conclusion ............................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amicas, Inc. v. GMG Health Systems, Ltd.,*
No. 08-cv-11589, 2009 WL 10694172 (D. Mass. July 24, 2009) ............................................3

*Bastian v. Community Credit Union of Lynn,*
C.A. No. 1982CV00719 (Norfolk Super. Ct. June 29, 2020)...................................................5

*Cadle Co. v. Zottoli,*
No. 930569, 1996 WL 1353297 (Mass. Super. July 25, 1996) ................................................5

*Forward Financing LLC v. Maxx Powersport LLC,*
No. 17-10764, 2017 WL 5892198 (D. Mass. Nov. 29, 2017) ...............................................2, 3

*Maine Windjammers, Inc. v. Sea3, LLC,*
No. 2:18-cv-242, 2019 WL 2178606 (D. Me. May 19, 2019)..................................................3

*Natale v. Espy Corp.,*
No. 13-30008, 2015 WL 3632227 (D. Mass. June 2, 2015)....................................................4

*Poti Holding Co. v. Piggott,*
444 N.E.2d 1311 (Mass. App. Ct. 1983) ...............................................................................5

*Shawmut Worcester Cty. Bank, N.A. v. Miller,*
496 N.E.2d 625 (Mass. 1986) ...............................................................................................5

*Spark Energy Gas, LP v. Toxikon Corp.,*
908 F. Supp. 2d 267 (D. Mass. 2012) ....................................................................................4

*The Hilsinger Co. v. Kleen Concepts*, LLC,
164 F. Supp. 3d 195 (D. Mass. 2016) ....................................................................................3

*Viscito v. Nat'l Planning Corp.,*
No. 3:18-30132-MGM, 2019 WL 7578462 (D. Mass. July 5, 2019).......................................2

**Rules**

Fed. R. Civ. P. 15(a)(2)................................................................................................................2

Defendant Ally Financial Inc. ("Ally") hereby submits this memorandum of law in support of its motion for leave to file an amended answer to Plaintiff Gracie White's ("White") Second Amended Class Action Complaint (the "Complaint").  The amendment would add a breach of contract counterclaim against White, as set forth in the proposed Amended Answer and Counterclaim attached hereto as **Exhibit 1.**

## I.     FACTUAL AND PROCEDURAL BACKGROUND

White entered into a loan agreement with Ally on May 13, 2016 for the purchase of a vehicle.  *See* Compl. ¶ 13.  White ceased making timely payments on her loan and defaulted in 2018, after which she surrendered her vehicle to Ally.  In November 2018, in connection with the vehicle's surrender, White received a notice informing her of Ally's intent to sell the vehicle.  *See id.* ¶ 18.  The Complaint is based on the language used in that notice, which White alleges is in violation of Massachusetts law.  *See id.* ¶ 36.  Ally did in fact sell White's vehicle, but a deficiency balance remains unpaid.  Plaintiffs' default and non-payment are the subject of Ally's counterclaim.

Following briefing and argument, the Court denied Ally's motion to dismiss Plaintiff's Second Amended Complaint on April 13, 2020.  DE 46.  Ally filed its answer on May 11, 2020.  DE 51.  Just three weeks later, on June 1, 2020, the Court entered a stay pending mediation (DE 61), which was not lifted until November 13, 2020 (DE 66).  At that time, the Court entered a scheduling order allowing for pleadings to be amended through December 4, 2020.  *See* DE 66, Scheduling Order ¶ 2.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs the ability of parties to amend pleadings prior to trial, and provides that the court "should freely give leave" to amend "when justice so

requires." Fed. R. Civ. P. 15(a)(2).  When a request to amend is made within a scheduling order's deadline for amendment of pleadings, grounds for denial of leave are generally limited to undue delay, bad faith or dilatory motive, undue prejudice, and futility of amendment.  *Viscito v. Nat'l Planning Corp.*, No. 3:18-30132-MGM, 2019 WL 7578462, at *2 (D. Mass. July 5, 2019).  Here, the Court should enter an order granting the requested leave as the deadline for amending pleadings has not passed and no grounds for denial exist.

