IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GRACIE WHITE<br>f/k/a GRACIE DORNEUS<br>Individually and on behalf of persons<br>similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>ALLY FINANCIAL INC.,<br><br>Defendant. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:18-CV-30143-MGM |

**STIPULATION AND PROPOSED ORDER REGARDING REMOTE DEPOSITIONS**

WHEREAS, on November 13, 2020, the Court entered an Order setting the case schedule (the "Scheduling Order");

WHEREAS, the Scheduling Order includes specific deadlines for the completion of fact discovery;

WHEREAS, the threat of COVID-19 has caused widespread stay-at-home orders and business restrictions across the United States;

WHEREAS, the parties seek to mitigate the impacts of COVID-19 and seek to continue to effectively and efficiently litigate this case;

WHEREAS, the parties are in agreement with this proposal;

THE PARTIES THUS STIPULATE to the following:

1. The parties agree to proceed with any depositions remotely, by video conference. The parties stipulate that the court reporter, questioning attorney, and defending attorney will not be present with the deponent.

2. The parties agree to arrange these depositions through either Esquire Deposition

1

      Solutions or Ecoscribe Solutions, at the election of the questioning party.

3. The depositions shall include a video feed of the deponent, which upon request by the noticing party will be recorded. Such videotaped testimony can be used at trial, subject to any other rules, as if it was recorded by a certified videographer.

4. The parties stipulate that the court reporter may administer the oath remotely. The defending attorney is required to confirm the identity of the deponent on the record.

5. At the commencement of the deposition, the deponent shall identify on the record all persons in the same room as the deponent.

6. The parties agree that only individuals who would be permitted to attend the deposition if taken in person may attend the deposition remotely.

7. The deponent and his/her counsel may communicate during the course of the deposition to the same extent that they would be permitted to communicate during an in-person deposition.

8. All objections are preserved for trial, although an attorney may still object. If an objection to a question is interposed after the deponent has begun to answer or has answered the question, the parties agree that the objection is not waived.

9. The parties may handle exhibits for these remote depositions in any of three ways:

    a. First, any party asking questions may send the deposition exhibits (preferably electronically in .pdf format) to all of the other parties, the court reporter, and the deponent prior to the start of the deposition. The witness and receiving party agree not to review any exhibits prior to the witness being asked questions and agree to destroy any unused exhibits after the deposition. The parties stipulate that the digital exhibit will become the official copy of record.

    b. Second, the asking party may send the exhibits directly to the deponent in a sealed box, with the requirement it must be unsealed only while on the record and on video during the deposition. The asking party may also include sealed

2

envelopes in the box to be opened upon request during the deposition in the same manner. The box will include a return label and/or the noticing party will arrange for a courier to pick up the exhibits from the deponent's home (or deposition location) for delivery to the court reporter. The exhibits can be provided to the other parties electronically prior to the deposition or similarly in a sealed box and/or with sealed envelopes. If provided electronically, the receiving party agrees not to review any exhibits prior to the witness being asked questions and agrees to destroy any unused exhibits after the deposition.

c. Third, the parties may arrange for the use of a deposition exhibit platform, which allows users to upload the exhibits prior to the deposition or screen-share them (and to otherwise share them so that the defending attorney has a copy) and then be displayed to all other parties, the witness, and the court reporter during the deposition.

10. The parties agree to work in good faith to set up and test technology in advance of remote depositions, as needed.

11. In the event a dispute is to be brought to the Court's attention during a remote deposition, the parties agree to join on a conference line to contact the Court.

IT IS SO STIPULATED.

/s/ *Elizabeth Ryan*
Elizabeth Ryan (BBO # 549632)
John Roddy (BBO # 424240)
Bailey & Glasser LLP
176 Federal Street, 5th Floor
Boston, MA 02110
(617) 439-6730
(617) 951-3954 (fax)
eryan@baileyglasser.com
jroddy@baileyglasser.com

/s/ *Nellie E. Hestin*
Nellie E. Hestin (BBO # 676886)
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
Phone: (412) 667-7909
E-Mail: nhestin@mcguirewoods.com

*Counsel for Defendant Ally Financial Inc.*

Raven Moeslinger (BBO# 687956)
Nicholas F. Ortiz (BBO# 655135)
Law Office of Nicholas F. Ortiz, P.C.
50 Congress Street, Suite 540
Boston, MA 02110
(617) 338-9400
rm@mass-legal.com
nfo@mass-legal.com

*Counsel for Plaintiff*

IT IS SO ORDERED.

_____
MARK G. MASTROIANNI
United States District Judge

12/16/20

4