*EXHIBIT A*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GRACIE WHITE | § | |
| f/k/a GRACIE DORNEUS | § | |
| Individually and on behalf of persons | § | |
| similarly situated | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO.  3:18-CV-30143- |
| v. | § | MGM |
| | § | |
| ALLY FINANCIAL INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## DEFENDANT ALLY FINANCIAL INC.'S
## ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Ally Financial Inc.  ("Defendant" or "Ally"), by and through the undersigned counsel, hereby submits the following Objections and Responses to Plaintiff's First Set of Interrogatories.

Nothing contained in any answer herein shall be deemed to be a concession or waiver by Defendant as to the relevance, materiality, or admissibility of documents or information provided in response to Plaintiff's First Set of Interrogatories.  The presence of an objection to any Interrogatory does not necessarily indicate that information responsive to that Interrogatory has been withheld from discovery.  Ally reserves the right to supplement or amend its responses to Plaintiff's First Set of Interrogatories as it may hereafter deem appropriate in accordance with the Federal Rules of Civil Procedure.

## OBJECTIONS TO DEFINITIONS OF TERMS AND INSTRUCTIONS

3.      Ally objects to Plaintiff's definition of "Class Members" because, among other things, it purports to include consumer borrowers who cannot be members of the class for one or more of the reasons stated in Ally's Amended Answer and Affirmative Defenses and more fully in Ally's Opposition to Class Certification. Ally further objects to the definition as it purports to extend to consumers receiving the applicable notice "on or after July 16, 2014." The Second Amended Complaint ("SAC") adding White as a named plaintiff was filed on May 22, 2019.  Prior to that, the only class representative was Randall, whose claim has been dismissed because he cannot seek relief from Ally under Massachusetts statutes.  Because Randall's claim was not properly before the Court, the SAC does not relate back to Randall's initial complaint, and the putative class is limited customers who received a notice on or after May 22, 2015.  Ally further objects to the definition of "substantially similar" and its incorporation in Plaintiff's definition of "Class Members" as it is overly broad, vague, and ambiguous and would require Ally to concede by guess that a particular notice is "substantially similar" according to Plaintiff's amorphous

definition.  Ally further objects that the definition of "Class Members", by referring to choice-of-law provisions in individuals' vehicle sales contracts, would require contract-by-contract review to ascertain, and is therefore overly broad and unduly burdensome.

2.   **State the number of Class Members.**

**ANSWER:**  Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this Interrogatory on the ground that it is vague and ambiguous because of its incorporation of the term "Class Members."  Ally further objects that this Interrogatory is overly burdensome, as the definition of "Class Member" would require Ally to engage in individual file review to ascertain its answer, which exceeds the permissible scope of discovery under the Federal Rules and defeats the purpose of Federal Rule 23.

3.   **Identify each Class Member by stating the following information for each individual:**

a.   **The individual's name;**
b.   **The date upon which Ally repossessed the Class Member's vehicle;**
c.   **The date Ally sent the Class Member a Pre-Sale Notice;**
d.   **The date upon which Ally sold the Class Member's vehicle;**
e.   **The amount financed by each Class Member and the related finance/credit service charge for the purchase of their vehicle;**
f.   **Whether the Class Member received a discharge in bankruptcy after Ally repossessed his/her vehicle;**
g.   **Whether the Class Member's sale contract and/or RISC contains an arbitration clause;**
h.   **Whether you have obtained judgment against the Class Member;**
i.   **Any deficiency balance alleged to be owed by the Class Member; and**
j.   **Any amounts collected from the Class Member by Ally after the repossession of his/her vehicle.**

**ANSWER:**  Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this Interrogatory on the ground that it is overly broad, vague, ambiguous, and beyond the scope of what is required under the Federal Rules of Civil Procedure, as the definition of "Class Member" and the ten different subsets of information sought through this Interrogatory would require Ally to engage in individual file review to identify those customers falling within the definition, and the requested parameters for each customer, which exceeds the permissible scope of discovery under the Federal Rules and defeats the purpose of Federal Rule 23.  Ally

further objects to this Interrogatory to the extent it seeks non-public personally identifying or other financial information belonging to Ally's customers, which are protected from disclosure. Ally further objects on the ground that the Interrogatory seeks class-wide merits discovery prior to any decision by the Court regarding class certification.

**8.     State whether You are able to obtain the information requested in Interrogatory #3 through a query or search of electronic databases of Your accounts.  If You are able to identify some information but not all, state which items of information You are able to obtain.**

     **ANSWER:**  Ally incorporates herein its responses and objections to Interrogatory No.  3 as well as Request for Admission No.  6 as if set forth in full.

Dated: January 4, 2021

/s/ Nellie E.  Hestin

Nellie E.  Hestin (BBO #676886)
Jared M. DeBona (*pro hac* pending)
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222-3142
(412) 667-6000
(412) 667-6050 (Fax)
nhestin@mcguirewoods.com

*Counsel for Defendant Ally Financial Inc.*