**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GRACIE WHITE<br>f/k/a GRACIE DORNEUS<br>Individually and on behalf of persons<br>similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br>CIVIL ACTION NO. 3:18-CV-30143-MGM |

**DEFENDANT ALLY FINANCIAL INC.'S RESPONSES
TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Ally Financial Inc. ("Defendant" or "Ally"), by and through the undersigned counsel, hereby submits the following responses and objections to Plaintiff's First Request for Production of Documents.

Nothing contained in any answer herein shall be deemed to be a concession or waiver by Defendant as to the relevance, materiality, or admissibility of documents or information in response to Plaintiff's First Request for Production of Documents. The presence of an objection to any Request does not necessarily indicate that information responsive to that Request has been withheld from discovery. Defendant reserves the right to supplement or amend its responses to Plaintiff's First Request for Production of Documents as it may hereafter deem appropriate in accordance with the Federal Rules of Civil Procedure.

**OBJECTIONS TO DEFINITIONS OF TERMS AND INSTRUCTIONS**

3.      Ally objects to Plaintiff's definition of "Class Members" because, among other things, it purports to include consumer borrowers who cannot be members of the class for one or more of the reasons stated in Ally's Amended Answer and Affirmative Defenses and more fully in Ally's Opposition to Class Certification. Ally further objects to the definition as it purports to extend to consumers receiving the applicable notice "on or after July 16, 2014." The Second Amended Complaint ("SAC") adding White as a named plaintiff was filed on May 22, 2019.  Prior to that, the only class representative was Randall, whose claim has been dismissed because he cannot seek relief from Ally under Massachusetts statutes.  Because Randall's claim was not properly before the Court, the SAC does not relate back to Randall's initial complaint, and the putative class is limited customers who received a notice on or after May 22, 2015.  Ally further objects to the definition of "substantially similar" and its incorporation in Plaintiff's definition of "Class Members" as it is overly broad, vague, and ambiguous and would require Ally to concede by guess that a particular notice is "substantially similar" according to Plaintiff's amorphous

definition. Ally further objects that the definition of "Class Members", by referring to choice-of-law provisions in individuals' vehicle sales contracts, would require contract-by-contract review to ascertain, and is therefore overly broad and unduly burdensome.

**5.    Documents and communications sent or received by Ally during the Relevant Time Period that refer to M.G.L. c. 255B, §20B and/or "fair market value" and/or "retail value."**

**RESPONSE:**  Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this Request as overly broad, unduly burdensome, and beyond the scope of what is permitted under the Federal Rules of Civil Procedure as it seeks all "documents and communications" related generally to a statute and two broad terms—"fair market value" and "retail value"—over a four-year period.  For instance, by its terms, this request seeks every piece of correspondence with the words "retail value" on it, over more than four years.  Ally further objects to this Request as irrelevant and unlikely to lead to the discovery of admissible evidence, as "documents and communications" broadly related to the terms "fair market value" and "retail value" are unlikely to have any bearing on Plaintiff's asserted claim that the notice Ally sent after it took possession of her vehicle failed to comply with the UCC.  Ally further objects to this Request as overly broad because of its incorporation of the overly broad "Relevant Period."  Ally further objects to the extent this Request seeks documents protected by attorney-client and work product privileges.  Ally further objects to this Request to the extent it seeks non-public personally identifying or other financial information belonging to Ally's customers, which are protected from

disclosure.  Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification.  Responsive documents, to the extent any exist, will be withheld based on one or more of the foregoing objections.

**7.     All versions and/or iterations of Pre-Sale Notices Ally sent during the Relevant Time Period.**

**RESPONSE:** Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this Request as vague, overly broad, and unduly burdensome as to meaning of "version[] or iteration[]" in that each notice sent to a customer varies depending on the customer and the facts surrounding his or her vehicle and default, which may qualify each such notice as a "version[] and/or iteration[]" of another.  Ally further objects to this Request as overly broad and ambiguous because of its incorporation of the overly broad "Relevant Period" and "Pre-Sale

Notice." By its terms, this Request would require Ally to search for and produce every pre-sale notice sent within Massachusetts over a four-year period, which is unduly burdensome. Ally further objects to this Request to the extent it seeks non-public personally identifying or other financial information belonging to Ally's customers, which are protected from disclosure. Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification. Responsive documents, to the extent any exist, will be withheld based on one or more of the foregoing objections.

