# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GRACIE WHITE<br>f/k/a GRACIE DORNEUS,<br>individually and on behalf of persons<br>similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:18-CV-30143-MGM |

**DEFENDANT ALLY FINANCIAL INC.'S SUR-REPLY IN OPPOSITION TO**
**<u>PLAINTIFF'S MOTION FOR CLASS CERTIFICATION</u>**

## TABLE OF CONTENTS

                                                                                                                                               **Page**

A.     Ally Has Not Refused to Produce Information in Discovery, and the Court May Properly Consider the Whole of the Charles Declaration ................................................................. 1

B.     White Cannot Avoid Individual Issues by Making the Class Definition a Moving Target 3

C.     White's Claim Does Not Relate Back to Randall's Initial Complaint................................ 3

D.     Ally's Counterclaims against the Putative Class Defeat Predominance and Make White an Inadequate Class Representative .................................................................................. 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cotchett v. Avis Rent A Car System, Inc.*,
   56 F.R.D. 549 (S.D.N.Y. 1972) ...........................................................................................5, 6

*Dahl v. Bain Capital Partners, LLC*,
   760 F. Supp. 2d 196 (D. Mass 2011) .........................................................................................4

*Harrison-Hoge Indus., Inc. v. Panther Martin S.R.L.*,
   No. 05-2851, 2008 WL 905892 (E.D.N.Y. Mar. 31, 2008) ........................................................2

*Heaven v. Tr. Co. Bank*,
   118 F.3d 735 (11th Cir. 1997) ....................................................................................................3

*In re Elscint, Ltd. Securities Litigation*,
   674 F.Supp. 374 (D. Mass. 1987) ..............................................................................................4

*Mosca v. Brookline Bank*,
   No. 07-0771-G, 2008 WL 6549061 (Mass. Super. July 18, 2008) ............................................6

*Philbrick v. eNom, Inc.*,
   593 F. Supp. 2d 352 (D.N.H. 2009) ...........................................................................................2

*Rental Car of New Hampshire, Inc. v. Westinghouse Elec. Corp.*,
   496 F. Supp. 373 (D. Mass. 1980) .........................................................................................5, 6

*Wang Yan v. ReWalk Robotics Ltd.*,
   391 F. Supp. 3d 150 (D. Mass. 2019) ........................................................................................4

*Yan v. ReWalk Robotics Ltd.*,
   973 F.3d 22 (1st Cir. 2020) ........................................................................................................4

White's reply in support of her motion for class certification does not overcome the issues raised in Ally's opposition. Ally has produced sufficient evidence to support its defenses, and any grievance White may have as to the status of discovery is self-inflicted. Further, White cannot overcome the vast amount of individual issues inherent in her putative class by asking the Court to partake in an exercise to redefine the class to include only those who are not subject to individual defenses, as this would require the same individualized fact-finding that makes class treatment inappropriate in the first instance. Moreover, contrary to White's argument, and even under the Massachusetts relation back rules, White's claim should not relate back to Randall's because Randall's claim was never properly before the Court and White was not in Randall's initial class. Finally, federal courts have permitted defendants in class actions to raise the existence of counterclaims against class members when opposing class certification and the existence of such counterclaims here defeat predominance and make White an inadequate class representative.

**A.   Ally Has Not Refused to Produce Information in Discovery, and the Court May Properly Consider the Whole of the Charles Declaration.**

White's argument that Ally should be barred from raising its individual defenses to class certification because it "refused" to produce evidence in discovery or as attached to its opposition is a farce. First, any plight White may have regarding the status of discovery is of her own doing. White moved for class certification prior to conducting any discovery and then advocated for an expedited briefing schedule that failed to provide meaningful time for discovery before class briefing closed. *See, e.g.,* ECF #68 (Pl.'s Opposition to Motion for Extension).

Second, White's position that Ally has not produced evidence in support of its defenses regarding arbitration agreements, bankruptcies, and deficiency judgments is simply untrue. In its initial disclosures, Ally made clear that it would be relying on "sample documents relating to

putative class members" in support of its defenses.  *See* Declaration of Nellie E. Hestin ("Hestin Decl.") ¶ 3, attached hereto as **Exhibit 1**.  White has not objected to Ally's initial disclosures.  *Id.* ¶ 4.  Consistent with its disclosures, Ally has produced sample class RISCs containing arbitration agreements, sample bankruptcy petitions filed by putative class members, and sample deficiency judgments Ally has pursued and obtained against putative class members.  *Id.* ¶ 5.  Ally also conferred with White regarding its discovery responses and agreed to supplement its production with additional sample RISCs.  *Id.* ¶ 6. The parties are also in the midst of scheduling Rule 30(b)(6) and individual depositions, with the deposition of Ally's Rule 30(b)(6) representative scheduled for February 26, 2021.  Again, that discovery is not at a level of completion that White desires is solely attributable to the case schedule she has sought.

