EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

GRACIE WHITE                                    §
f/k/a GRACIE DORNEUS                             §
Individually and on behalf of persons            §
similarly situated                               §
                                                 §
Plaintiffs,                                      §
                                                 §
v.                                               §        CIVIL ACTION NO. 3:18-CV-30143-MGM
                                                 §
ALLY FINANCIAL INC.,                             §
                                                 §
Defendant.                                       §
                                                 §
                                                 §

## DECLARATION OF NELLIE E. HESTIN IN SUPPORT OF ALLY FINANCIAL INC.'S
## SUR-REPLY IN OPPOSITION TO CLASS CERTIFICATION

I, Nellie E. Hestin, declare and state as follows:

1.      I am an attorney licensed to practice law in the Commonwealth of Pennsylvania and the Commonwealth of Massachusetts.  I am a partner with the law firm of McGuireWoods LLP and counsel of record for Defendant Ally Financial Inc. ("Ally").  I make this declaration from my own personal knowledge, and could and would competently testify to the following if called upon to do so.

2.      I submit this Declaration in support of Ally Financial Inc.'s Sur-Reply in Opposition to Class Certification.

3.      In its initial disclosures exchanged with Plaintiff on November 18, 2020, Ally stated that it would be using, among other documents, "sample documents relating to putative class members" in support of its defenses.  *See* Ally's Initial Disclosures at 3, a true and correct copy of which is attached hereto as **Exhibit A.**

1

4.      Plaintiff has not objected to Ally's initial disclosures.

5.      Ally has produced sample retail installment sales contracts ("RISCs") containing arbitration agreements, sample bankruptcy petitions filed by putative class members, and sample deficiency judgments that Ally has pursued and obtained against putative class members.

6.      Ally has conferred with Plaintiff regarding its written discovery responses and agreed to supplement its production with additional sample RISCs.

7.      The parties are scheduling individual and Rule 30(b)(6) depositions, with a corporate representative deposition of Ally scheduled to take place on February 26, 2021.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Pittsburgh, Pennsylvania this 22nd day of February, 2021.


                                        */s/ Nellie E. Hestin*
                                        Nellie E. Hestin

Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| GRACIE WHITE | § | |
| f/k/a GRACIE DORNEUS | § | |
| Individually and on behalf of persons | § | |
| similarly situated | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-30143-MGM |
| | § | |
| ALLY FINANCIAL INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**DEFENDANT ALLY FINANCIAL INC.'S**
**RULE 26(a)(1)(A) INITIAL DISCLOSURES**

Defendant Ally Financial Inc. ("Ally"), pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, makes the following initial disclosures. These disclosures are based on information reasonably available to Ally as of the date of these disclosures.

**Introductory Statement**

The following disclosures are made based on the information reasonably available to Ally as of the date of service. By making these disclosures, Ally does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Nor does Ally waive its right to object to production of any document or tangible thing disclosed herein on the basis of any privilege, the work-product doctrine, relevancy, undue burden, or any other valid objection or to object to the introduction into evidence of any such document or tangible thing.

Finally, Ally's disclosures are made without in any way waiving: (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay, or any other proper

ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

By stating anywhere in these disclosures that Ally reserves the right to provide additional information, Ally in no way agrees to supplement these disclosures or any discovery made beyond the minimum requirements of good faith compliance with the Federal Rules of Procedure; instead, Ally expressly disclaims any such duty.

All of the disclosures set forth below are made subject to the above objections and qualifications.

**A.   Rule 26(a)(1)(A)(i) Disclosure.**

At this time, Ally does not have a sufficient basis upon which to identify all individuals who have information that Ally may use to support its claims or defenses.  Subject to the foregoing, the following individuals are likely to have discoverable factual information that Ally may use to support its claims or defenses:

1.   Plaintiff Gracie White f/k/a Gracie Dorneus
     c/o Law Office of Nicholas F. Ortiz, P.C.

     Plaintiff Gracie White is likely to have knowledge of the allegations in the Complaint.

2.   Defendant Ally's corporate representative(s)
     c/o McGuireWoods LLP

Ally's corporate representative(s) are expected to have information regarding Ms. White's account with Ally, the notices referenced, the allegations in the Complaint, and the accounts and files of members of the putative class.

Ally reserves the right to supplement and/or amend these disclosures during or at the close of discovery in this action and to call witnesses not listed in the initial disclosures to the extent those witnesses will be called solely for impeachment.  The names listed above should not be construed as an admission that any or all of the facts known to the individual listed are legally relevant or admissible.  Ally reserves all rights to raise appropriate legal challenges to the admissibility of any witness's testimony.

**B.**  **Rule 26(a)(1)(A)(ii) Disclosure.**

Ally has not yet determined each and every defense and/or claim that it may assert in this lawsuit or identified all documents, electronically stored information, and tangible things it may use to support such defenses or claims.  Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), however, Ally states that it has and may use copies of account activity notes, loan documents, such as the retail installment sales contracts assigned to Ally and other loan-related agreements, sample documents relating to putative class members, and other documents produced in this litigation.  These disclosures are based on the current status of the lawsuit and Ally's investigation.  Ally specifically reserves the right to supplement and/or amend this Disclosure Statement based upon subsequent events, investigation, and/or discovery in this action.   In addition to the above-described documents, Ally may also rely upon publicly available documents, documents identified or produced by Plaintiff, and/or documents produced by third parties in this or other litigations.

**C.**  **Rule 26(a)(1)(A)(iii) Disclosure.**

Ally denies that Plaintiff has suffered any damages as a result of Ally's conduct.  Ally does not presently seek any damages in this action, but reserves its right to seek costs, attorneys' fees and any other relief deemed appropriate by the Court.

**D.   Rule 26(a)(1)(A)(iv) Disclosure.**

Ally presently is not aware of any insurance agreement under which any person carrying on an insurance business has accepted actual or potential liability to satisfy any part of, or indemnify or reimburse anyone for payments made to satisfy, a possible judgment in this action at this time.  To the extent this information changes, Ally will supplement these initial disclosures.

Respectfully submitted,

Dated: November 18, 2020

*/s/ Nellie E. Hestin*

Nellie E. Hestin (BBO #676886)
McGuireWoods LLP
Tower Two-Sixty 260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222-3142
(412) 667-6000
(412) 667-6050 (Fax)
nhestin@mcguirewoods.com

*Counsel for Defendant Ally Financial Inc.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2020, the foregoing document was served upon counsel of record by U. S. Mail and electronic mail.

*/s/ Nellie E. Hestin*
Nellie E. Hestin