## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GRACIE WHITE | § | |
| f/k/a GRACIE DORNEUS, | § | |
| individually and on behalf of persons | § | |
| similarly situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-30143-MGM |
| | § | |
| ALLY FINANCIAL INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PENDING FINAL APPROVAL OF CLASS SETTLEMENT IN PARALLEL STATE ACTION

## TABLE OF CONTENTS

**Page**

I.      Introduction...................................................................................................... 1

II.     Background ....................................................................................................... 2

        A.      The State Action – *Haskins*.................................................................2

        B.      The Federal Action and White's Membership in the Nationwide *Haskins* Class....4

                1.      Procedural History of the Federal Action ....................................4

                2.      White and the Majority of the Putative Class Are in the *Haskins* Class......6

III.    Legal Standard ................................................................................................. 7

IV.     Argument .......................................................................................................... 9

        A.      A Stay Is Warranted Because the Federal and State Actions Are Parallel .............9

        B.      A Stay Is Warranted to Prevent Piecemeal Litigation and Because the State Action Will Resolve the Majority of the Federal Putative Class' Claims ...........10

        C.      A Stay Is Warranted in Light of the Order in which the Forums Obtained Jurisdiction.....................................................................................................11

        D.      A Stay Is Warranted Because the Interests of the Putative Class in the Federal Action Are Adequately Protected in the State Court Action ................................12

V.      Conclusion ..................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ali v. Wells Fargo Bank, N.A.,*
No. CIV-13-876-D, 2014 WL 819385 (W.D. Okla. Mar. 3, 2014) .........................................7

*Bradeen v. Bank of New York Mellon Tr. Co., Nat'l Ass'n,*
No. 18-cv-11753, 2018 WL 5792319 (D. Mass. Nov. 2, 2018) ....................................8, 9, 10

*Colorado River Water Conservation Dist. v. United States,*
424 U.S. 800 (1976)...........................................................................................*Passim*

*Currie v. Group Insurance Comm'n,*
290 F.3d 1 (1st Cir. 2002) ...........................................................................................11, 12

*Davila v. Maloney,*
No. CIV.A. 98-10508-DPW, 2005 WL 41587 (D. Mass. Jan. 4, 2005)..................................7

*Day v. Union Mines Inc.,*
862 F.2d 652 (7th Cir. 1988) ...................................................................................................9

*Faith v. Truman Cap. Advisors, LP,*
No. 19-CV-11301-DJC, 2020 WL 263534 (D. Mass. Jan. 16, 2020) ...........................8, 9, 10

*In re JPMorgan Chase LPI Hazard Litigation,*
No. C-11-3058 JCS, 2013 WL 3829271 (N.D. Cal. July 23, 2013) .........................................7

*In re Novell, Inc. S'holder Litig.,*
No. CIV.A. 10-12076-RWZ, 2012 WL 458500 (D. Mass. Feb. 10, 2012) ....................*Passim*

*In Re RC2 Corp. Toy Lead Paint Products Liability Litig.,*
No. 07 C 7184, MDL No. 1893, 2008 WL 548772 (N.D. Ill. Feb. 20, 2008) .........................7

*Int'l Jensen, Inc. v. Emerson Radio Corp.,*
No. 96 C 2816, 1996 WL 494273 (N.D. Ill. Aug. 27, 1996)..................................................10

*Landis v. North American Co.,*
299 U.S. 248 (1936)..................................................................................................................7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,*
460 U.S. 1 (1983)....................................................................................................................12

*O'Reilly v. Curtis Pub. Co.,*
31 F. Supp. 364 (D. Mass. 1940) .............................................................................................8

*Packer v. Power Balance, LLC,*
   No. 11-802 (WJM), 2011 WL 1099001 (D.N.J. Mar. 22, 2011) ...............................................7

*Pardee v. Consumer Portfolio Servs., Inc.,*
   344 F. Supp. 2d 823 (D.R.I. 2004)..........................................................................................7

*Rio Grande Cmty. Health Ctr. v. Rullan,*
   397 F.3d 56 (1st Cir. 2005)......................................................................................................9

*Rowayton Venture Grp. LLC v. McCarthy,*
   No. CV 19-12240-FDS, 2020 WL 4340985 (D. Mass. July 28, 2020) ....................................8

