IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRACIE WHITE<br>f/k/a GRACIE DORNEUS,<br>individually and on behalf of persons<br>similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 3:18-CV-30143-MGM<br>§<br>§ **Leave to file granted on April 26, 2021**<br>§<br>§<br>§<br>§ |

## REPLY IN SUPPORT OF MOTION TO STAY PENDING FINAL APPROVAL OF CLASS SETTLEMENT IN PARALLEL STATE ACTION

Defendant Ally Financial Inc. submits this Reply in support of its Motion to Stay Pending Final Approval of Class Settlement in Parallel State Action (the "Motion"). Plaintiff Gracie White's Opposition fails in arguing that the State Action is not parallel to this Federal Action. A stay is warranted in light of the nationwide class settlement in the State Action, which includes White, and has been preliminarily approved.

***First,*** White's argument that abstention under the prior-pending-action and *Colorado River* doctrines is improper because "the parties differ" and "the only party common to both actions is Ally" is baseless. *See, e.g.*, Opp. at 6, 8. The parties to the State and Federal Action are "substantially the same," which is all that is required for two actions to be parallel. *See Wang Yan v. Rewalk Robotics Ltd.*, No. CV 17-10169-FDS, 2017 WL 11488625, at *5 (D. Mass. Oct. 23, 2017). There is no certified class in the Federal Action, and because there is no certified class, the parties to the Federal Action consist of Plaintiff White and Defendant Ally. Ally is likewise the

sole defendant in the State Action, and White is a member of the certified class in the State Action. Indeed, in moving to intervene in the State Action, White concedes that she is a member of that class. Thus, there is substantial identity of parties considering White and Ally's involvement in both cases.

When taking into consideration the amount of *putative* class members in the Federal Action who are included in the State Action class, the justification for a stay is even stronger, as there is substantial overlap. It is of no moment that some putative class members in the Federal Action are not subsumed within the State Action class, as the State Action need not dispose of all claims in the Federal Action to be considered parallel. *See In re Novell, Inc. S'holder Litig.*, No. 10-12076-RWZ, 2012 WL 458500, at *7 (D. Mass. Feb. 10, 2012) (two proceedings can be parallel even if the first proceeding does not dispose of all claims brought in the second action).

**Second**, and contrary to White's Opposition, the Federal and State Actions contain "substantially the same claims" and therefore it is wise judicial administration to stay the Federal Action pending final approval of the State Action settlement. When issues in parallel cases, "even though they [may] stem from different sources of law, are substantially the same" it is imprudent for two courts to act upon them. *Novell*, 2012 WL 458500, at *8. So it is here. The core issue in the State and Federal Actions is the same—whether the post-repossession notice Ally sent to its customers complied with Article 9 of the UCC. The Missouri state court has already decided that the claims of Massachusetts consumers, as well as consumers from all other states, are properly within the class that has been certified in the State Action.

To be clear, the Federal Action contains a single count for violation of Article 9 of the Massachusetts UCC, alleging that Ally's post-repossession notice failed to comply with the appropriate UCC safe harbor disclosure language. *See* ECF #33, ¶¶ 31-37. White specifically

2

alleges that "Ally had a duty to comply with the notice provisions" of section 9-614, that it "failed to comply with Article 9 by incorrectly describing class members' potential liability for a deficiency," and that Ally's violation gives rise to minimum statutory damages under section 9-625(c)(2). (*Id.*) In other words, White's only grievance is that her post-repossession notice did not accurately describe her deficiency, which can only be remedied under the Article 9 UCC provisions at issue in both the State Action and this action. These provisions give rise to the same measure of damages under section 9-625(c)(2)—the credit service charge plus 10 percent of the principal amount of the obligation[1]—which cannot be recovered twice in either state. *See* Mo. Ann. Stat. § 400.9-628(d) ("A secured party is not liable under section 400.9-625(c)(2) more than once with respect to any one secured obligation."); Mass. Gen. L. c. 106, § 9-628(e) ("A secured party is not liable under Section 9-625(c)(2) more than once with respect to any 1 secured obligation."). Thus, White is left with an Article 9 UCC notice claim parallel to that in the State Action, and posing the same measure of damages.

**Third,** White and the putative class in the Federal Action are adequately protected by the State Action settlement. White argues otherwise because the State Action settlement notice does not notify Massachusetts borrowers of the Federal Action, but that is immaterial. There is no certified class in the Federal Action, so there has been no need for any Court to order notice of this lawsuit to Massachusetts borrowers. As for White, she necessarily has notice of both and can take advantage of the opt-out or objection mechanisms in the State Action if she chooses.

