IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRACIE WHITE<br>f/k/a GRACIE DORNEUS,<br>individually and on behalf of persons<br>similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC.,<br><br>Defendant. | CIVIL ACTION NO. 3:18-CV-30143-MGM<br><br>Leave to file granted April 28, 2021 |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER
STRIKING TOPICS 6-12 FROM RULE 30(b)(6) NOTICE**

Defendant Ally Financial Inc. ("Ally") hereby submits this reply in support of its Motion for Protective Order striking Topics 6-12 in Plaintiff Gracie White's Revised Notice of Taking the Deposition of Ally Financial Inc. through Designated Witnesses pursuant to Rule 30(b)(6) (the "Motion").

**I.  Plaintiff Concocts Questions Regarding the Adequacy of Ally's Discovery to Date in an Attempt to Justify Improper Topics 6-8 on Loan Servicing and Collection Databases and Systems.**

As set forth in Ally's Motion, Topics 6-8—seeking testimony on all of Ally's loan servicing and collection databases and systems over six years—are irrelevant, disproportional to the needs of the case, and improper discovery on discovery. Plaintiff attempts to convince the Court of otherwise by arguing that discovery on discovery is warranted because questions have arisen regarding the "adequacy" of Ally's discovery responses and productions to date. However, Plaintiff's argument is unsupported by the actual course of discovery thus far, and discovery on discovery is not justified.

Ally properly disclosed the evidence that it would rely on in this matter in its initial disclosures exchanged at the outset of this case, and White has not objected to those disclosures. Consistent with those disclosures, Ally has produced documents or declaration evidence in support of its defenses. Ally has also responded to interrogatories indicating what type of class data can be queried within its systems. At this stage of the proceedings, Ally's discovery responses and productions to date are proportional to the case's needs, and White's argument that Ally did not fulfill its duty "to disclose the existence of relevant evidence" falls flat. *See* Opp. at 7-8.

White's argument that Ally "flip-flopped" on whether the class is ascertainable without a file-by-file review also misstates the record and resorts to mere semantics to justify discovery into Ally's discovery responses, which is plainly improper, as Ally has not acted in bad faith. *See Alley v. MTD Prod., Inc.*, No. 3:17-CV-3, 2018 WL 4689112, at *2 (W.D. Pa. Sept. 28, 2018) (granting protective order with respect to Rule 30(b)(6) topic seeking information on defendant's systems for creating, storing, retrieving, and retaining documents where plaintiff failed to show defendant acted in bad faith). Ally has stated in verified discovery responses that it cannot determine whether a RISC contains a choice of law provision applying the laws of a state other than Massachusetts by simply querying its systems, therefore necessitating a file-by-file review. To the extent that Ally previously said "file-by-file" review rather than "some degree of file-by-file" review is of no moment. Plaintiff is in possession of what data points may or may not be electronically searched, and Topics 6-8 place an unnecessary burden on Ally grounded only in Plaintiff's unjustified suspicion that Ally is being untruthful. Indeed, that choice of law provisions are not so readily ascertained is evident by the initial class representative in this case—James Randall—a Massachusetts resident who was dismissed because a different state's laws applied to his contract. The Court should strike Plaintiff's Topics 6-8.

**II.      Plaintiff is Not Entitled to Testimony on Topics 9-12 Seeking the Memorization of Class Data and Figures.**

Plaintiff seeks the testimony in Topics 9-12 on the purported basis that she is permitted to "develop a record containing all the facts pertaining to the suggested class and its representatives." Opp. at 8.  However, all discovery, whether in a class action or otherwise, is limited by Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case." *See Mondragon v. Scott Farms, Inc.*, 329 F.R.D. 533, 542 (E.D.N.C. 2019) (citing Fed R. Civ. P. 26(b)(1)) ("While plaintiffs are generally entitled to pre-certification discovery to establish the record the court needs to determine whether the requirements for a class action suit have been met . . . this discovery is not unlimited.").  Where, as here, Rule 30(b)(6) topics seek rote memorization of data, courts routinely find that such discovery is overbroad, unduly burdensome, and disproportional to the needs of the case.  *See* Motion at 6 (collecting cases).

The cases cited by Plaintiff do not meaningfully rebut that the testimony sought through Topics 9-12 is improper Rule 30(b)(6) testimony.  The majority of the cases cited are in the context of written discovery and, even still, seek *less* information than what Plaintiff seeks through a Rule 30(b)(6) deposition.  *See* Opp. at 8-9.  Further, Plaintiff's cases are distinguishable because they did not deal with the type of information that Plaintiff is seeking through these topics.  *See id.* Plaintiff is not asking for the identification of putative class members by name, address, and phone number—though, to the extent she were, such a topic would likewise be overly burdensome and require improper rote memorization.  Instead, Plaintiff seeks a witness to memorize for the entire putative class (a) the number who signed arbitration agreements, (b) the number who filed for bankruptcy and received a discharge of any alleged deficiency balance, (c) the number against whom Ally obtained a judgment for any alleged deficiency balance, (d) the number whose vehicles were not sold by Ally, and (e) the number whose loans were not entered into in Massachusetts,

and then also to testify regarding how each of those numbers were determined. In order to compile this data, Ally would have to review its customer files to first decipher whether an individual may be in the putative class, and then determine whether the individual should be tallied in one of the categories requested. The breadth of these topics, coupled with the fact that they would require a witness to commit class data to rote memory, justifies the entry of a protective order precluding them.

Finally, Plaintiff's refrain that Ally is using discovery as a "shield and a sword" by relying on an "undisclosed review" of customer files in order to support its defenses is another misrepresentation of Ally's conduct and productions throughout this case. *See* Opp. at 9. Ally has made clear from the start that it would be relying on illustrative documents to support its defenses, and the so-called "undisclosed" review of the customer files comprising those samples has been disclosed to Plaintiff through Ally's production of sample class member documents exhibiting those very defenses. The Court should enter a protective order striking Topics 9-12.

### III. CONCLUSION

For the foregoing reasons, as well as those set forth in Ally's Motion, Ally respectfully requests that the Court grant its Motion for Protective Order striking Topics 6-12 in Plaintiff Gracie White's Revised Notice of Taking the Deposition of Ally Financial Inc. through Designated Witnesses pursuant to Rule 30(b)(6).

Respectfully submitted,

*/s/ Nellie E. Hestin*
Nellie E. Hestin (BBO # 676886)
Jared M. DeBona (*pro hac vice*)
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue
Suite 1800

                                                Pittsburgh, PA 15222
Phone: (412) 667-7909
E-Mail: nhestin@mcguirewoods.com

*Counsel for Defendant Ally Financial Inc.*

Dated: April 28, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 28, 2021.

*/s/ Nellie E. Hestin*
Nellie E. Hestin