UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GRACIE WHITE F/K/A GRACIE DORNEUS,** INDIVIDUALLY AND ON BEHALF OF PERSONS SIMILARLY SITUATED,<br><br>   PLAINTIFF,<br><br>v.<br><br>ALLY FINANCIAL INC.,<br><br>   DEFENDANT. | CASE NO. 3:18-CV-30143-MGM |

**PLAINTIFF'S ASSENTED-TO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

For the reasons set forth in her accompanying Memorandum in Support of this Motion, Plaintiff Gracie White submits this Motion and requests the following:

1. That the Court enter the attached proposed Order that preliminarily approves the proposed Class Action Settlement Agreement and Release (the "Agreement," attached as Exhibit 1 to this motion) and direct the Parties to carry out their obligations pursuant to the Agreement. As part of the Agreement, the Parties have agreed to the entry of the proposed Order. Capitalized terms in this Motion shall, unless otherwise defined herein, have the same meaning as in the Agreement.

2. That the Court conditionally appoint Ms. White as Class Representative and provisionally appoint Elizabeth Ryan and John Roddy of Bailey & Glasser LLP, and Nicholas F. Ortiz and Raven Moeslinger of the Law Office of Nicholas F. Ortiz, P.C., as Class Counsel for settlement purposes.

3. That the Court conditionally certify the following class for settlement purposes:
Every Massachusetts Consumer to whom, during the Class Period, Ally sent a notice

substantially similar to the kind of notice attached as Exhibit A to the Second Amended Complaint (i.e., a notice that did not use the term "fair market value") after the voluntary or involuntary repossession of Collateral (the "Post-Repossession Notice").

The "Class Period" is the period from and after July 16, 2014, to and including the date of the Preliminary Approval Order.

Exclusions from the Class:

>(a) any Person whose loan, promissory note, financing agreement, or installment sale contract that is or was with, assigned to, or owned by Ally ("Covered Contract") contained a choice-of-law provision selecting the law of a state or jurisdiction other than Massachusetts;

>(b) any Person who filed a Chapter 7 bankruptcy petition after Ally sent a Post-Repossession Notice to the Person and whose bankruptcy case ended in a discharge during the Class Period;

>(c) any Person who filed a Chapter 13 bankruptcy petition after Ally sent a Post-Repossession Notice to the Person and whose bankruptcy case is still pending as of the date of the Preliminary Approval Order or ended in a discharge during the Class Period; and

>(d) any Person against whom Ally obtained a deficiency judgment during the Class Period.

"Massachusetts Consumer" means any Person who was named as a borrower, co-borrower, obligor, co-obligor, buyer, co-buyer, purchaser, co-purchaser, guarantor, owner, or co-owner in a Covered Contract that was entered into in Massachusetts.

4.      That the Court adopt the following proposed schedule, the Court's calendar permitting, for completion of remaining tasks:

| ACTION | DATE |
|---|---|
| Preliminary Approval Order Entered | At the Court's Discretion |
| Deadline to Provide Electronic Class List | 10 Business Days after Court enters Preliminary Approval Order |
| Deadline to Post Class Notice, Settlement Agreement, and Preliminary Approval Order on Settlement Website | Within 30 days after Court enters Preliminary Approval Order |

| ACTION | DATE |
|---|---|
| Deadline to Mail Class Notice | Within 30 days of Ally's production of electronic Class list to Settlement Administrator |
| Opt-Out/Objection Deadline | 45 days after mailing of Class Notice |
| Deadline to file Motion for Fee Award and for Class Representative Incentive Award | Within 45 days after mailing of Class Notice and at least 15 days prior to deadline to object |
| Deadline to File List of Opt-Outs | At least 14 days prior to Final Hearing |
| Final Approval Brief and Response to Objections Due | At least 14 days prior to Final Hearing |
| Final Hearing | _____a.m./p.m. _____, 2021 (no earlier than 135 days from the Preliminary Approval Order) |

5. Plaintiff is authorized to state that Defendant Ally Financial Inc. assents to the relief sought by this Motion—*i.e.*, the entry of the Preliminary Approval Order in the form attached hereto as Exhibit 4.

6. Grounds for this Motion are set forth in the accompanying Memorandum.

7. Attached to this Motion are the following exhibits:

        Exhibit 1:    Class Action Settlement Agreement with Exhibit A

        Exhibit 2:    Affidavit of Elizabeth Ryan

        Exhibit 3:    Declaration of Nicholas F. Ortiz

        Exhibit 4:    Proposed Preliminary Approval Order

        Exhibit 5:    Proposed Final Approval Order

Dated: June 28, 2021

Respectfully submitted,

GRACIE WHITE f/k/a GRACIE DORNEUS,

By her attorneys,

*/s/ Elizabeth Ryan*
Elizabeth Ryan (BBO No. 549632)
John Roddy (BBO No. 424240)
Bailey & Glasser LLP
176 Federal Street, 5th Floor
Boston, MA 02110
(617) 439-6730 (phone)
(617) 951-3954 (fax)
eryan@baileyglasser.com
jroddy@baileyglasser.com

Raven Moeslinger (BBO # 687956)
Nicholas F. Ortiz (BBO # 655135)
Law Office of Nicholas F. Ortiz, P.C.
50 Congress Street, Suite 540
Boston, MA 02109
(617) 338-9400 (phone)
rm@mass-legal.com

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) on June 28, 2021.

                                      */s/ Elizabeth Ryan*
                                      Elizabeth Ryan