*EXHIBIT 2*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GRACIE WHITE F/K/A GRACIE DORNEUS, individually and on behalf of persons similarly situated,** | **CASE NO. 3:18-CV-30143-MGM** |
| **PLAINTIFF,** | |
| **V.** | |
| **ALLY FINANCIAL INC.,** | |
| **DEFENDANT.** | |

## AFFIDAVIT OF ELIZABETH RYAN IN SUPPORT OF PLAINTIFF'S ASSENTED-TO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Elizabeth Ryan, declare as follows:

1.     I am one of the counsel for Plaintiff in this case. I submit this affidavit in support of Plaintiff's Assented-to Motion for Preliminary Approval of Class Action Settlement.

2.     The facts contained in this Affidavit are within my personal knowledge, and I could testify to those facts if called to do so under oath.

3.     I have been admitted to practice before the Massachusetts Supreme Judicial Court since 1987, the District Court for the District of Massachusetts since 1996, and the First Circuit Court of Appeals since 1997.

4.     I am a graduate of Catholic University Law School (J.D., 1985) and the College of the Holy Cross (B.A., 1981).

5.     I have been in private practice since 1995, and virtually all of my practice has involved litigation on behalf of consumers and employees, representing individuals and classes injured by unfair and deceptive business practices or violations of the wage laws.

6.      I have been a panelist on employment law hosted by the Boston Bar Association and the American Association for Justice.

7.      Until December 2011, I was a partner in the firm Roddy Klein & Ryan, which primarily represented consumers in class actions. I am currently a partner in the firm Bailey & Glasser LLP, and have continued to practice in the area of consumer class actions.

8.      In the past 21 years, in conjunction with my law partners, I have obtained more than nine hundred sixty million dollars in restitution and debt forgiveness for consumers by successfully asserting state and federal consumer credit law claims on their behalf. Several of these cases provided 100% cash refunds to class members, a rare result in class action litigation. A partial listing of cases in which I and my firm (including my former firm, RKR) have been appointed class counsel includes the following:

*Wieland v. Bring Care Home, Inc.*, Case No. ESCV2013-01380 (Essex County, Mass.) (class action settlement for failure to pay all hours worked);

*DeVito v. Longwood Security Services, Inc.*, Case No. 1384CV1724-BLS1 (Mass. Super. Nov. 6, 2018) (class action settlement for failure to pay all hours worked);

*Szafarz v. United Parcel Service, Inc.*, Case No. SUCV2016-2094-BLS2 (Mass. Super. May 8, 2018) (state-wide class action settlement for failure to pay a minimum of three hours of reporting pay);

*Garcia v. Right at Home, Inc.*, Case No. 1584CV00808 (Suffolk County, Mass.) (class action settlement for failure to pay all hours worked);

*Fitzgerald v. The Chateau Restaurant Corp.*, Case No. 1481CV01990 (Middlesex County, Mass.) (class action settlement for failure to pay all hours worked);

*Henderson v. BNY Mellon*, Case No. 1:15-cv-10599-PBS (D. Mass.) (certified nationwide class, leading to $10.6 million nationwide class settlement on eve of trial, refunding "tax preparation" fees charged by a corporate trustee);

*Williams v. American Honda Finance Corp.*, Case No. 1:14-CV-12859-LTS (D. Mass.) ($22 million settlement for Massachusetts consumers deprived of post-default rights, obtained consumer friendly First Circuit and SJC decisions on post-repossession notice and deficiency calculation issues);

*Acosta v. Bay State Gas Co.,* Case No. 1877CV01343 (Essex County, Mass.) ($143 million settlement for residents, property owners, and businesses in Lawrence, Andover and North Andover in connection with the Merrimack Valley natural gas explosions);

*Smith v. Res-Care, Inc*., Case No. 17-C-43 (Lincoln County, W. Va.) (class action settlement for failure to timely pay discharged employees within West Virginia Wage Payment and Collection Act required time periods);

*Cullinane v. Uber Technologies, Inc.,* Case No. 1:14-cv-14750-DPW (D. Mass.) ($3 million settlement for class of Massachusetts Uber riders charged "Massport fees" which Uber did not pay to Massport; obtained consumer friendly First Circuit and SJC decisions on Uber's arbitration clause);

*Connolly v. Umpqua Bank*, Case No. 2:15-cv-00517-TSZ (W.D. Wash.) (class action settlement involving background and credit checks under the Fair Credit Reporting Act);

*Mauthe v. Versa Cardio, LLC,* Case No. 5:16-cv-00570-JLS (E.D. Pa. 2019) (class action settlement involving unsolicited fax advertisements under the Telephone Consumer Protection Act);

