UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRACIE WHITE f/k/a GRACIE DORNEUS, INDIVIDUALLY AND ON BEHALF OF PERSONS SIMILARLY SITUATED,<br><br>PLAINTIFF,<br><br>v.<br><br>ALLY FINANCIAL INC.,<br><br>DEFENDANT. | CASE NO. 3:18-CV-30143-MGM |

ORDER PRELIMINARILY APPROVING SETTLEMENT

Upon consideration of the Parties' Class Action Settlement Agreement and Release dated June 24, 2021 (the "Agreement") and the papers and argument submitted in support of approval of the Agreement, IT IS HEREBY ORDERED AS FOLLOWS:

1. Capitalized terms in this Preliminary Approval Order shall, unless otherwise defined in it, have the same meaning as in the Agreement.

2. For purposes of the settlement, this Court provisionally certifies the following Class:

> Every Massachusetts Consumer to whom, during the Class Period, Ally sent a notice substantially similar to the kind of notice attached as Exhibit A to the Second Amended Complaint (i.e., a notice that did not use the term "fair market value") after the voluntary or involuntary repossession of Collateral (the "Post-Repossession Notice").
>
> The "Class Period" is the period from and after July 16, 2014, to and including the date of the Preliminary Approval Order.
>
> Exclusions from the Class:

      (a) any Person whose loan, promissory note, financing agreement, or installment sale contract that is or was with, assigned to, or owned by Ally ("Covered Contract") contained a choice-of-law provision selecting the law of a state or jurisdiction other than Massachusetts;

      (b) any Person who filed a Chapter 7 bankruptcy petition after Ally sent a Post-Repossession Notice to the Person and whose bankruptcy case ended in a discharge during the Class Period;

      (c) any Person who filed a Chapter 13 bankruptcy petition after Ally sent a Post-Repossession Notice to the Person and whose bankruptcy case is still pending as of the date of the Preliminary Approval Order or ended in a discharge during the Class Period; and

      (d) any Person against whom Ally obtained a deficiency judgment during the Class Period.

"Massachusetts Consumer" means any Person who was named as a borrower, co-borrower, obligor, co-obligor, buyer, co-buyer, purchaser, co-purchaser, guarantor, owner, or co-owner in a Covered Contract that was entered into in Massachusetts.

3. If, for any reason, the settlement is not approved or does not become effective, this provisional certification shall be null and void and shall not be used or referred to for any purpose in this Litigation or any other proceeding.

4. For settlement purposes only, and subject to further consideration at the Final Hearing described in Paragraph 19 below, the Court preliminarily finds that the Class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(3).

5. For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Final Hearing, Gracie White is conditionally designated as representative of the Class and Class Counsel is conditionally appointed as counsel for the Class. The law firms and attorneys conditionally representing the Class are:

      Elizabeth A. Ryan
      John Roddy
      Bailey & Glasser LLP
      176 Federal Street, 5th Floor
      Boston, MA 02110

       Nicholas F. Ortiz
       Raven Moeslinger
       Law Office OF Nicholas F. Ortiz, P.C.
       50 Congress Street, Suite 540
       Boston, MA 02109

6.Pursuant to Fed. R. Civ. P. 23, the terms of the settlement Agreement, and the settlement provided for in it, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Litigation, (b) free of collusion, and (c) within the range of possible final judicial approval, subject to further consideration at the Final Hearing described at Paragraph 19 of this Preliminary Approval Order. Accordingly, the Agreement warrants the sending of notice to the Class and a full hearing on the proposed settlement.

7.The Parties are hereby directed to follow the terms of the Agreement. Pursuant to the Agreement, the Court appoints First Class, Inc. to be the Settlement Administrator to help implement the terms of the Agreement.

8.The Settlement Administrator is authorized to establish a Qualified Settlement Fund (QSF) and QSF Account, in accordance with the terms of the Agreement, for purposes of carrying out the terms of the Agreement.

