UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GRACIE WHITE F/K/A GRACIE DORNEUS, INDIVIDUALLY AND ON BEHALF OF PERSONS SIMILARLY SITUATED,**<br><br>**PLAINTIFF,**<br><br>v.<br><br>**ALLY FINANCIAL INC.,**<br><br>**DEFENDANT.** | CASE NO. 3:18-CV-30143-MGM<br><br>**[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT, AND JUDGMENT OF DISMISSAL** |

Plaintiff Gracie White ("Plaintiff" or "Class Representative") has submitted an Unopposed Motion for Final Approval of Settlement Agreement (the "Final Approval Motion"), which seeks final approval of the Parties' Class Action Settlement Agreement and Release (the "Agreement").

This Court preliminarily approved the Agreement by order dated June 30, 2021. Notice was then sent to all members of the Class.

This Court has reviewed the papers filed in support of the Final Approval Motion, including the Agreement, memoranda and arguments submitted on behalf of the Class, and supporting affidavits. The Court held a hearing on November 22, 2021, at which the Parties and all other interested persons were heard with respect to the proposed settlement.

Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court finds that the Agreement is fair, adequate, and reasonable, in accordance with Rule 23(e)(2) of the Federal Rules of Civil Procedure, and in the best interests of the Class. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Final Order Approving Class Action Settlement and Judgment of Dismissal ("Final Approval Order") incorporates by reference all definitions in the Agreement, and all terms used in this order shall have the same meanings set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including all Class Members.

3. Pursuant to Rule 23(b)(3), the Court certifies the following Class for purposes of settlement only:

> Every Massachusetts Consumer to whom, during the Class Period, Ally sent a notice substantially similar to the kind of notice attached as Exhibit A to the Second Amended Complaint (i.e., a notice that did not use the term "fair market value") after the voluntary or involuntary repossession of Collateral (the "Post-Repossession Notice").
>
> The "Class Period" is the period from and after July 16, 2014, to and including the date of the Preliminary Approval Order.
>
> Exclusions from the Class:
>
> > (a) any Person whose loan, promissory note, financing agreement, or installment sale contract that is or was with, assigned to, or owned by Ally ("Covered Contract") contained a choice-of-law provision selecting the law of a state or jurisdiction other than Massachusetts;
> >
> > (b) any Person who filed a Chapter 7 bankruptcy petition after Ally sent a Post-Repossession Notice to the Person and whose bankruptcy case ended in a discharge during the Class Period;
> >
> > (c) any Person who filed a Chapter 13 bankruptcy petition after Ally sent a Post-Repossession Notice to the Person and whose bankruptcy case is still pending as of the date of the Preliminary Approval Order or ended in a discharge during the Class Period; and
> >
> > (d) any Person against whom Ally obtained a deficiency judgment during the Class Period.
>
> "Massachusetts consumer" means any Person who was named as a borrower, co-borrower, obligor, co-obligor, buyer, co-buyer, purchaser, co-purchaser, guarantor, owner, or co-owner in a Covered Contract that was entered into in

2

Massachusetts.

4. For settlement purposes only, this Court finds that the Class satisfies the applicable prerequisites for class action treatment under Rule 23, and more specifically that: (a) the Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims of the Class Representative are typical of the claims of the Class; (d) the Class Representative will fairly and adequately protect the interests of the Class; (e) the questions of law or fact common to Class Members predominate over the questions affecting only individual members, and (f) certification of the Class is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to the Court's Preliminary Approval Order, the approved Class Notice was mailed to the Class. The Court has determined that the notice given to members of the Class fully and accurately informed members of the Class of all material elements of the proposed settlement; constituted valid, due, and sufficient notice to all members of the Class; and fully complied with Rule 23(c)(2)(B) and all the requirements of due process.

6. The Court finds that the notice required by the Class Action Fairness Act (28 U.S.C. § 1715) was served by Ally.

7. The Court, having considered the relevant papers, including Plaintiff's Final Approval Motion and any objections filed by Class Members, finds that this settlement, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interests of the Class. The Court therefore grants final approval of the settlement of this Litigation in accordance with the terms of the Agreement.

8. The Court orders the Parties to perform their obligations under the Agreement.

9. The Court dismisses the Litigation, and all claims and causes of action asserted in it, on the merits and with prejudice. This dismissal is without costs to any Party, except as

3

specifically provided in the Agreement.

10. This Final Approval Order is binding on all Class Members.

11. The Releasors are permanently barred and enjoined from initiating or prosecuting any action, suit, or proceeding in any forum or before any governmental authority, either individually or as part of or on behalf of a class or in any other capacity, based on or alleging any Released Claim.

12. The Class Representative is further permanently enjoined and barred from initiating or prosecuting any action, suit, or proceeding in any forum or before any governmental authority, either individually or as part of or on behalf of a class or in any other capacity, based on or alleging any Class Representative Additional Released Claim.

13. The Class Representative and all Class Members shall, to the extent provided in Paragraph 5 of the Agreement, be deemed to have released and discharged Ally and all other Released Persons from all Released Claims as provided in the Agreement. This Final Approval Order incorporates the injunctions, covenants not to sue, and related provisions of Paragraph 5 of the Agreement.

14. Without affecting the finality of this Final Approval Order in any way, the Court retains continuing and exclusive jurisdiction over the Agreement, the settlement reflected in the Agreement, the QSF, and the QSF Account, including their administration, enforcement, and consummation.

15. If a condition described in Paragraph 12 of the Agreement is not and cannot reasonably be satisfied, the Agreement, the Term Sheet, and all of the orders and judgments entered or to be entered under the Agreement or the Term Sheet will be void *ab initio* and totally vacated, abrogated, and annulled so as to return the Parties to their positions before the execution

4

of the Agreement and the Term Sheet as if neither had been executed, with all the pre-settlement rights, remedies, objections, arguments, defenses, and positions of each Party fully restored. In addition, in such a case, the Agreement, the Term Sheet, and all matters arising out of, relating to, or connected with any of them (including the matters described in Paragraph 1.2 of the Agreement) will be without prejudice to the Parties, matters described in Paragraph 1.2 of the Agreement will not be admissible, an admission of, or used against any Party, and no doctrine of waiver, estoppel, or preclusion will be asserted in the Litigation or any other action, suit, or proceeding of any kind.

16. The Plaintiff and Class Counsel moved for an award of attorneys' fees and costs in the amount of $2.5 million. The Court approved Class Counsel's request for attorneys' fees, costs, and expenses in the amount of $2.5 million, finding that amount to be fair and reasonable. ECF # 125. By that Order the Court also approved the requested Incentive Award of $7,500 for Ms. White. *Id.* The Court directs the Settlement Administrator to disburse these amounts from the Cash Fund as provided in the Agreement.

17. The Court approves the proposed *cy pres* recipients: Tasks for Transit, Springfield Partners for Community Action transportation services, and St. Francis House, which shall each receive an equal share of any *cy pres* funds in accordance with the Settlement Agreement.

18. The Court approves the appointment of American Legal Claims Services LLC to complete the administration of the Settlement.

19. Neither this Final Approval Order nor the Agreement is an admission or concession by Ally of any fault, omission, liability, or wrongdoing. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Litigation or a determination of any wrongdoing by Ally. The final approval of the Agreement does not constitute any opinion,

position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Class Members or Ally.

SO ORDERED, on this, the 22 day of November 2021.

_____
HONORABLE MARK G. MASTROIANNI
UNITED STATES DISTRICT JUDGE