### III.    ARGUMENT

Ally seeks to amend its answer to add a counterclaim for breach of contract based on White's default on her vehicle loan—the same default that led to the notice at the heart of her claim.  While this case has long been pending, very little (non-stayed) time has lapsed since Ally first filed its answer, and discovery has only just commenced.  Ally has thus not unduly delayed, nor is there undue prejudice to Plaintiff.  And a Superior Court in Massachusetts has just recently sustained a similar counterclaim for breach of a vehicle loan agreement in the face of a dismissal challenge from the borrower (who asserted the same Massachusetts Commercial Code violation as Plaintiff's complaint asserts here), demonstrating its viability.  Therefore, justice requires that the Court grant Ally leave to amend its answer to assert a counterclaim against Plaintiff.

### a.    <u>Ally Has Not Unduly Delayed Asserting the Counterclaim.</u>

The Court need not tarry long on the undue delay prong of the amendment calculus.  Where, as here, a party seeks to amend the pleadings "at a very early stage" of the case, where there has been "no discovery," a motion to amend should "not be denied on the ground of undue delay." *Forward Financing LLC v. Maxx Powersport LLC*, No. 17-10764, 2017 WL 5892198, at *2 (D. Mass. Nov. 29, 2017).

2

Ally's request to amend its answer with a counterclaim complies with the deadline set forth by the Court's scheduling order and is not sought after an unreasonable delay by Ally. Rather, Ally filed its answer on May 11, 2020. The case was stayed only weeks later, on June 1, 2020. The stay was lifted on November 13, 2020, and Ally brings this motion only a few weeks later. Thus, Ally filed this motion within little more than a month after filing its answer, excluding the period of the stay. Moreover, discovery has only just commenced. Neither party has responded to written discovery nor produced any documents, and this motion is being filed only four days after receipt of Plaintiff's initial disclosures. Under this procedural posture, Ally's request to amend is timely. *See, e.g., Forward Financing*, 2017 WL 5892198, at *2 (permitting amendment of counterclaims where no discovery had yet occurred); *Maine Windjammers, Inc. v. Sea3, LLC*, No. 2:18-cv-242, 2019 WL 2178606, at *4 (D. Me. May 19, 2019) (permitting amendment of counterclaims less than two months after pleading was initially filed). Ally's proposed amendment to its answer is not the product of an impermissible delay that should surprise the Plaintiff, and, as a result, Ally's motion should be granted.

### b.   The Amended Answer Is Not Sought in Bad Faith Nor Will It Unduly Prejudice Plaintiff.

Absent evidence or allegations to the contrary, the Court should presume an absence of bad faith in a party's effort to amend the pleadings. *See, e.g., The Hilsinger Co. v. Kleen Concepts, LLC*, 164 F. Supp. 3d 195, 201 (D. Mass. 2016). Similarly, the Court should "examine the effect and the timing of the proposed amendments to determine whether they would prejudice the rights of any of the other parties to the suit. If no prejudice is found, then leave normally will be granted." *Amicas, Inc. v. GMG Health Systems, Ltd.*, No. 08-cv-11589, 2009 WL 10694172, at *2 (D. Mass. July 24, 2009).

For the same reasons that Ally's request to amend is timely, so too they evidence an absence of bad faith or unfair prejudice.  Ally is seeking to amend its answer to add a valid counterclaim it is entitled to, and indeed, must assert against White.  Given that the Court's scheduling order allows for the amendment of pleadings until December 4, 2020, and that discovery has just begun and will not close for several months, the Court should find that the addition of a counterclaim would not unfairly prejudice White.  White's claim is predicated on the same transaction and same default that gives rise to Ally's claim, and there is neither unfair surprise nor an unwarranted delay to the case that would ensue from the counterclaim's addition to the suit at this juncture.