8.  **All versions and/or iterations of notices sent to Massachusetts borrowers during the Relevant Time Period that informed them that Ally had repossessed their motor vehicles.**

    **RESPONSE:** Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this Request as vague, overly broad, and unduly burdensome as to meaning of "version[] or iteration[]" in that each communication sent to a customer varies depending on the customer and the facts surrounding his or her vehicle and default, which may qualify each such notice as a "version[] and/or iteration[]" of another. Ally further objects to this Request as overly broad, vague, and ambiguous as to the meaning of "Massachusetts borrowers," as this term is undefined and may include Ally customers such as former Plaintiff James Randall, a Massachusetts resident whose vehicle was repossessed and sold in Massachusetts, but whose retail installment sales contract ("RISC") provides that a different state's laws apply. This request thus exceeds the scope of the putative class and therefore is overly broad. Ally further objects to this Request as overly broad because of its incorporation of the overly broad "Relevant Period." By its terms, this Request would require Ally to search for and produce every pre-sale notice sent within Massachusetts over a four-year period, as well as any other correspondence that "informs"

9

the borrower of repossession, which is unduly burdensome.  Ally further objects to this Request to the extent it seeks non-public personally identifying or other financial information belonging to Ally's customers, which are protected from disclosure.  Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification.  Responsive documents, to the extent any exist, will be withheld based on one or more of the foregoing objections.

**9.    All versions or iterations of form notices or letters regarding deficiency balances or surpluses, Ally sent during the Relevant Period to Massachusetts borrowers after their repossessed vehicles were sold.**

**RESPONSE:**  Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this Request as irrelevant and unlikely to lead to the discovery of admissible evidence because any notices or letters sent to "Massachusetts borrowers" *after* their vehicles were sold have no bearing on Plaintiff's asserted claim regarding the notice she received *prior* to the sale of her vehicle.  Ally further objects to this Request as overly broad because it seeks these irrelevant "notices and letters" over four years, does not define what constitutes a "form notice or letter," or what constitutes a "version or iteration" of such communications.  This Request is likewise overly broad, vague, and ambiguous as to the meaning of "Massachusetts borrowers," as this term is undefined and may include Ally customers such as former Plaintiff James Randall, who is a Massachusetts resident whose vehicle was repossessed and sold in Massachusetts, but whose RISC provides that a different state's laws apply, which precludes membership in the putative class. Ally further objects to this Request as overly broad because of its incorporation of the overly broad "Relevant Period."  By its terms, this Request would require Ally to search for and produce every communication to a borrower regarding a surplus or deficiency sent within

10

Massachusetts over a four-year period, which is unduly burdensome. Ally further objects to this Request to the extent it seeks non-public personally identifying or other financial information belonging to Ally's customers, which are protected from disclosure. Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification. Responsive documents, to the extent any exist, will be withheld based on one or more of the foregoing objections.

10. **All vehicle sales contracts related to Class Members.**

**RESPONSE:** Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this Request on the ground that the term "Class Member" is overly broad, vague, and ambiguous. Ally further objects to this Request as unduly burdensome because ascertaining the population of "Class Members," and collecting the vehicle sales contracts for those individuals, would require Ally to engage in individual file review. Ally further objects to this Request to the extent it seeks non-public personally identifying or other financial information belonging to Ally's customers, which are protected from disclosure. Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification. Responsive documents, to the extent any exist, will be withheld based on one or more of the foregoing objections.

11. **All RISCs related to Class Members.**

**RESPONSE:** Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this Request on the ground that the term "Class Member" is overly broad, vague, and ambiguous. Ally further objects to this Request as unduly burdensome because ascertaining the population of "Class Members," and collecting the RISCs for those individuals, would require Ally to engage in individual file review. Ally further objects to this Request to the extent it seeks

non-public personally identifying or other financial information belonging to Ally's customers, which are protected from disclosure. Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification. Responsive documents, to the extent any exist, will be withheld based on one or more of the foregoing objections.