Third, the declaration of James D. Charles (the "Charles Declaration") is evidence of Ally's defenses and should be considered in full because it is properly supported.  Mr. Charles' declaration clearly states that he relies on his personal knowledge as well as his review of Ally's business records, Charles Decl. ¶¶ 1-2, and both are proper bases of a declaration.  *See, e.g., Philbrick v. eNom, Inc.*, 593 F. Supp. 2d 352, 364 (D.N.H. 2009) (quoting *Harrison-Hoge Indus., Inc. v. Panther Martin S.R.L.*, No. 05-2851, 2008 WL 905892, at *28 (E.D.N.Y. Mar. 31, 2008)) ("It is axiomatic that a corporate representative may testify and submit affidavits based on knowledge gained from a review of books and records.").

Finally, White's argument that Ally did not provide evidentiary support to indicate the "scope" of some of its defenses—for example, Reply at 10 ("Ally has not identified one single putative class member that would be subject to" a defense that he or she received a second, compliant notice)—highlights the individual issues Ally's defenses raise.  As Mr. Charles stated in his declaration, Ally conducted a review of a selection of its files to confirm that there are

2

members of the class subject to this defense.  *See* Charles Decl. ¶ 29.  However, Ally cannot confirm precisely how many customers within the putative class may be subject to this defense without analyzing the records of each customer, creating individual issues, which—compounded with similar issues flowing from Ally's other defenses—predominate over those common to the class.

### B. White Cannot Avoid Individual Issues by Making the Class Definition a Moving Target.

White attempts to avoid the individual issues inherent in her putative class by resorting to a recurring refrain suggesting that the Court revise the class definition to avoid individual issues related to bankruptcies, deficiency judgments, releases, unsold vehicles, and choice of law provisions altogether.  *See* Reply at 5-6, 9, 10, and 19.  While the Court has the power to modify a class definition when appropriate, the Court should not do so here where White is essentially asking the Court to formulate and define whatever class it is comfortable certifying and the redefinition itself would require the resolution of predominating individual issues.  For the Court and Ally to properly exclude or divide customers subject to each of these five issues into sub-classes, they would be required to conduct the very same individual fact finding that makes the claims inappropriate for class resolution in the first place.  *See Heaven v. Tr. Co. Bank*, 118 F.3d 735, 738 (11th Cir. 1997) (affirming district court's refusal to redefine class because such redefinition "would involve fact fact-finding difficulties similar to those associated with maintaining the class action.").

### C. White's Claim Does Not Relate Back to Randall's Initial Complaint.

White fails to provide a persuasive argument for permitting her class claim to relate back to Randall's, even under Massachusetts' relation back rules.  As an initial matter, this is not a "consumer protection" action, and White provides no authority that claims under Article 9 of the

3

Massachusetts Commercial Code are governed by M.G.L. c. 260 § 5A.  Further, White fails to cite any authority applying Massachusetts Rule 15(c) in a way that would permit expanding the class period so that it relates back to the claims of a dismissed plaintiff who did not have standing to sue under the statute at issue.  To do so here would "condone or encourage attempts to circumvent the statute of limitation by filing a lawsuit without an appropriate plaintiff and then searching for one who can later intervene" and relate back to the inadequate plaintiff—exactly what other courts have prohibited.  *Wang Yan v. ReWalk Robotics Ltd.*, 391 F. Supp. 3d 150, 158-59 (D. Mass. 2019), *aff'd on other grounds sub nom. Yan v. ReWalk Robotics Ltd.*, 973 F.3d 22 (1st Cir. 2020) (quoting *In re Elscint, Ltd. Securities Litigation*, 674 F.Supp. 374, 377-79 (D. Mass. 1987)).

Moreover, the only case White does cite in the class context, *Dahl v. Bain Capital Partners, LLC*, 760 F. Supp. 2d 196 (D. Mass 2011), does not apply here.  First, the original plaintiffs in *Dahl* were not dismissed; here, original plaintiff Randall *was* dismissed.  Second, the *Dahl* court found that new claims related back because they represented the adding of claims under Federal Rule 15(c)(1)(B), not the adding of a new party; the "new" *Dahl* plaintiffs were in the original class.  *Id.* at 200-01.  This is not the case here.  Randall filed his initial complaint on July 30, 2018, in which he sought to represent a class of all persons who received a similar pre-sale notice from July 30, 2014 through July 30, 2018.  *See* ECF #1-1 (Original Compl.), ¶ 14.  White did not receive the pre-sale notice underlying her claim until November 1, 2018; so, unlike the new plaintiff in *Dahl*, White was not in Randall's original class.  *See* Charles Decl. ¶¶ 12-13.