*Schwarz v. Prudential-Bache Securities, Inc.,*
   No. Civ.A. 90-6074, 1991 WL 137157 (E.D. Pa. July 19, 1991)............................................7

*Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,*
   947 F.2d 529 (1st Cir. 1991) ............................................................................................11, 12

*Wang Yan v. Rewalk Robotics Ltd.,*
   No. CV 17-10169-FDS, 2017 WL 11488625 (D. Mass. Oct. 23, 2017) ..............................7, 9

*Wince v. Easterbrooke Cellular Corp.,*
   681 F. Supp. 2d 688 (N.D. W. Va. 2010) ...............................................................................7

## Other Authorities

Mass. Gen. L. c. 106, § 9-625 ......................................................................................................11

Defendant Ally Financial Inc. ("Ally") hereby submits this memorandum of law in support of its Motion to Stay Pending Final Approval of Class Settlement in Parallel State Action (the "Motion").

## I.     INTRODUCTION

The Court should exercise its inherent power, pursuant to the prior-pending action doctrine and the *Colorado River* abstention doctrine, to stay this case (the "Federal Action") in light of a nationwide class settlement that has been preliminarily approved in a parallel proceeding pending in Missouri state court, *Ally Financial Inc. v. Haskins*, Case No. 16JE-AC01713-01 ("*Haskins*" or the "State Action").  Under these doctrines, a stay is appropriate in a federal case when there is an overlapping state action and (1) doing so would prevent piecemeal litigation and inconsistent judgments, (2) the state action was filed first and has progressed substantially further than the federal action, and (3) the parties in the federal action will be adequately protected by the state action.  That standard is met in light of the *Haskins* settlement.

First, the State Action and Federal Action are parallel.  The named Plaintiff in this case, Gracie White ("White"), as well as certain putative class members she seeks to represent, are members of the settlement class in the State Action.  Further, the claims in both the State Action and the Federal Action are the same: both cases challenge the legal sufficiency of Ally's post-repossession notices under the Uniform Commercial Code ("UCC").

Second, a stay of this case will prevent piecemeal litigation.  Because the claims, type of relief, and many of the parties in both the Federal and State Actions overlap, the class settlement in the State Action will resolve and preclude not only White's claims, but the claims of certain putative class members she seeks to represent in this matter.  Consequently, continuing the Federal Action would engender piecemeal litigation regarding the same claims for relief, could lead to

inconsistent judgments, and will generally waste judicial resources by litigating the same issues twice.

Third, a stay in the Federal Action is justified because the State Action was filed over two years prior to the Federal Action, and is substantially further developed.  In the State Action, a nationwide settlement has been reached and preliminarily approved, and is scheduled for final approval in just a few months.

Finally, the putative class in the Federal Action is adequately protected in the State Action. In the State Action, the court's preliminary approval order held that class counsel, the class representative, the notice plan, and the settlement terms are fair, reasonable, and adequate.  Equally importantly, the relief sought in both the Federal and State Actions are the same—statutory damages under the UCC, which cannot be recovered twice.

Because the Federal and State Actions are parallel and it would be wise judicial administration to do so, the Court should stay the Federal Action pending the fairness hearing and final approval of the nationwide class settlement in the State Action.

## II.    BACKGROUND

### A.    The State Action – *Haskins*.

On March 30, 2016, Ally filed the State Action to recover a deficiency balance against two auto finance customers (a borrower and co-borrower).  (**Ex. A**, *Haskins* Petition on Deficiency, attached).  On or about March 29, 2017, the defendants in the State Action filed a Second Amended Answer and Counterclaim, which contained class allegations on behalf of Missouri and nationwide classes of consumers whose vehicles Ally had repossessed and sold.  (**Ex. B**, *Haskins* Second Amended Answer and Counterclaim, attached).  The class counterclaim alleges that Ally's post-repossession notices to consumers violated the UCC. (*See id.* ¶ 2 ("Ally mailed Defendants and

many other consumers a presale notice, which did not comply with the Uniform Commercial Code ("UCC") adopted by each state.").)  The defendants in *Haskins* seek statutory minimum damages on behalf of the nationwide class under UCC § 9-625(c)(2).[1]  (*Id.* ¶ 89).