---

[1] *Compare* Mass. Gen. L. c. 106, § 9-625 ("If the collateral is consumer goods, a person that was a debtor or a secondary obligor at the time a secured party failed to comply with this part may recover for that failure in any event an amount not less than the credit service charge plus 10 per cent of the principal amount of the obligation or the time-price differential plus 10 per cent of the cash price.") *with* Mo. Ann. Stat. § 400.9-625(c)(2) ("If the collateral is consumer goods, a person that was a debtor or secondary obligor at the time a secured party failed to comply with this part may recover for that failure in any event an amount not less than the credit service charge plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price.").

White's argument that the State Action settlement is inadequate because it will only waive a portion of the putative Massachusetts class' deficiency balances is likewise baseless, as it relies on a misstatement of Massachusetts law. Massachusetts law does not preclude the recovery of a deficiency balance when a creditor violates the UCC. White's counsel has made this very argument before the Massachusetts Superior Court and failed. *See Bastian v Community Credit Union of Lynn*, C.A. No. 1982CV00719 (Norfolk Super. Ct. June 29, 2020) (denying plaintiff's motion to dismiss, observing that the defendant was "permitted to pursue a deficiency judgment" as "non-compliance with the UCC **would not** result in an outright dismissal" of such claims (emphasis added)).[2] Further, in addition to a partial balance waiver, the State Action settlement will provide each Massachusetts consumer within the class (including White) with a cash payment. Moreover, upon the effective date of the State Action settlement, no additional finance or late charges will be assessed on the class' deficiencies. *See* SA ¶ 4.2.3. The benefits undoubtedly protect and compensate Massachusetts consumers in exchange for their releases. And, in any event, White's argument seems to ignore that a settlement will nearly invariably involve a compromise of claims. White's argument that the settlement is inadequate is therefore not a reason for this Court to decline to stay this case.

---

[2] *See also, e.g., Shawmut Worcester Cty. Bank, N.A. v. Miller*, 496 N.E.2d 625, 631 (Mass. 1986) ("If the bank is not successful in demonstrating that the disposition of the collateral was commercially reasonable, the bank may still obtain a deficiency judgment in the amount of the debt owing, reduced by any loss resulting from the bank's failure to adhere to the provisions of [UCC] § 9-504(1) and (3)."); *Poti Holding Co. v. Piggott*, 444 N.E.2d 1311, 1314 (Mass. App. Ct. 1983) (permitting a creditor to recover a deficiency judgment where the fair market value was realized, even though the collateral was not sold in a commercially reasonable manner); *c.f. Cadle Co. v. Zottoli*, No. 930569, 1996 WL 1353297, at *6-7 (Mass. Super. July 25, 1996) (finding that holding creditor responsible for costs associated with a repossession and sale that did not strictly comply with Motor Vehicle Retail Installment Sales Act is a more suitable remedy for harm experienced by borrower than a total bar to creditor's recovery).

***Finally,*** in cases such as this where a parallel class action settlement is preliminarily approved and the named plaintiff is part of that settlement, stays are routinely granted to prevent piecemeal litigation and preserve judicial resources. *See* Ally Mot. at pp. 7-8, n. 4 (collecting cases). This is particularly true in situations where the plaintiff in the federal proceeding is adequately protected by the settlement and the earlier-filed proceeding is further along. *Id.* Notably, White does not cite even one case in the class context for her argument that a stay is not warranted "even where two cases address similar and/or related issues." *See* Opp. at 5 (collecting cases). Her failure to do so, or to address the other authority relied on by Ally in this very context, telegraphs the futility of her position. *See generally id.*

For the foregoing reasons, as well as those set forth in Ally's initial memorandum of law, Ally respectfully requests that the Court grant its Motion to Stay these Proceedings Pending Final Approval of Class Settlement in Parallel State Action.

Dated: April 26, 2021

                                                          Respectfully submitted,

                                                          */s/ Nellie E. Hestin*
                                                          Nellie E. Hestin (BBO # 676886)
                                                          Jared M. DeBona (*pro hac vice*)
                                                          MCGUIREWOODS LLP
                                                          Tower Two-Sixty
                                                          260 Forbes Avenue
                                                          Suite 1800
                                                          Pittsburgh, PA 15222
                                                          Phone: (412) 667-7909
                                                          E-Mail: nhestin@mcguirewoods.com

                                                          *Counsel for Defendant Ally Financial Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 26, 2021.

                                              */s/ Nellie E. Hestin*
                                              Nellie E. Hestin