*Krakauer v. Dish Network,* Case No. 1:14-cv-00333-CCE (M.D.N.C.) ($61 million jury verdict for certified nationwide class of Do Not Call Registrants who were nevertheless repeatedly called by Dish marketing agents; court trebled the $20M+ verdict);

*Spence v. Cavalry Portfolio Services, LLC*, Case No. 1:14-cv-12655-PBS (D. Mass.) (class action settlement for interest charged on purchased credit card debt);

*Glover v. Bank of America, N.A.*, Case No. 13-40042-TSH (D. Mass.) (class action settlement for Massachusetts borrowers regarding late fees);

*Tadepalli v. Uber Technologies, Inc.*, Case No. 3:15-cv-04348 (N.D. Cal.) (100% refunds made in class action settlement for California Uber riders charged approximately $2.2 million in "airport fee tolls" which Uber did not pay to California airports);

*Curry v. Fairbanks Capital Corp.*, Case No. 03-10875-DPW (D. Mass.) ($55 million settlement of nationwide class action based on predatory loan servicing practices);

*In re Household Lending Litig.,* Case No. C 02-1240 CW (N.D. Cal.) ($122 million settlement of nationwide class action based on predatory mortgage lending practices);

*North Shore Auto Financing, Inc., DBA CNAC v. Block,* Case No. CV-01-42793 (Cuyahoga County, Ohio) (summary judgment obtained on behalf of two certified classes of consumer car loan borrowers: for 100% refunds of usurious amounts charged by auto lender and voiding of entire amount owed by consumers for lender's violation of retail installment sales act, approximate value of $5.5 million);

*In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig.*, Case No. 05-07097, MDL 1715 (N.D. Ill.) ($22 million class action settlement in favor of nationwide class of Ameriquest mortgage borrowers alleging predatory lending practices);

*Griffin v. American Gen. Fin.*, Case No. CV 09 685562 (Cuyahoga County, Ohio) (class action settlement for Ohio borrowers regarding refunds of unearned credit insurance premiums);

*Conley v. Sears, Roebuck & Co.*, Case No. 97-11149-PBS (D. Mass.) and *Brioso v. Sears, Roebuck & Co.*, Case No. 97-1222-CJK (Bankr. Mass.) [MDL No. 1185] (100% refunds to class members in settlement in favor of nationwide class of bankruptcy debtors, $165 million in cash provided);

*Mazola v. The May Dep't Stores Co.*, Case No. 97-10872-NG (D. Mass.) (100% refunds to class members class action settlement in favor of nationwide class of bankruptcy debtors, $17 million in cash provided);

*Fisher v. Gen. Electric Capital Corp.*, Case No. 97 C 3065 (N.D. Ill.) [MDL No. 1192] (100% refunds to class members class action settlement in favor of nationwide class of bankruptcy debtors, $30 million in cash provided);

*Powers v. Santander Consumer USA, Inc.,* Case No. 4:12-cv-11932-TSH (D. Mass.) (class action settlement on behalf of Massachusetts auto loan borrowers);

*Ross v. Citifinancial Auto Ltd.*, Case No. 12-1173-TJC (M.D. Fla.) (class action settlement in favor of state-wide class of borrowers denied consumer rights disclosures);

*Thomas v. Home Credit Corp., Inc.*, Case No. 11-CVS-1116 (Vance County, N.C.) (class action settlement in favor of state-wide class of borrowers denied consumer rights disclosures);

*Hall v. Capital One Auto Fin., Inc.*, Case No. 08-1181 (N.D. Ohio) ($37 million state-wide settlement on behalf of Ohio consumers deprived of rights under retail installment sales act);

*Brailsford v. Jackson Hewitt*, Case No. C 06-00700 CW (N.D. Cal.) (state-wide class action settlement on behalf of California purchasers of tax refund anticipation loans, coordinated with a complementary settlement obtained by the California Attorney General, encompassing broader claims concerning Jackson Hewitt's business practices);

*Mitchell v. Prestige Fin. Services,* Case No. CV2010-090395 (Maricopa County, Ariz.) (class action settlement in favor of state-wide class of borrowers denied consumer rights disclosures under Arizona UCC);

*Aponte v. Empresas Berrios,* Case No. 06-01865-ADC (D. P.R.) (class action settlement in favor of consumers subject to debt collection tactics prohibited by federal Fair Debt Collection Practices Act);

*Sanders v. NCO,* Case No. 06-11059-NMG (D. Mass.) (class action settlement in favor of consumers contacted by debt collector in violation of state and federal law);