9.Within ten (10) Business Days after the Court enters the Preliminary Approval Order, Ally will provide the Settlement Administrator with an electronic list of Class Members and their last known addresses. Within 30 days of the receipt of the electronic list of Class Members and their last known addresses from Ally, and pursuant to the procedures detailed in the Agreement, the Settlement Administrator shall provide notice of the proposed settlement and the Final Hearing to each Class Member by mailing the Class Notice, substantially in the form attached to the Agreement as Exhibit A. Before mailing, the Settlement Administrator shall fill in

all applicable deadlines to conform to the deadlines specified for those events in this Preliminary Approval Order. The Settlement Administrator shall also have discretion to format the Class Notice in a reasonable manner before mailing to minimize mailing or administration costs.

10. The Settlement Administrator shall also post the Class Notice and other documents, including the Agreement and this Preliminary Approval Order, on the Settlement Website within thirty (30) days after the Court enters this Preliminary Approval Order.

11. If any Class Notice is returned as undeliverable, the Settlement Administrator shall re-mail the Class Notice to the forwarding address, if any, provided on the face of the returned mail; and if no address is provided, the Settlement Administrator shall seek an updated address in accordance with Paragraph 14.3 of the Agreement.

12. On or before the date of the Final Hearing, Class Counsel will file with the Court an affidavit from the Settlement Administrator verifying that the Class Notices have been duly sent by first-class mail to the Class Members, the Class Notice and other settlement documents have been duly posted on the Settlement Website and have been accessible to the Class Members, and the procedures for returned Class Notices in Paragraph 14.3 of the Agreement have been fully performed.

13. The Court finds that the Agreement's plan for Class Notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notice complies with Fed. R. Civ. P. 23 and is appropriate as part of the notice plan and the settlement, and thus it is hereby approved and adopted. This Court further finds that no other notice, other than that identified in the Agreement, is reasonably necessary.

14. Any Class Member who wishes to be excluded from the Class must complete and mail a request for exclusion to the Settlement Administrator at the address contained in the Class Notice, postmarked no later than 45 days from date of mailing of the Class Notice and containing the information described in the Class Notice, as required by Paragraph 8 of the Agreement, after which no Class Member may request to be excluded from the Class. No Person shall purport to exercise any exclusion rights of any other Person; any such purported exclusion requests shall be void, and the Class Members who are the subject of the purported request shall be treated as a Class Member. Any Class Member who opts out will not have standing to object to the settlement and will not be entitled to any of the benefits of the settlement.

15. At least 14 days before the Final Hearing, Class Counsel and Ally's Counsel shall file with the Court a list of the Persons who validly and timely Opted Out of the Class.

16. Any Class Member who does not opt out and who wishes to object to or comment on any aspect of the proposed settlement must mail or hand-deliver a written objection to the Court and mail it to Class Counsel and Ally's Counsel no later than 45 days from the date that Class Notice is sent (as evidenced by a postmark or similar proof), after which no Class Member may object. The objection must include the information described by the Class Notice, as required by Paragraph 9 of the Agreement. Objections that are untimely or otherwise invalid may not be considered by this Court unless the Court orders otherwise.

17. After the deadline for Opt-Out requests, Class Members shall be preliminarily enjoined from initiating or prosecuting any other action, suit, or proceeding in any forum or before any governmental authority, either individually or as part of or on behalf of a class or in any other capacity, based on or alleging any Released Claim, pending the entry of the Final Approval Order and the Final Judgment or a final order denying approval of the Agreement.

18. The Class Representative is preliminarily enjoined from initiating or prosecuting any other action, suit, or proceeding in any forum or before any governmental authority, either individually or as part of or on behalf of a class or in any other capacity, based on or alleging any Released Claim or Class Representative Additional Released Claim, pending the entry of the Final Approval Order and the Final Judgment or a final order denying approval of the Agreement.