**c.     The Counterclaim Asserts a Valid Breach of Contract Claim.**

Finally, Ally's counterclaim should not be rejected as futile.  The court employs the futility test to the same extent as the standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *Spark Energy Gas, LP v. Toxikon Corp.*, 908 F. Supp. 2d 267, 272 (D. Mass. 2012).  Nonetheless, the Court should not deny amendment as futile unless the new claim "clearly and unequivocally would be dismissed on its face."  *Green v. Cosby*, 99 F. Supp. 3d 223, 226 (D. Mass. 2015) (Mastroianni, J.); *see also Natale v. Espy Corp.*, No. 13-30008, 2015 WL 3632227, at *1 (D. Mass. June 2, 2015) (Mastroianni, J.) ("In assessing whether an amendment should be denied as futile, the court considers the stage of litigation at which the motion to amend was filed; whether the plaintiff seeks to add new claims, or merely to amend factual allegations; the potential for prejudice to the nonmoving party; how the amended complaint relates to claims previously deemed to have fallen short on a 12(b)(6) challenge; and whether the proposed amended complaint would clearly and unequivocally fail under a 12(b)(6) analysis.") (citations omitted).

4

Ally has a valid breach of contract claim against Plaintiff arising out of the default on her automobile finance loan and her continuing failure to cure that default.  Anticipating that Plaintiff may challenge Ally's ability to pursue a counterclaim for a deficiency in light of their claim that Ally's pre-sale notice did not comply with the Massachusetts Commercial Code, a Massachusetts Superior Court has recently ruled expressly that such a counterclaim *is* viable.  *See Bastian v. Community Credit Union of Lynn*, C.A. No. 1982CV00719 (Norfolk Super. Ct. June 29, 2020), Order attached as **Exhibit 2**.  In *Bastian*, the plaintiff filed a putative class action against Community Credit of Lynn ("CCUC") for violation of the pre-sale notice provision of the Massachusetts Commercial Code (one of the series of class actions brought by Plaintiff's counsel, of which the instant case against Ally is a part).  After CCUC asserted several counterclaims against Bastian, including for breach of contract for default, Bastian moved to dismiss the counterclaims.  The court denied Bastian's motion to dismiss, observing that the counterclaims were not preempted by the UCC, that CCUC was "permitted to pursue a deficiency judgment," and that CCUC's "non-compliance with the UCC would not result in an outright dismissal" of its claims.  *See id.*; *see also, e.g., Shawmut Worcester Cty. Bank, N.A. v. Miller*, 496 N.E.2d 625, 631 (Mass. 1986) ("If the bank is not successful in demonstrating that the disposition of the collateral was commercially reasonable, the bank may still obtain a deficiency judgment in the amount of the debt owing, reduced by any loss resulting from the bank's failure to adhere to the provisions of [UCC] § 9-504(1) and (3)."); *Poti Holding Co. v. Piggott*, 444 N.E.2d 1311, 1314 (Mass. App. Ct. 1983) (permitting a creditor to recover a deficiency judgment where the fair market value was realized, even though the collateral was not sold in a commercially reasonable manner); *c.f. Cadle Co. v. Zottoli*, No. 930569, 1996 WL 1353297, at *6-7 (Mass. Super. July 25, 1996) (finding that holding creditor responsible for costs associated with a repossession and sale that did not strictly

comply with Motor Vehicle Retail Installment Sales Act is a more suitable remedy for harm experienced by borrower than a total bar to creditor's recovery).

Consequently, because Ally's proposed counterclaim does not "clearly and unequivocally fail," the claim cannot be considered futile by the Court. Ally's motion to amend should be granted.

## IV.    CONCLUSION

For the foregoing reasons, Ally respectfully requests that the Court grant its motion for leave to file an amended answer and counterclaim.

Dated: December 4, 2020                      Respectfully submitted,

                                             */s/ Nellie E. Hestin*
                                             Nellie E. Hestin (BBO #676886)
                                             McGuireWoods LLP
                                             Tower Two-Sixty
                                             260 Forbes Avenue, Suite 1800
                                             Pittsburgh, PA 15222-3142
                                             (412) 667-6000
                                             (412) 667-6050 (Fax)
                                             nhestin@mcguirewoods.com

                                             *Counsel for Defendant Ally Financial Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 4, 2020.

/s/ Nellie E. Hestin
Nellie E. Hestin