**12.     Documents sufficient to show the amount financed by Class Members and the related finance/credit service charge related to the purchase of their vehicles that Ally repossessed.**

**RESPONSE:** Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this Request on the ground that the term "Class Member" is overly broad, vague, and ambiguous. Ally further objects to this Request as unduly burdensome because ascertaining the population of "Class Members," and collecting the underlying sales documents for those individuals, would require Ally to engage in individual file review. Ally further objects to this Request to the extent it seeks non-public personally identifying or other financial information belonging to Ally's customers, which are protected from disclosure. Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification. Responsive documents, to the extent any exist, will be withheld based on one or more of the foregoing objections.

**13.     All Truth-In-Lending disclosures related to Class Members and their vehicles that Ally repossessed.**

**RESPONSE:** Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this Request on the ground that the term "Class Member" is overly broad, vague, and ambiguous. Ally further objects to this Request as unduly burdensome because ascertaining

the population of "Class Members," and collecting the "Truth-In-Lending disclosures" for those individuals, would require Ally to engage in individual file review. Ally further objects that this Request is irrelevant and unlikely to lead to the discovery of admissible evidence, as a putative class member's Truth-In-Lending disclosure has no bearing on Plaintiff's asserted claim that the notice Ally sent to Plaintiff after taking possession of her vehicle violates the UCC. Ally further objects to this Request to the extent it seeks non-public personally identifying or other financial information belonging to Ally's customers, which are protected from disclosure. Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification. Responsive documents, to the extent any exist, will be withheld based on one or more of the foregoing objections.

**14.     Documents sufficient to show the date that Ally sold the vehicles of Class Members that Ally repossessed.**

**RESPONSE:**  Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this Request on the ground that the term "Class Member" is overly broad, vague, and ambiguous. Ally further objects to this Request as unduly burdensome because ascertaining the population of "Class Members," and identifying and collecting relevant vehicle sales documents for those individuals (if any), would require Ally to engage in individual file review. Ally further objects to this Request to the extent it seeks non-public personally identifying or other financial information belonging to Ally's customers, which are protected from disclosure. Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification. Responsive documents, to the extent any exist, will be withheld based on one or more of the foregoing objections.

17. **All Repossession Logs related in any way to Class Members.**

**RESPONSE:** Ally incorporates its Objections to Definitions of Terms and Instructions. Ally further objects to the term "Repossession Logs" as overly broad and unduly burdensome in that it seeks "all reports, lists, or other compendia which identify repossessions," without further limitations or explanation, over a four-year period. Ally objects to this Request on the ground that the term "Class Member" is overly broad, vague, and ambiguous. Ally further objects to this

14

Request as unduly burdensome because ascertaining the population of "Class Members" would require Ally to engage in individual file review, and overly broad insofar as it seeks without limitation "Repossession Logs" that "relate[] in any way" to such "Class Members." Ally further objects to this Request to the extent it seeks non-public personally identifying or other financial information belonging to Ally's customers, which are protected from disclosure. Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification. Responsive documents, to the extent any exist, will be withheld based on one or more of the foregoing objections.

**18.    All documents reflecting the calculation of any statutory damages that may become due to Class Members pursuant to M.G.L. c. 106 § 9-625(c)(2).**

**RESPONSE:** Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this request because it calls for a legal conclusion, or requires Ally to assume a legal conclusion that has not been ruled on by the Court. Ally further objects to this Request as unduly burdensome because ascertaining the population of "Class Members" would require Ally to engage in individual file review. Ally further objects that "statutory damages" is undefined and subject to multiple interpretations. Ally further objects to this Request to the extent it seeks non-public personally identifying or other financial information belonging to Ally's customers, which are protected from disclosure. Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification. Ally further objects to the extent this Request seeks documents protected by attorney-client and work product privileges. Responsive documents, to the extent any exist, will be withheld based on one or more of the foregoing objections.