Because the weight of authority counsels against permitting relation-back here, White's class must be limited to four years preceding the filing of the Second Amended Complaint, which compounds the individual issues before the Court.

### D. Ally's Counterclaims against the Putative Class Defeat Predominance and Make White an Inadequate Class Representative.

White first argues that Ally's counterclaims against class members do not bear upon predominance by pointing to cases where such counterclaims were considered "speculative." Reply at 14. Those cases are inapposite because there is no need for speculation here. Ally has already moved to amend its answer to include a counterclaim against White to recover the deficiency balance owed on her account. *See* ECF #70 (Ally's Motion to Amend). Further, White herself put each putative class member's outstanding deficiency balance at issue in this litigation by seeking deficiency balance waivers on behalf of the entire class. *See* Reply at 16 n. 4; ECF #33 (2d Am. Compl.) at p. 7 (Wherefore Clause). White cannot attribute the existence of Ally's counterclaims for deficiency balances to "speculation" on one hand, yet on the other seek to preempt those counterclaims in this class action through the deficiency waivers sought on behalf of the class.

White's argument that the Court should not consider Ally's counterclaims because class members are not "opposing parties" also rings hollow. The only case White cites from within this District for the proposition that Rule 13 does not authorize counterclaims against class members makes no mention of Rule 13. *See generally Rental Car of New Hampshire, Inc. v. Westinghouse Elec. Corp.*, 496 F. Supp. 373, 381 (D. Mass. 1980). Further, the Court in *Rental Car* indicated that had the counterclaims been similar to those in *Cotchett v. Avis Rent A Car System, Inc.*, 56 F.R.D. 549, 553 (S.D.N.Y. 1972), its holding that the defendant's counterclaims did not preclude class certification may have been different. *Id*. ("[D]efendants have not shown that potential recovery on the counterclaims would far exceed the possible recovery from the antitrust claims in some cases. Thus defendants have not shown that this case falls within the holding of *Cotchett*[.]"). Unlike *Rental Car*, the present case is analogous to *Cotchett*. In *Cotchett*, the Court denied class

5

certification in part because the fact that damages on the defendant's counterclaims may exceed a class member's recovery would cause many class members to opt out as soon as possible, making it unfair for those members.  *Cotchett*, 56 F.R.D. at 553.  The same is likely to be true here, as Ally has confirmed that its recovery against class members will at times exceed their statutory damages.  *See* Charles Decl. ¶¶ 32-33.  Further, unlike in *Rental Car*, Ally's counterclaims are not based on "essentially different issues" than the class claims, as shown by the fact that White seeks deficiency waivers on behalf of the class—the inverse of the relief Ally would pursue in its counterclaims.

Finally, White offers no legitimate reason why the Court should ignore *Mosca*, which reasoned similarly to *Cotchett*.  That case remains good law, and directly addresses the exact issue before the Court:  whether the presence of counterclaims in class actions brought under Article 9 of the Massachusetts Commercial Code may defeat predominance and cause the class representative to be inadequate.  *See Mosca v. Brookline Bank*, No. 07-0771-G, 2008 WL 6549061 (Mass. Super. July 18, 2008).  The answer is that it does.  *Id.*  For this reason, and those further set forth in Ally's opposition, the existence of Ally's counterclaims militates against class certification.

For the foregoing reasons, as well as those set forth in Ally's Opposition, Ally respectfully requests that the Court deny White's Motion, as she has not fulfilled her burden under Federal Rule of Civil Procedure 23.

| | |
|---|---|
| Dated: February 22, 2021 | Respectfully submitted, |
| | |
| | */s/ Nellie E. Hestin* |
| | Nellie E. Hestin (BBO #676886) |
| | Jared M. DeBona (*pro hac* pending) |
| | McGuireWoods LLP |
| | Tower Two-Sixty |
| | 260 Forbes Avenue, Suite 1800 |
| | Pittsburgh, PA 15222-3142 |
| | (412) 667-6000 |
| | (412) 667-6050 (Fax) |
| | nhestin@mcguirewoods.com |
| | jdebona@mcguirewoods.com |
| | |
| | *Counsel for Defendant Ally Financial Inc.* |

**CERTIFICATE OF SERVICE**

    I hereby certify that that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 22, 2021.

                                                                          */s/ Nellie E. Hestin*
                                                                          Nellie E. Hestin