On or about May 9, 2018, the court in the State Action certified two counterclaimant classes—the nationwide and Missouri classes—and on November 25, 2019 modified those class definitions.  (**Ex. C**, *Haskins* Motion For Preliminary Approval, attached, at p. 5).  The nationwide counterclaimant class certified in the State Action was defined as follows:

> All persons within the [applicable statute of limitations]: (a) who are named as borrowers or buyers on a loan or financing agreement with Ally, assigned to Ally, or owned by Ally; (b) whose loan or financing agreement was secured by collateral; (c) whose collateral was repossessed, voluntarily or involuntarily, and (d) whose collateral was disposed.

(*See* **Ex. B**, *Haskins* Second Am. Countercl. ¶ 35)

On or about March 17, 2021, the parties in *Haskins* entered into a Class Action Settlement Agreement and Release settling the claims regarding Ally's post-repossession notices under the UCC on behalf of the Missouri class and a slightly modified nationwide class (the "Nationwide *Haskins* Class"):

> **Nationwide Class.** The "Nationwide Class" means and is composed of each Person (a) who was named as a borrower, co-borrower, obligor, co-obligor, buyer, co-buyer, purchaser, co-purchaser, guarantor, owner, or co-owner in a Covered Contract, (b) whose Covered Contract was secured by Collateral, (c) whose

---

[1] The Uniform Commercial Code section 9-625 adopted in Missouri and Massachusetts are identical but-for non-substantive typographical differences.  *Compare* Mass. Gen. L. c. 106, § 9-625 ("If the collateral is consumer goods, a person that was a debtor or a secondary obligor at the time a secured party failed to comply with this part may recover for that failure in any event an amount not less than the credit service charge plus 10 per cent of the principal amount of the obligation or the time-price differential plus 10 per cent of the cash price.") *with* Mo. Ann. Stat. § 400.9-625(c)(2) ("If the collateral is consumer goods, a person that was a debtor or secondary obligor at the time a secured party failed to comply with this part may recover for that failure in any event an amount not less than the credit service charge plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price.").

Collateral was repossessed, voluntarily or involuntarily, and (d) whose Collateral was disposed of during the Class Period.[2]

(**Ex. E**, *Haskins* Settlement Agreement, attached, ¶ 3.1.)  The term "Covered Contract" is defined as "any loan, promissory note, financing agreement, or installment sale contract that is or was with, assigned to, or owned by Ally," and Collateral is defined as "personal property in which Ally holds or held a security interest under a Covered Contract."  (*Id.* ¶¶ 2.13, 2.16.)  Moreover, the "Class Period" is dictated by each state's statute of limitations, and the Massachusetts class runs from June 17, 2012 through March 19, 2021.  (*See* **Ex. F**, *Haskins* Pet. for Cert., Appendix D, attached).

On March 19, 2021, the *Haskins* court granted preliminary approval of the settlement, finding it "fair, reasonable, and adequate[.]"  (**Ex. D**, Prelim. Approval Order at p. 2.)  The preliminary approval order also confirmed that class counsel and the class representatives are adequate to continue serving in their roles and that the proposed notice program is sufficient under the law.  (*Id.* at pp. 3-4.)  A final approval hearing on the *Haskins* class settlement will take place on August 9, 2021 at 1:30 p.m.  (*Id.* at p. 6.)

## B.   The Federal Action and White's Membership in the Nationwide *Haskins* Class.

### 1.   Procedural History of the Federal Action.

This Federal Action began in state court on July 16, 2018, approximately two years after the State Action, when former Plaintiff James Randall ("Randall") filed a Class Action Complaint in the Suffolk County Superior Court.  (*See* ECF #1.)  On August 29, 2018, Ally removed the Federal Action to this Court. (*Id.*)  On May 22, 2019, Randall filed a Second Amended Class

---

[2] Excluded from the Nationwide *Haskins* Class is any person (a) against whom Ally obtained a final judgment for a deficiency during the Class Period, (b) who filed for Chapter 7 bankruptcy and whose case ended in a discharge during the Class Period, (c) who filed for Chapter 13 bankruptcy and whose case is ongoing or ended in a discharge during the Class Period, and (d) who timely and validly excludes themself. (*See* **Ex. D**, *Haskins* Preliminary Approval Order, attached, at p. 2.)