*Jackson v. SAFCo*, Case No. 06-04561 (Broward County Ct., Fla.) (class action settlement in favor of state-wide class of borrowers whose cars were illegally repossessed);

*Grace v. Affiliated Fin.*, Case No. 05-017194 (Broward County Ct., Fla.) (class action settlement in favor of state-wide class of borrowers whose cars were illegally repossessed);

*Cummins v. H & R Block, Inc.,* Case No. 03-C-134 (Kanawha County Ct., W. Va.) (nationwide class action settlement on behalf of purchasers of tax refund anticipation loans);

*Stein, Stafford v. Schering-Plough Corp.*, Case No. 01-11923-MLW (D. Mass.) ($56 million paid to settle civil portion of qui tam claims that Schering-Plough marketed drugs off-label for uses that had not been approved by the Food & Drug Administration);

*United States ex rel. Constance Conrad v. Eon Labs, Inc.*, Case No. 02–11738–NG (D. Mass) ($3.48 million qui tam settlement resolving claims that Eon misrepresented the Medicaid eligibility of its oral nitroglycerin products);

*Clague v. FirstMerit Bank*, Case No. 03 CVF 27720 (Cuyahoga County, Ohio) ($18 million settlement on behalf of state-wide class of car owners subject to flawed repossession practices).

*Claudio v. Lance Acceptance Corp.*, Case No. 04 CVF 137406 (Lorain County, Ohio) (settlement on behalf of state-wide class of car owners subject to flawed repossession practices);

*Sanborn v. Nicholas Fin., Inc.*, Case No. 04 CVI 6969 (Cleveland Municipal Ct., Ohio) (settlement on behalf of state-wide class of car owners subject to flawed repossession practices);

*Lowe v. Ford Motor Credit*, Case No. 99 CVF 15806 (Cuyahoga County, Ohio) ($22 million class action settlement on behalf of state-wide class of borrowers whose cars were illegally repossessed);

*Cooley v. F.N.B. Corp.,* Case No. 10010 of 2003, C.A. (Lawrence County, Penn.) (certified class of consumers deprived of post-default rights, settlement for state-wide class);

*Malacky v. Huntington Nat'l Bank*, Case No. CV 03 491420 (Cuyahoga County Ct., Ohio) (class action settlement in favor of state-wide class of borrowers whose cars were illegally repossessed);

*United States ex rel. Constance Conrad v. Forest Pharmaceuticals, Inc.*, Case No. 02–11738–NG (D. Mass.) ($24.5 million paid to settle civil portion of qui tam claims that Forest sold unapproved thyroid drug);

*United States ex rel. Constance Conrad v. Schwarz Pharma Inc.*, Case No. 02–11738–NG (D. Mass.) ($22 million settlement resolving qui tam allegations that Schwarz and others submitted false quarterly reports to the government related to a pair of drugs);

*Mendez v. Island Fin. Corp.*, Case No. 03-1075-JAF (D. P.R.) (settlement of class action alleging violations of the Truth in Lending Act);

*Kent v. Western Massachusetts Electric Co*., Case No. HAMPCV 2001-00232 (Mass. Super. Ct.) (settlement of consumer claims related to utility overcharge based on misclassification of billing rate);

*Dwyer v. NSTAR, Inc.,* Case No. SUCV2001-01817 (Mass. Super. Ct.) (settlement of consumer claims related to utility overcharge based on misclassification of billing rate);

*Brown v. Gibraltar Savings Bank,* Case No. L-710-99 (Superior Court of New Jersey, Law Division, Cumberland County) and *Carrasco v. Parkway Mortgage and Fidelity Security Life Ins. Co.*, Case No. L-00-4815-99, Superior Court of New Jersey, Law Division, Camden County (consolidated class action settlement in favor of statewide class of credit insurance purchasers refunding unearned premiums);

*Lewis v. Nat'l Grid [USA], Inc.*, Case No. 01-0232 (Hampshire Super. Court, Mass.) (class action settlement in favor of regional class of utility customers);

*Torres v. Associates Fin. Services,* Case No. 03:2003 cv 01135 (D. P.R.) (class action settlement in favor of statewide class of Puerto Rico homeowners who received truth in lending disclosures which understated the cost of the loan);

*Heist v. Chase Manhattan Bank,* Case No. C-02-2380 (Frederick County Ct., Md.) (class action settlement in favor of statewide class of Chase borrowers assessed challenged inspection fees);

*Horowitz v. Boch Motor, Inc.,* Case No. 01-659 (Norfolk Super. Ct., Mass.) (settlement on behalf of statewide class of consumer car buyers for violations of law prohibiting certain practices in sale of ancillary theft deterrent products);