19. The Final Hearing shall be held before the undersigned at __2:00__ a.m./(p.m). on __Nov. 22__, 2021, in the United States District Court for the District of Massachusetts, Hampden Courtroom __, 300 State Street, Springfield, MA 01105, to determine, among other things, whether the proposed settlement should be approved as fair, reasonable, and adequate, in consideration of the factors in Rule 23(e)(2), whether the Litigation should be dismissed with prejudice pursuant to the terms of the Agreement, whether Class Members should be bound by the release set forth in the Agreement, whether Class Members should be subject to a permanent injunction that bars them from initiating or prosecuting any action, suit, or proceeding in any forum or before any governmental authority, either individually or as part of or on behalf of a class or in any other capacity, based on or alleged any Released Claim, whether the Class should be finally certified, the amount of attorneys' fees and costs to be awarded to Class Counsel, if any, and the amount to be awarded to the Class Representative for her service as class representative, if any. This hearing may be postponed by order of the Court without further written notice to the Class.

20. The memorandum in support of the settlement shall be filed with the Court no later than 14 days before the Final Hearing described in Paragraph 19 above. The memorandum in support of the application for attorneys' fees and costs ("Fee Award"), and applications for an

6

Incentive Award to the Class Representative shall be filed with the Court no later than 45 days after the Class Mail Notice is sent and at least 15 days prior to the deadline to object to the Agreement.

21.     Any Class Member who wishes to appear at the Final Hearing, whether pro se or through counsel, must file a notice of appearance in the Litigation, and send the notice to Class Counsel and Ally's Counsel no later than 30 days (as evidenced by a postmark or similar proof) before the Final Hearing described in Paragraph 19 above. No Class Member shall be permitted to raise matters at the Final Hearing that the Class Member could have raised in an objection but did not.

22.     All other events contemplated by the Agreement to occur after this Preliminary Approval Order and before the Final Hearing, and all aspects of settlement administration during that time, shall be governed by the Agreement.

23.     The Parties shall notify one another and work together to resolve any matters involved in settlement administration that materially affect the Class.

24.     All proceedings in the Litigation, other than as necessary to carry out the Agreement, are stayed until further order of this Court.

25.     If final approval of the settlement is not achieved, or if the settlement is terminated for any reason, the settlement and all related proceedings shall be without prejudice to the status quo ante rights of the Parties, and all orders issued pursuant to the settlement will be void. If that happens, the settlement and all negotiations about it shall not be used or referred to in this Litigation for any purpose whatsoever. This Preliminary Approval Order shall be of no force or effect if final approval does not occur for any reason, and nothing in this Preliminary Approval Order shall be construed or used as an admission, concession, or declaration by or

against Ally of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used to show that certification of one or more classes would or would not be appropriate if the Litigation were to be litigated rather than settled.  This Preliminary Approval Order hereby incorporates Paragraph 13 of the Agreement.

26. Neither the settlement nor the Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Litigation or of any wrongdoing, liability, or violation of law by Ally, which denies all of the claims and allegations raised in the Litigation.

27. At or after the Final Hearing, the Court may approve the settlement with such modifications, if any, as may be agreed to by the Parties and without future notice to Class Members.

## DEADLINES

| ACTION | DATE |
|---|---|
| Preliminary Approval Order Entered | At the Court's Discretion |
| Deadline to Provide Electronic Class List | 10 Business Days after Court enters Preliminary Approval Order |
| Deadline to Post Class Notice, Settlement Agreement, and Preliminary Approval Order on Settlement Website | Within 30 days after Court enters Preliminary Approval Order |
| Deadline to Mail Class Notice | Within 30 days of Ally's production of electronic Class list to Settlement Administrator |
| Opt-Out/Objection Deadline | 45 days after mailing of Class Notice |
| Deadline to file Motion for Fee Award and for Class Representative Incentive Award | Within 45 days after mailing of Class Notice and at least 15 days prior to deadline to object |
| Deadline to File List of Opt-Outs | At least 14 days prior to Final Hearing |

| ACTION | DATE |
|---|---|
| Final Approval Brief and Response to Objections Due | At least 14 days prior to Final Hearing |
| Final Hearing | _2:00_ a.m./(p.m.) _11/22_, 2021 (no earlier than 135 days from the Preliminary Approval Order) |

SO ORDERED, on this, the _30_ day of _June_ 2021.

_____
HONORABLE MARK G. MASTROIANNI
UNITED STATES DISTRICT JUDGE

9