**21.     All contracts referenced in the Fifth Affirmative Defense asserted in Ally's Answer.**

**RESPONSE:** Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this Request on the ground that the Request is overly broad, unduly burdensome, and beyond the scope of what is required under the Federal Rules of Civil Procedure, as it would require Ally to conduct individual-file review to determine each customer potentially in the putative class and whether that customer's RISC contains a class action waiver clause.  Ally further objects to this Request as overly broad and unduly burdensome because it seeks "all" contracts over four years.  Ally further objects to this Request to the extent it seeks non-public personally

identifying or other financial information belonging to Ally's customers, which are protected from disclosure. Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification. Subject to and without waiving these objections, Ally will produce responsive, anonymized sample RISCs containing class action waiver clauses.

22. **All contractual arbitration clauses referenced in the Sixth Affirmative Defense asserted in Ally's Answer.**

**RESPONSE:** Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this Request on the ground that the Request is overly broad, unduly burdensome, and beyond the scope of what is required under the Federal Rules of Civil Procedure, as it would require Ally to conduct individual-file review to determine each customer potentially in the putative class before and whether that customer's RISC contains an enforceable arbitration clause. Ally further objects to this Request as overly broad and unduly burdensome because it seeks "all" contractual arbitration clauses over four years. Ally further objects to this Request to the extent it seeks non-public personally identifying or other financial information belonging to Ally's customers, which are protected from disclosure. Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification. Subject to and without waiving these objections, Ally will produce responsive, anonymized sample RISCs containing arbitration provisions.

23. **Documents that support your statute of limitations defense referenced in the Thirteenth Affirmative Defense asserted in Your Answer.**

**RESPONSE:** Ally incorporates its Objections to Definitions of Terms and Instructions. Ally further objects to this Request to the extent it seeks non-public personally identifying or other

17

financial information belonging to Ally's customers, which are protected from disclosure. Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification. Subject to and without waiving these objections, Ally refers Plaintiff to the Second Amended Complaint and the Court's Memorandum and Order Regarding Defendant's Motion to Dismiss.

**24. Documents sufficient to identify all bankruptcies referenced in the Seventeenth Affirmative Defense asserted in in Your Answer.**

**RESPONSE:** Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this Request on the ground that it is overly broad, unduly burdensome, and beyond the scope of what is required under the Federal Rules of Civil Procedure, as it would require Ally to conduct individual-file review of each potential putative class member's loan file as well as public bankruptcy filings in order to provide the requested information. Ally further objects to this Request as overly broad and unduly burdensome in that it seeks documents identifying "all bankruptcies" over four years. Ally further objects to this Request to the extent it seeks non-public personally identifying or other financial information belonging to Ally's customers, which are protected from disclosure. Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification. Subject to and without waiving these objections, and following execution of an agreed confidentiality order, Ally will produce responsive documents from a sample of customers who have previously received a discharge in bankruptcy.

**25. Documents that support Your res judicata defense referenced in the Sixteenth Affirmative Defense asserted in in Your Answer.**

18

**RESPONSE:**  Ally incorporates its Objections to Definitions of Terms and Instructions. Ally objects to this Request on the ground that it is overly broad, unduly burdensome, and beyond the scope of what is required under the Federal Rules of Civil Procedure, as it would require Ally to conduct individual-file review of each putative class member's loan file as well as public court filings related to any prior deficiency lawsuits in order to provide the requested information.  Ally further objects to this Request to the extent it seeks non-public personally identifying or other financial information belonging to Ally's customers, which are protected from disclosure.  Ally further objects on the ground that this Request seeks class-wide merits discovery prior to any decision by the Court regarding class certification.  Subject to and without waiving these objections, and following execution of an agreed confidentiality order, Ally will produce responsive non-privileged documents from a sample of customers against whom Ally has previously received a judgment.

Dated: January 4, 2021

/s/ Nellie E. Hestin
Nellie E. Hestin (BBO #676886)
Jared M. DeBona (*pro hac* pending)
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222-3142
(412) 667-6000
(412) 667-6050 (Fax)
nhestin@mcguirewoods.com

*Counsel for Defendant Ally Financial Inc.*