4

Action Complaint (the "Complaint") against Ally adding White as a named plaintiff.[3]  (ECF #33.)
The Complaint alleges on behalf of a Massachusetts class that Ally's post-repossession notices
failed to comply with Massachusetts' adoption of the UCC.  (ECF #33, ¶¶ 19-20.)  The Complaint
seeks statutory minimum damages under Massachusetts' adoption of UCC § 9-625(c)(2).  (*Id.*
¶ 37.)

> On May 11, 2020, White moved to certify the following class:

> [A]ll Massachusetts consumers to whom Ally sent a notice substantially similar to
> the form notice attached as <u>Exhibit A</u> after the repossession of their vehicle on or
> after July 16, 2014, except for individuals whose vehicle sales contracts contain
> choice-of-law provisions selecting the law of a state other than Massachusetts.

(ECF #52.)  The document referred to as "Exhibit A" in the putative class definition is the post-
repossession notice sent to White.  (*Id.*)  On June 1, 2020, the Court stayed the Federal Action
pending mediation.  (ECF #61.)  On November 13, 2020, the Court lifted the stay and set a schedule
for continued briefing on White's motion for class certification and fact discovery.  (ECF #66.)
Since lifting the stay, Ally filed its opposition to class certification on January 4, 2021 (ECF # 76),
White filed a reply in support of class certification on February 10, 2021 (ECF #85), and Ally filed
a sur-reply in opposition to class certification on February 23, 2021. (ECF #90.)  The Court has
not yet issued a decision on White's motion for class certification.

Apart from the question of class certification, pending before the Court is Ally's motion
for leave to file an amended answer and counterclaim (ECF #70).  Further, discovery is ongoing.
The Court recently entered a Revised Scheduling Order extending fact discovery until June 2, 2021
and the due date for the filing of dispositive motions until July 6, 2021, so neither fact discovery
nor summary judgment briefing are complete.  (*See* ECF #99.)  Finally, the parties have placed

---

[3] Randall was subsequently dismissed from the Federal Action on April 13, 2020. (ECF #46.)

dueling discovery motions before the Court—Ally's Motion for a Protective Order Striking Rule 30(b)(6) Topics 6-10 (ECF #91) and White's Motion to Compel Discovery. (ECF #93.)

## 2. White and the Majority of the Putative Class Are in the *Haskins* Class.

Because (a) White was named as a borrower, co-borrower, obligor, co-obligor, buyer, co-buyer, purchaser, co-purchaser, guarantor, owner, or co-owner in a Retail Installment Sales Contract ("RISC") that was assigned to Ally, (b) which was secured by her vehicle, (c) White's vehicle was repossessed, voluntarily or involuntarily, by Ally, and (d) White's vehicle was disposed of by Ally between June 17, 2012 through March 19, 2021, she is a member of the Nationwide *Haskins* Class.  (*See* ECF #33 ¶¶ 13-19, Ex. B (describing details of White's relationship with Ally); ECF #94-1, Ex. B (White's post-sale notice).)

Additionally, any member of the putative class in the Federal Action whose vehicle was disposed of by Ally, with limited exclusions, is also in the Nationwide *Haskins* Class.  Because White and such other putative class members are members of the Nationwide *Haskins* Class, their claims in the Federal Action will be precluded by the Releases in the *Haskins* Settlement Agreement, which include any claim arising out the class members' financing agreement, Ally's actions with respect to the repossession of their vehicles, "the charging, payment, collection, and attempted collection of amounts" under any financing agreement or account with Ally, as well as "any notice or other communication delivered or required to be delivered before, after, or otherwise in connection with the repossession, surrender, control, or sale or other disposition of any Collateral[.]"  (*See* **Ex. E**, Settlement Agreement ¶¶ 2.41, 2.42.)

Due to the significant overlap between the classes in the State and Federal Actions, and the progression of the State Action, the Federal Action should be stayed pending final approval of the State Action Settlement Agreement in *Haskins*.