*Patton v. JB Robinson Jewelers, Inc.,* Case No. 97-C-4151 (N.D. Ill.) and *York v. Weisfields Jewelers, Inc.,* Case No. 98-C-5227 (N.D. Ill.) (class action settlement in favor of nationwide class of financed jewelry purchasers);

*Migut v. Tandy Corp.*, Case No. 97-C-4800 (N.D. Ill.)  (class action settlement in favor of nationwide class of bankruptcy debtors);

*Donlevy v. First Commercial Mortgage Co., Inc.,* Case No. 96-11401-GAO (D. Mass.) (class action settlement in favor of nationwide class of consumer mortgage borrowers);

*Coppola v. Wendover Funding, Inc.,* Case No. 96-11458-PBS (D. Mass.) (class action settlement in favor of nationwide class of consumer mortgage borrowers);

*McKay v. ContiMortgage Corp.*, Case No. 96-10717-EFH (D. Mass.) (class action settlement in favor of nationwide class of consumer mortgage borrowers);

*Mogavero v. Matrix Fin. Services, Corp.,* Case No. 96-11149-GAO (D. Mass.)  and [consolidated] *Limper v. Matrix Fin. Services, Corp.*, Case No. 96-CVH-022 (C.P., Ottawa

County Ct., Ohio) (class action settlement in favor of national class of consumer mortgage borrowers);

      *Davis v. GE Capital Mortgage Services, Inc.,* Case No. 95-2043 (D. N.J.) (class action settlement in favor of national class of consumer mortgage borrowers);

      *Dunmire v. Domestic Loan and Investment Bank, et al.,* Case No. 95-12617-JLT, (D. Mass.) (class action settlement in favor of regional class of consumer mortgage borrowers);

      *Dwyer v. Barco Auto Leasing Corp., Barron Chevrolet, Inc., and Bernardi, Inc.,* Case No.  95-10888-WGY (D. Mass.) (class action settlement as to the defendants Barron and Bernardi in favor of statewide class of consumer lessees of motor vehicles);

      *Black v. Mitsubishi Motors Credit of America, Inc.,* Case No. 94C-3055, (N.D. Ill.) (class action settlement in favor of national class of consumer lessees of Mitsubishi motor vehicles);

      *Roach v. Colonial Nat'l Bank and Advanta Mortgage Corp., USA*, Case No. 93-3542 (Suffolk Super. Ct., Mass.) (class action settlement in favor of statewide class of consumer mortgage borrowers);

      *Coley v. Guarantee Trust Life Ins. Co.,* Case No. 99-006680 (Cir. Ct. of Cook County Ill., Chancery Div.) (class certified in favor of statewide class of credit insurance purchasers refunding unearned premiums);

      *Hodo v. Fin. Enterprises Corp.*, Case No. 93-2861 (Suffolk Super. Ct., Mass.) (multi-plaintiff settlement in favor of elderly eastern Massachusetts consumer mortgage borrowers.

      9.     My partner John Roddy, who is also working on this case, has been admitted to practice before the Massachusetts Supreme Judicial Court since 1980 and the District Court for the District of Massachusetts and the First Circuit Court of Appeals since 1981.

      10.    Mr. Roddy is also partner at Bailey & Glasser LLP. He has been in private practice since 1988, and virtually all of his practice has involved litigation on behalf of consumers, representing individuals and classes injured by predatory lending, abusive debt collection and other unfair and deceptive business practices.

      11.    Mr. Roddy is a graduate of Boston College Law School (J.D., cum laude, 1980) and the University of Massachusetts at Amherst (B.A., magna cum laude, 1976).

      12.    From 1980-1987 Mr. Roddy served as an Assistant Attorney General in the

Massachusetts Attorney General's Office.  From 1980-1985, as an attorney in the Consumer

Protection Division, he enforced state and federal consumer protection laws on behalf of

Massachusetts consumers.  During his tenure he litigated approximately thirty class action type

lawsuits to successful conclusion.  These lawsuits challenged unfair and deceptive business

practices which harmed hundreds and sometimes thousands of consumers.  From 1986-1987 he

was Legislative Counsel to the Attorney General, in the office's Executive Bureau. Mr. Roddy

has written and spoken extensively on consumer law and specifically on consumer class action

litigation.