III.    **LEGAL STANDARD**

The Supreme Court has made clear that the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants[.]" *Pardee v. Consumer Portfolio Servs., Inc.*, 344 F. Supp. 2d 823, 833 (D.R.I. 2004) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  Courts "routinely exercise this power and grant stays when a pending nationwide settlement could impact the claims" before it. *Wince v. Easterbrooke Cellular Corp.*, 681 F. Supp. 2d 688, 692 (N.D. W. Va. 2010) (collecting cases)[4]; *Davila v. Maloney*, No. CIV.A. 98-10508-DPW, 2005 WL 41587, at *1 (D. Mass. Jan. 4, 2005) (granting defendants' motion for summary judgment based on res judicata after "case was stayed pending resolution of a parallel state class action in which the plaintiff was a member of the class.").

Courts within this district have relied on two related doctrines to stay class actions in light of a parallel state court proceedings, both arising out of the Court's inherent powers: the prior-pending action doctrine and the *Colorado River* abstention doctrine.  *See Wang Yan v. Rewalk Robotics Ltd.*, No. CV 17-10169-FDS, 2017 WL 11488625, at *5 (D. Mass. Oct. 23, 2017) (leaving open possibility of staying federal class action under prior-pending-action and *Colorado*

---

[4] *See also Ali v. Wells Fargo Bank, N.A.*, No. CIV-13-876-D, 2014 WL 819385, at *3 (W.D. Okla. Mar. 3, 2014) (granting stay in light of nationwide class settlement in parallel matter to "avoid an unnecessary waste of the Court's and the parties' resources"); *In Re RC2 Corp. Toy Lead Paint Products Liability Litig.* No. 07 C 7184, MDL No. 1893, 2008 WL 548772 (N.D. Ill. Feb. 20, 2008) (granting stay pending final approval of settlement in another action involving similar putative classes and claims); *Schwarz v. Prudential-Bache Securities, Inc.*, No. Civ.A. 90-6074, 1991 WL 137157, at *1 (E.D. Pa. July 19, 1991) (granting stay where parties in class action of which plaintiff was potential member had "reached an agreement in principle to settle all claims that class members may have"); *In re JPMorgan Chase LPI Hazard Litigation*, No. C-11-3058 JCS, 2013 WL 3829271, at *5 (N.D. Cal. July 23, 2013) ("A stay will allow both parties to conserve their resources should a settlement in [the overlapping case] be finalized."); *Packer v. Power Balance, LLC*, No. 11-802 (WJM), 2011 WL 1099001, at *2 (D.N.J. Mar. 22, 2011) (granting stay pending consideration of nationwide class settlement, and noting "[i]t would be a waste of judicial resources for this Court to consider the merits of Plaintiff's Complaint at the same time" another judge "is considering the nationwide settlement").

*River* abstention doctrines in light of parallel state class action after decision on motion to dismiss); *In re Novell, Inc. S'holder Litig.*, No. CIV.A. 10-12076-RWZ, 2012 WL 458500, at *9 (D. Mass. Feb. 10, 2012) (staying federal class action in light of parallel state class action in Delaware under *Colorado River* abstention).

The prior-pending-action doctrine arises out of concerns of judicial economy and avoiding inconsistent judgments. *See Rowayton Venture Grp. LLC v. McCarthy*, No. CV 19-12240-FDS, 2020 WL 4340985, at *3 (D. Mass. July 28, 2020). The doctrine provides that "the pendency of a prior action, in a court of a competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit." *Faith v. Truman Cap. Advisors, LP*, No. 19-CV-11301-DJC, 2020 WL 263534, at *3 (D. Mass. Jan. 16, 2020) (quoting *O'Reilly v. Curtis Pub. Co.*, 31 F. Supp. 364, 364-65 (D. Mass. 1940)). The first-filed suit in such instances should "generally have priority" absent a showing of "balance of convenience in favor of the second action." *Id.* (citation omitted). The doctrine dictates that a court may stay or dismiss a later-filed action if two conditions are met: "(1) there exists an identity of issues between the two actions and (2) the controlling issues in the later-filed action will be determined in the earlier-filed action." *Id.* at *4 (citing *Bradeen v. Bank of New York Mellon Tr. Co., Nat'l Ass'n*, No. 18-cv-11753, 2018 WL 5792319, at *1-2 (D. Mass. Nov. 2, 2018)). Importantly, "[t]he parties in the two suits need not be identical; they need only share sufficient congruence of interests." *Id.*