13.     Mr. Roddy has written and spoken extensively on consumer law and specifically

on consumer class action litigation, including the following:

"HomeCorps ~ Federal Court Practice: Representing Homeowners in Economic Distress" (National Consumer Law Center, Jan. 2016);

"Food Labeling Litigation" (MBA Consumer Advocacy Symposium, Nov. 2015);

"Class Action Settlements: Innovative Approaches to Class Notice, Objector Litigation, and Mediation" (Boston Bar Association, May 2014);

"The Evolution of Arbitration" in *Consumer Financial Services Institute* (Practising Law Institute, Feb. 2010);

"Fallout From The Subprime Mortgage Crisis" U.S. Bankruptcy Court Foreclosure Mediation Symposium, June 2009);

"Foreclosure Avoidance Strategies" Suffolk University Law School, Center for Advanced Legal Studies, May 2008);

"A Brief History of Refund Anticipation Loan Litigation" in *Consumer Financial Services Litigation Institute* (Practising Law Institute, Mar. 2006);

"Class Actions In Bankruptcy Court: Jurisdiction and Remedial Issues" in *Consumer Financial Services Litigation* (Practising Law Institute, Apr. 2002);

"The Crossroads of Privacy and Credit: Class Liability Under the Fair Credit Reporting Act" in *Consumer Financial Services Litigation* (Practising Law Institute, Apr. 2001);

"Unrefunded Credit Insurance Premiums: A Multi-Million Dollar Constructive Trust" in *Consumer Financial Services Litigation* (Practising Law Institute, Apr. 2000);

"Measuring Liability for the Sale of Ancillary Products: Credit Insurance" in *Banking and Consumer Financial Services Summit* (Fulcrum Information Services, Nov. 1999);

"Remedies For Systemic Violations Of The Bankruptcy Discharge" in *Consumer Financial Services Litigation* (Practising Law Institute, Apr. 1999);

"Deconstructing TILA" 14 *Review of Banking and Financial Services* 87 (May 1998);

"Reversing Field: Is There A Trend Toward Abrogating Truth in Lending?" in *Consumer Financial Services Litigation* (Practising Law Institute, May 1998);

"Reaffirmation Abuses: Class Remedies," in *Consumer Financial Services Litigation* (Practising Law Institute, Dec. 1997);

"Developments in Residential Mortgage Litigation," 13 *Review of Banking and Financial Services* 83 (Apr. 1997);

"Yield Spread Premium Upselling and Mortgage Payoff Fees," in *Consumer Financial Services Litigation* (Practising Law Institute, Apr. 1997);

Contributor, *Consumer Law Pleadings,* Volumes 9 (2003); 8 (2002); 5 (1999), 3 (1997) and 1 (1995), National Consumer Law Center (annual compendium of pleadings from significant consumer litigation nationwide);

"Residential *Mortgage* Litigation," in *Financial Services Litigation* (Practising Law Institute, 1996) (with Daniel A. Edelman);

Contributor, *Truth in Lending*, National Consumer Law Center (3d. Ed. 1995);

"Truth in Lending Rescission as Foreclosure Defense" in National Consumer Rights Litigation Conference (published materials, National Consumer Law Center, 1994).

14.    Class Counsel believe that the Agreement between the parties is fair and reasonable and in the best interests of the Class. Counsel's reasons for this belief are set forth in the Memorandum of Law filed with Motion for Preliminary Approval.

15.    Class counsel conducted sufficient investigation and the litigation was sufficiently advanced to allow counsel to evaluate the merits of the case, and the value of potential recovery. Specifically, the parties have engaged in extensive discovery, both written discovery and depositions, have briefed a motion to remand, a motion to dismiss, a motion to certify an interlocutory appeal, a motion to compel discovery, a motion to amend the answer to add a counterclaim, and a motion for class certification. The litigation has been pending for nearly three years.

16.    Plaintiff entered into settlement negotiations with substantial information about the nature and extent of the factual allegations and legal claims. All parties participated in an all-

9

day mediation session August 2020. That mediation did not yield an immediate deal, but rather convinced the Parties that more litigation was necessary. After more than nine months of additional litigation which featured various contested motions and written discovery and depositions, the Parties renewed their attempts to settle this case. After obtaining sufficient information to meaningfully discuss resolution of the case, the Parties, through counsel, engaged in arm's length negotiations. The negotiations were productive and substantive, including discussions about the merits of Plaintiff's claims, and the repossession notices and damages at issue, and they ultimately resulted in the settlement before this Court. In the weeks that followed, the Parties continued to negotiate the terms of the agreement.

17.     The proposed Agreement provides monetary benefits directly to the Class, benefits that may not be available in the event of continued litigation.

Signed under the penalties of perjury this 28th day of June 2021.


*/s/ Elizabeth Ryan*
Elizabeth Ryan