The *Colorado River* abstention doctrine was likewise borne out of concerns of judicial economy, and "several courts have applied the factors set forth in *Colorado River* to the inquiry under the prior-pending-action doctrine." *Bradeen*, 2018 WL 5792319, at *3-4 (stating that the *Colorado River* factors "largely mirror" those applied in the prior-pending-action doctrine); *see*

*also Faith*, 2020 WL 263534, at *4.  The *Colorado River* doctrine provides that "in limited circumstances, and as a matter of discretion, a court may dismiss, stay, or transfer an action over which it has jurisdiction" when "federal and state court proceedings overlap and 'wise judicial administration' counsels for abstention."  *Bradeen*, 2018 WL 5792319, at *4 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)).  Application of this doctrine first requires a determination of whether the actions are "parallel."  *Wang Yan*, 2017 WL 11488625, at *4 (citation omitted).  If the actions are parallel, the court then must balance several non-exhaustive factors to determine whether to issue a stay, including (1) the desirability of avoiding piecemeal litigation and inconsistent judgments, (2) the order in which the forums obtained jurisdiction, and (3) the adequacy of the state forum to protect the parties' interests.  *Id.* (citing *Rio Grande Cmty. Health Ctr. v. Rullan*, 397 F.3d 56, 71-72 (1st Cir. 2005)).

The State Action and Federal Action here are parallel, and the factors to be considered under these doctrines weigh in favor of a stay pending the final fairness hearing in the State Action.

## IV.     ARGUMENT

### A.     A Stay Is Warranted Because the Federal and State Actions Are Parallel.

Under either the prior-pending-action or *Colorado River* abstention doctrines, a stay is warranted because the Federal Action and State Action share an identity of issues and the parties share a "sufficient congruence of interests."  *Faith*, 2020 WL 263534, at *4.  Two proceedings are parallel when "substantially the same parties are contemporaneously litigating substantially the same issue in another forum."  *Wang Yan*, 2017 WL 11488625 at *4 (citing *Day v. Union Mines Inc.*, 862 F.2d 652, 655 (7th Cir. 1988)).  Further, two proceedings can be "parallel" even if the state action would not dispose of all claims brought in the federal action.  *In re Novell, Inc. S'holder Litig.*, No. CIV.A. 10-12076-RWZ, 2012 WL 458500, at *7 (D. Mass. Feb. 10, 2012).

In *Novell*, for example, a federal class action and Delaware state court class were deemed parallel because "the defendants [in the federal action were] defendants in the Delaware action; named plaintiffs [were] members of the putative class of plaintiffs in the Delaware action" and the "claims in both actions [were] predicated on the same underlying facts[.]" *Id.*  The same is true here.  Ally is the adverse party in both the Federal and State Actions.  Plaintiff White is a member of the settlement class in the State Action.  And purported deficiencies in Ally's post-repossession notices, as well as the plaintiffs' entitlement to statutory damages under UCC section 9-625(c)(2), form the basis of the class's claims in both actions.  Thus, the State and Federal Actions are "parallel" and the parties share a "sufficient congruence of interests," making a stay appropriate.

**B.     A Stay Is Warranted to Prevent Piecemeal Litigation and Because the State Action Will Resolve the Majority of the Federal Putative Class' Claims.**

One of the most "compelling" factors to consider when deciding whether to exercise the Court's inherent power to stay a federal class action is the need to "avoid needless and wasteful piecemeal litigation while still protecting the parties' rights."  *Novell*, 2012 WL 458500, at *8. Where both the federal court and the state court must determine the legal effect of a defendant's actions using the "exact same standard, the risk of piecemeal adjudication is real."  *Id*.  Indeed, where issues involved in the parallel cases, "even though they [may] stem from different sources of law, are substantially the same" it is "unnecessary for both courts to act upon these claims." *Id.* (citing *Int'l Jensen, Inc. v. Emerson Radio Corp.,* No. 96 C 2816, 1996 WL 494273 (N.D. Ill. Aug. 27, 1996)).  Additionally, where there is a "high probability' that the state court action will dispose of all or most of the claims in the federal case, the overlap creates "'a clear risk of inconsistent dispositions' between the cases." *Faith*, 2020 WL 263534, at *5 (citing *Bradeen*, 2018 WL 5792319, at *5).

So it is here.  While the specifics of the purported deficiencies in Ally's post-repossession notices alleged in the State and Federal Actions may differ, both lawsuits include a claim under the UCC that Ally's post-repossession notices violate the law and entitle the class members to statutory minimum damages under UCC § 9-625(c)(2).  And the pending settlement in *Haskins* expressly releases the claim that is before the Court here.  (*See* **Ex. E**, *Haskins* Settlement Agreement ¶ 2.41 (releasing all claims related to "any notice or other communication delivered or required to be delivered before, after, or otherwise in connection with the repossession, surrender, control, or sale or other disposition of any Collateral").)  Permitting the Federal Action to continue, while the *Haskins* settlement releases the very claim at bar, creates the risk of piecemeal litigation and inconsistent judgments on the legality of the same post-repossession notices.  Further, if White and others she seeks to represent in the Federal Action receive the settlement benefits in the State Action, they are precluded from recovering again under Massachusetts UCC § 9-625.  The comments to section 9-625 make clear that "[a] secured party is not liable for statutory damages under this subsection more than once with respect to any one secured obligation[.]"  Mass. Gen. L. c. 106, § 9-625 (UCC Cmt. 4).

### C.  A Stay Is Warranted in Light of the Order in which the Forums Obtained Jurisdiction.

When weighing the order in which the forums obtained jurisdiction, this factor "should not be measured exclusively by which complaint was filed first but rather in terms of how much progress has been made in the two actions."  *Novell*, 2012 WL 458500, at *9 (quoting *Currie v. Group Insurance Comm'n,* 290 F.3d 1, 10 (1st Cir. 2002)).  Where a state court proceeding has progressed "substantially further than the federal case," abstention is warranted.  *See Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 947 F.2d 529, 535 (1st Cir. 1991) (finding fact that state case was overall "markedly more advanced" relative to the federal lawsuit favored abstention).

11

Here, the State Action was not only filed over two years *before* the Federal Action, it is far more developed.  The State Action is already past the class certification stage, the parties have negotiated and executed a class settlement agreement and release, and the Missouri state court has held a preliminary approval hearing and issued a preliminary approval order related to that settlement.  Final approval of the settlement is scheduled for August.  Here, in contrast, fact discovery does not even close until June, briefing on summary judgment will not begin until July, and the Court has not yet resolved class certification.  Further, Ally has moved to amend its answer to assert a counterclaim against White, and the parties have multiple discovery motions before the Court.  Staying the present action until final approval of the class settlement in the State Action would undoubtedly preserve judicial resources and, at the very least, narrow the issues before the Court if not resolve the case entirely.

### D.  A Stay Is Warranted Because the Interests of the Putative Class in the Federal Action Are Adequately Protected in the State Court Action.

A stay under *Colorado River* is appropriate where the court "concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties."  *Currie*, 290 F.3d at 12 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983)).  Nonetheless, "perfect identity of issues is not a prerequisite."  *Id.* (quoting *Villa Marina II*, 947 F.2d at 533).  Where the state court proceeding will "fairly and completely adjudicate the facts" underlying the parties' claims, a stay is warranted. *Novell*, 2012 WL 458500, at *8.

White and the other members of the putative class in the Federal Action, who are settlement class members in *Haskins*, will be adequately protected in the *Haskins* class-administration proceedings.  Haskins class members will have the opportunity to opt out or object to the settlement.  Moreover, the relief sought in *Haskins* is the same relief sought under the

12

Massachusetts UCC here on behalf of the putative class, and the Missouri state court has already made a preliminary determination that the settlement, including its notice plan and the relief to be provided, are fair, reasonable, and adequate.  There is no evidence that White and the other putative class members included in the Nationwide *Haskins* Class will be inadequately protected in the State Action.  Therefore, a stay is warranted in the Federal Action.

## V.    CONCLUSION

For the foregoing reasons, Ally respectfully requests that the Court grant its Motion to Stay these Proceedings Pending Final Approval of Class Settlement in Parallel State Action.

Dated: March 29, 2021

Respectfully submitted,

*/s/ Nellie E. Hestin*
Nellie E. Hestin (BBO # 676886)
Jared M. DeBona (*pro hac vice*)
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
Phone: (412) 667-7909
E-Mail: nhestin@mcguirewoods.com

*Counsel for Defendant Ally Financial Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 29, 2021.

*/s/ Nellie E. Hestin*
Nellie E. Hestin